**GRIFFIN HAMERSKY P.C.**
485 Madison Avenue, 7th Floor
New York, New York 10022
Telephone: (212) 710-0338
Facsimile:  (212) 710-0339
Scott A. Griffin
Michael D. Hamersky

Proposed Counsel for the Debtor
and Debtor in Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                              :
In re:                                                        :   Chapter 11
                                                              :
FILMED ENTERTAINMENT INC.,                                    :
                                                              :   Case No. 15-_____(   )
                        Debtor.[1]                            :
                                                              :
-------------------------------------------------------------X

**DEBTOR'S MOTION FOR AN ORDER PURSUANT TO SECTION 521 OF THE
BANKRUPTCY CODE, AND BANKRUPTCY RULES 1007(c) AND 9006(b)
GRANTING AN EXTENSION OF TIME TO FILE ITS STATEMENT OF
FINANCIAL AFFAIRS AND SCHEDULES OF ASSETS AND LIABILITIES**

The debtor and debtor in possession in the above-captioned case (the "Debtor") hereby moves (the "Motion") for entry of an order, pursuant to section 521 of title 11 of the United States Code (the "Bankruptcy Code"), and Rules 1007(c) and 9006(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") granting the Debtor a fourteen (14) day extension of time to file its statements of financial affairs and schedules of assets and liabilities (collectively, the "Schedules and Statements").

In support of the Motion, the Debtor relies upon and incorporates by reference the *Affidavit of Glenn Langberg*, filed under Local Bankruptcy Rule 1007-2 in support of the Debtor's chapter 11 petition and various first day applications and motions (the "Affidavit"),

---

[1]   The last four digits of the Debtor's federal tax identification number are 3867.

filed with the Court concurrently herewith. In further support of the Motion, the Debtor respectfully represents:

### Jurisdiction

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this case and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are section 521 of the Bankruptcy Code, and Bankruptcy Rules 1007(c) and 9006(b).

### Background

3. On the date hereof (the "Petition Date"), the Debtor filed a voluntary petition (the "Chapter 11 Case") in this Court for relief under chapter 11 of the Bankruptcy Code.

4. The Debtor continues to manage and operate its business as a debtor in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

5. The factual background regarding the Debtor, including its operations, its capital and debt structure, and the events leading to the filing of this Chapter 11 Case, is set forth in detail in the Affidavit, which is fully incorporated herein by reference.[2]

### Relief Requested

6. By this Motion, the Debtor seeks entry of an Order extending the time for it to file its Schedules and Statements for an additional fourteen (14) days pursuant to Bankruptcy Rules 1007(c) and 9006(b), without prejudice to the Debtor's ability to request additional time should it become necessary. If the relief requested herein is granted, the Debtor

---

[2] Capitalized terms used herein, but not otherwise defined, shall have the meanings ascribed to them in the Affidavit.

2

will coordinate with the United States Trustee (the "U.S. Trustee"), and any official committee appointed in this Chapter 11 Case, to ensure that an initial section 341 meeting of creditors is timely held, by making sufficient financial data and creditor information available.

## Basis for Relief

7.  The Debtor has begun compiling the information that will be required to complete the Schedules and Statements. However, the Debtor has not yet finished this process, as it does not have employees of its own, but instead is working with Bookspan LLC ("Bookspan"), its affiliate, who maintains and controls substantially all of the Debtor's books and records pursuant to a services agreement between the parties.

8.  Pursuant to section 521 of the Bankruptcy Code and Bankruptcy Rule 1007(c), the Debtor is required to file the Schedules and Statements within fourteen (14) days after the Petition Date. Given the numerous matters that the Debtor must address in the initial phase of the Chapter 11 Case, the volume of information that must be included in the Schedules and Statements, and its lack of any employees, the Debtor anticipates that it will be unable to complete its Schedules and Statements within fourteen (14) days after the Petition Date. The Debtor, however, believes that working together with Bookspan it can complete its Schedules and Statements within the extension period requested herein.

9.  Bankruptcy Rules 1007(c) and 9006(b) grant this Court authority to extend the time required for filing the Schedules and Statements "for cause." Bankruptcy Rule 1007(c) provides that "any extension of time to file schedules, statements, and other documents . . . may be granted only on motion for cause shown and on notice to the United States trustee, any committee . . . trustee, examiner, or other party as the court may direct." Fed. R. Bankr. P. 1007(c).

3

10. The Debtor submits that the vast amount of information that it must assemble and compile, and the number of Debtor and professional hours required to complete the Schedules and Statements, constitute good and sufficient cause for granting the requested extension of time.

11. Additionally, the Debtor respectfully submits that focusing its attention on vital operational issues during the initial phases of the Chapter 11 Case will help the Debtor make a smooth and orderly transition into Chapter 11, which will ultimately maximize the value of the Debtor's estate for the benefit of creditors and all parties in interest.

12. Courts have routinely granted debtors the same or substantially similar relief to that requested in this Motion. See, e.g., In re dELiA*s, Inc., Case No. 14-236787 (RDD) (Bankr. S.D.N.Y. Dec. 10, 2014); In re Nautilus Holdings Limited, Case No. 14-22885 (RDD) (Bankr. S.D.N.Y. June 25, 2014) (granting 30-day extension); In re Dewey & LeBoeuf LLP, Case No. 12-12321 (MG) (Bankr. S.D.N.Y. May 29, 2012) (granting 45-day extension); In re Wellman, Inc., Case No. 08-10595 (SMB) (Bankr. S.D.N.Y. Feb. 26, 2008) (granting 60-day extension); In re Quebecor World (USA), Inc., Case No. 08-10152 (JMP) (Bankr. S.D.N.Y. Mar. 20, 2008) (granting 90-day extension); and In re Bally Total Fitness of Greater N.Y., Inc., Case No. 07-12395 (BRL) (Bankr. S.D.N.Y. Aug. 1, 2007) (granting 75-day extension).

13. Accordingly, the Debtor submits that its request for a 14-day extension of time to file the Schedules and Statements, without prejudice to request further extensions, is consistent with precedent and is appropriate and warranted under the circumstances.

**Immediate Relief Is Necessary to Avoid Immediate and Irreparable Harm**

14. Bankruptcy Rule 6003 provides that the relief requested in this Motion may be granted if the "relief is necessary to avoid immediate and irreparable harm." Fed. R.

Bankr. P. 6003. The Second Circuit has interpreted the language "immediate and irreparable harm" in the context of preliminary injunctions. In that context, the Second Circuit instructed that irreparable harm "'is a continuing harm which cannot be adequately redressed by final relief on the merits' and for which 'money damages cannot provide adequate compensation.'" Kamerling v. Massanari, 295 F.3d 206, 214 (2d Cir. 2002) (quoting N.Y. Pathological & X-Ray Labs., Inc. v. INS, 523 F.2d 79, 81 (2d Cir. 1975)). Further, the "harm must be shown to be actual and imminent, not remote or speculative." Id. at 214. See also Rodriguez v. DeBuono, 175 F.3d 227, 234 (2d Cir. 1998). The Debtor submits that for the reasons set forth above, the relief requested in this Motion is necessary to avoid immediate and irreparable harm as defined by the Second Circuit.

**Notice**

15. Notice of this Motion has been provided either by facsimile, electronic transmission, overnight delivery, or hand delivery to: (i) the United States Trustee; (ii) the United States Attorney for the Southern District of New York; (iii) the Internal Revenue Service; (iv) the New York State Department of Taxation and Finance; (v) the Securities and Exchange Commission; (vi) the parties listed on the Debtor's List of Creditors Holding the 20 Largest Unsecured Claims filed pursuant to Bankruptcy Rule 1007(d); (vii) all parties listed on the Debtor's list of creditors holding the top five (5) largest secured claims under Schedule B of the Affidavit; and (vii) any parties required to be served under any applicable Bankruptcy Rule or Local Rule. The Debtor submits that, under the circumstances, no other or further notice is necessary.

**No Prior Request**

16. No prior request for the relief requested herein has been made to this or any other Court.

**Conclusion**

**WHEREFORE**, the Debtor respectfully requests this Court enter an order, substantially in the form annexed hereto as Exhibit "A", granting the relief requested in this Motion and such other and further relief as may be just and proper.

Dated:   New York, New York
        August 10, 2015

GRIFFIN HAMERSKY P.C.

By: /s/ Scott A. Griffin
Scott A. Griffin
Michael D. Hamersky
485 Madison Avenue, 7th Floor
New York, New York 10022
Telephone: (212) 710-0338
Facsimile: (212) 710-0339

Proposed Counsel for the Debtor
and Debtor in Possession