**GRIFFIN HAMERSKY P.C.**
485 Madison Avenue, 7th Floor
New York, New York 10022
Telephone: (212) 710-0338
Facsimile:  (212) 710-0339
Scott A. Griffin
Michael D. Hamersky

Proposed Counsel for the Debtor
and Debtor in Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                              :
In re:                                                        :    Chapter 11
                                                              :
FILMED ENTERTAINMENT INC.,                                    :
                                                              :    Case No. 15-_____( )
                                    Debtor.[1]                :
                                                              :
-----------------------------------------------------------------X

## DEBTOR'S MOTION FOR INTERIM AND FINAL ORDERS PURSUANT TO BANKRUPTCY CODE SECTIONS 105(a), 506(a), 507(a)(8), 541, 1107(a), 1108 AND 1129 AUTHORIZING, BUT NOT DIRECTING, THE DEBTOR TO PAY CERTAIN PREPETITION TAXES AND RELATED OBLIGATIONS

The debtor and debtor in possession in the above-captioned case (the "Debtor") hereby moves (the "Motion") for entry of interim and final orders, pursuant to sections 105(a), 506(a), 507(a)(8), 541, 1107(a), 1108 and 1129 of title 11 of the United States Code (the "Bankruptcy Code"), (A) authorizing, but not directing, the Debtor to pay prepetition sales, use, and other taxes and related obligations, and (B) scheduling a final hearing to be held on or after a date that is twenty-one (21) days after the date of this Motion.

In support of the Motion, the Debtor relies upon and incorporates by reference the *Affidavit of Glenn Langberg,* filed under Local Bankruptcy Rule 1007-2 in support of the Debtor's chapter 11 petition and various first day applications and motions (the "Affidavit"),

---

[1]   The last four digits of the Debtor's federal tax identification number are 3867.

filed with the Court concurrently herewith. In further support of this Motion, the Debtor respectfully represents:

### Jurisdiction and Venue

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of this case and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are sections 105(a), 506(a), 507(a)(8), 541, 1107(a), 1108 and 1129 of the Bankruptcy Code.

### Background

3. On the date hereof (the "Petition Date"), the Debtor filed a voluntary petition (the "Chapter 11 Case") in this Court for relief under chapter 11 of the Bankruptcy Code.

4. The Debtor continues to manage and operate its business as a debtor in possession under sections 1107 and 1108 of the Bankruptcy Code.

5. The factual background regarding the Debtor, including its operations, its capital and debt structure, and the events leading to the filing of this Chapter 11 Case, is set forth in detail in the Affidavit, which is deemed fully incorporated herein by reference.[2]

### Relief Requested

6. By this Motion, the Debtor seeks entry of interim and final orders, pursuant to sections 105(a), 506(a), 507(a)(8), 541, 1107(a), 1108 and 1129 of the Bankruptcy Code, (i) authorizing, but not directing, it to pay prepetition sales, use, and other taxes and

---

[2] Capitalized terms used herein, but not otherwise defined, shall have the meanings ascribed to them in the Affidavit.

2

similar obligations (collectively, the "Taxes"), to the respective taxing or other appropriate authorities (the "Taxing Authorities") in the ordinary course of the Debtor's business, including, but not limited to, the payment of Taxes relating to tax audits that have been completed, or are in progress or arise from prepetition periods; and (ii) authorizing the Debtor's banks to receive, process, honor and pay all checks, drafts, wires or automated clearing house transfers ("ACH Transfers") drawn or issued on the Debtor's bank accounts in respect of such Taxes (in accordance with the other orders issued by this Court), provided that sufficient funds are on deposit in the applicable accounts to cover such payments. Such relief will be without prejudice to the Debtor's right to contest the amounts of any Taxes on any grounds it deems appropriate.

**Basis for Relief**

7.      The Debtor, in the ordinary course of its business, incurs various Taxes, including state and local sales and use tax liabilities. Sales and use taxes accrue as the Debtor sells merchandise and are calculated on the basis of statutorily mandated percentages of the price at which the Debtor's merchandise is sold. In some cases, sales and use taxes are paid in arrears once collected by the Debtor.

8.      Certain jurisdictions, however, require the Debtor to remit estimated sales and use taxes and similar collections on a periodic basis during the month or quarter in which sales are made. The Taxing Authority then "trues up" any deficiency or surplus on the date on which the taxes are actually due.

9.      Prior to the Petition Date, the Debtor was, for the most part, current on its obligations with respect to these Taxes. Notwithstanding, the attached Exhibit "A" sets forth the Taxing Authorities and any Taxes that the Debtor estimates may be currently due and owing.

10. Certain Taxing Authorities may not have been paid or have been sent checks for Taxes that may not yet have been presented or cleared as of the Petition Date. Similarly, in other cases, obligations have accrued or are accruing, or are subject to audit or review, but have not yet become due and payable. Accordingly, the Debtor seeks authorization for its banks to honor prepetition checks issued by the Debtor to the Taxing Authorities in payment of prepetition Taxes that, as of the Petition Date, have not cleared or been transferred. In addition, to the extent the Debtor has not yet sought to remit payment to the Taxing Authorities with respect to certain Taxes, the Debtor seeks authorization to issue checks or provide for other means of payment to the Taxing Authorities as necessary to pay the Taxes.

11. Finally, the Debtor seeks an order authorizing all banks to receive, process, honor and pay all checks, drafts, wires or ACH Transfers drawn or issued on the Debtor's bank accounts in respect of such Taxes (in accordance with the other orders issued by this Court), whether presented before or after the Petition Date, provided that sufficient funds are on deposit in the applicable accounts to cover such payments.

Payment of the Taxes, In the Debtor's Discretion, Is Appropriate
Pursuant to Sections 506(a), 507(a)(8) and 1129 of the Bankruptcy Code

12. To the extent that the Taxes are priority claims under section 507(a)(8) of the Bankruptcy Code, or secured claims under section 506(a) of the Bankruptcy Code, their payment should be authorized on the basis that they are required to be paid in full in any event as a condition to satisfying the plan confirmation requirements contained in section 1129 of the Bankruptcy Code.[3]

---

[3] The Debtor believes that a significant portion of the Taxes would constitute priority or secured claims.

13. If the Taxes are deemed priority claims, section 1129(a)(9)(C) of the Bankruptcy Code requires that they be paid through regular installment payments: (i) of a total value, as of the effective date of the plan, equal to the allowed amount of each such claim; (ii) over a period not exceeding five years after the Petition Date; and (iii) in a manner no less favorable than the most favored nonpriority unsecured claim provided for by the plan (other than a convenience class under section 1122(b)). See 11 U.S.C. § 1129(a)(9)(C).

14. If the Taxes are deemed secured claims that would (but for such secured status) come within section 507(a)(8) of the Bankruptcy Code, then section 1129(a)(9)(D) of the Bankruptcy Code requires that the holders of such claims receive regular installment payments: (i) of a total value, as of the effective date of the plan, equal to the allowed amount of each such claim; (ii) over a period not exceeding five years after the Petition Date; and (iii) in a manner no less favorable than the most favored nonpriority unsecured claim provided for by the plan (other than a convenience class under section 1122(b) of the Bankruptcy Code). See 11 U.S.C. § 1129(a)(9)(D) (referring back to 11 U.S.C. § 1129(a)(9)(C)).

15. Because the Taxes likely constitute either priority claims under section 507(a)(8) of the Bankruptcy Code or secured claims under section 506(a) of the Bankruptcy Code, the Debtor's payment of the Taxes now will mostly affect only the timing of the payments to, and not the amounts to be received by, the Taxing Authorities. Moreover, by paying legitimate tax claims now, the Debtor will avoid any unnecessary fees, interest or penalties that might otherwise accrue. Other creditors and parties in interest, therefore, will not be prejudiced if the relief sought herein is granted by this Court.

>The Debtor Should Be Authorized to Pay the Taxes
>Pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code

16. The Debtor, operating its business as a debtor in possession under sections 1107(a) and 1108 of the Bankruptcy Code, "is a fiduciary holding the bankruptcy estate and operating the business for the benefit of creditors and (if the value justifies) equity owners." In re CoServ, L.L.C., 273 B.R. 487, 497 (Bankr. N.D. Tex. 2002). Implicit in the duties of a chapter 11 debtor in possession is the duty "to protect and preserve the estate, including an operating business's going-concern value." Id.

17. Courts have noted that there are instances in which a debtor in possession can fulfill its fiduciary duty "only . . . by the preplan satisfaction of a prepetition claim." Id. The CoServ court specifically noted that preplan satisfaction of prepetition claims would be a valid exercise of a debtor's fiduciary duty when the payment "is the only means to effect a substantial enhancement of the estate," and also when the payment was to "sole suppliers of a given product." Id. at 497–98. The court provided a three-pronged test for determining whether a preplan payment on account of a prepetition claim was a valid exercise of a debtor's fiduciary duty:

> First, it must be critical that the debtor deal with the claimant. Second, unless it deals with the claimant, the debtor risks the probability of harm, or, alternatively, loss of economic advantage to the estate or the debtor's going concern value, which is disproportionate to the amount of the claimant's prepetition claim. Third, there is no practical or legal alternative by which the debtor can deal with the claimant other than by payment of the claim.

Id. at 498.

18. Payment of the Taxes meets each element of the CoServ court's standard. As described above, the Taxing Authorities likely hold secured or priority claims against the Debtor for the Taxes, and they may institute costly audits and litigation if the Taxes are not paid.

6

The time and expense that would need to be devoted to any audit or litigation instituted by a Taxing Authority over unpaid Taxes would most likely significantly outweigh any cost savings from the temporary non-payment of such Taxes, and would likely negatively impact the Debtor's efficient administration of this Chapter 11 Case.  Among other things, the Debtor anticipates that the Taxing Authorities would act precipitously in the event that the Taxes were not paid, perhaps even filing liens, instituting audits, moving for relief from the automatic stay, and creating numerous other administrative issues.  The potential harm and economic disadvantage that would stem from the failure to pay the Taxes is clearly disproportionate to the amount of any prepetition claim that may be paid.

19.    With respect to each Taxing Authority, the Debtor has examined other options short of actual payment of the Taxes and has determined that to avoid significant disruption of the Debtor's operations there exists no practical or legal alternative to payment of the Taxes.  Therefore, the Debtor believes that it can only meet its fiduciary duties as a debtor in possession under sections 1107(a) and 1108 of the Bankruptcy Code by payment of the Taxes, in the Debtor's discretion.

Payment of the Taxes Is Authorized By Section 105
of the Bankruptcy Code and the Doctrine of Necessity

20.    Finally, the Debtor's proposed payment of the Taxes should be authorized under section 105 of the Bankruptcy Code and the "doctrine of necessity".[4]

---

[4] The Court's power to use the doctrine of necessity in chapter 11 cases derives from the Court's inherent equity powers and its statutory authority to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). The United States Supreme Court first articulated the doctrine of necessity over a century ago, in Miltenberger v. Logansport Railway, 106 U.S. 286 (1882), in affirming the authorization by the lower court of the use of receivership funds to pay pre-receivership debts owed to employees, vendors and suppliers, among others, when such payments were necessary to preserve the receivership property and the integrity of the business in receivership. See id. at 309–14. The modern application of the doctrine of necessity is largely unchanged from the Supreme Court's reasoning in Miltenberger. See In re Lehigh & N.E. Ry. Co., 657 F.2d 570, 581–82 (3d Cir. 1981) ("[I]n order to justify
*(cont'd)*

7

21. The doctrine of necessity is a well-settled principle that permits a bankruptcy court to authorize payment of certain prepetition claims prior to the completion of the reorganization process where the payment of such claims is necessary to the reorganization. See In re Just For Feet, Inc., 242 B.R. 821, 826 (Bankr. D. Del. 1999) (stating that where the debtor "cannot survive" absent payment of certain prepetition claims, the doctrine of necessity should be invoked to permit payment); see also In re NVR L.P., 147 B.R. 126, 127 (Bankr. E.D. Va. 1992) ("[T]he court can permit the pre-plan payment of a pre-petition obligation when essential to the continued operation of the debtor."); In re Eagle-Picher Indus., Inc., 124 B.R. 1021, 1023 (Bankr. S.D. Ohio 1991) ("[T]o justify payment of a pre-petition unsecured creditor, a debtor must show that the payment is necessary to avert a serious threat to the chapter 11 process.").

22. The doctrine of necessity is a widely accepted component of modern bankruptcy jurisprudence. See Just For Feet, 242 B.R. at 826 (approving payment of key inventory suppliers' prepetition claims when such suppliers could destroy debtor's business by refusing to deliver new inventory on eve of debtor's key sales season); In re Payless Cashways, Inc., 268 B.R. 543, 546–47 (Bankr. W.D. Mo. 2001) (authorizing payment of critical prepetition suppliers' claims when such suppliers agree to provide postpetition trade credit); see also In re Columbia Gas Sys., Inc., 171 B.R. 189, 191–92 (Bankr. D. Del. 1994) (discussing the necessity of payment doctrine as the applicable standard for the case); In re Ionosphere Clubs, Inc., 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989).

23. The Debtor submits that payment of the Taxes is necessary to preserve the value of the Debtor's estate, as well as to avoid the cost and expense of potential audits and/or

---

*(cont'd from previous page)*
    payment under the 'necessity of payment' rule, a real and immediate threat must exist that failure to pay will place the [debtor's] continued operation . . . in serious jeopardy.").

8

litigation regarding the Taxes. Therefore, such payment should be authorized under section 105 of the Bankruptcy Code and the doctrine of necessity.

### Immediate Relief Is Necessary to Avoid Immediate and Irreparable Harm

24. Rule 6003 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") provides that the relief requested in this Motion may be granted if the "relief is necessary to avoid immediate and irreparable harm." Fed. R. Bankr. P. 6003. The Second Circuit has interpreted the language "immediate and irreparable harm" in the context of preliminary injunctions. In that context, the Second Circuit explained that irreparable harm "'is a continuing harm which cannot be adequately redressed by final relief on the merits' and for which 'money damages cannot provide adequate compensation.'" Kamerling v. Massanari, 295 F.3d 206, 214 (2d Cir. 2002) (quoting N.Y. Pathological & X-Ray Labs., Inc. v. INS, 523 F.2d 79, 81 (2d Cir. 1975)). Further, the "harm must be shown to be actual and imminent, not remote or speculative." Id.; see also Rodriguez v. DeBuono, 175 F.3d 227, 234 (2d Cir. 1998). Failure to pay outstanding tax liabilities may result in the various taxing authorities charging additional penalties and interests, as well as obtaining statutory liens against the Debtor's property. Due to the Debtor's liquidity issues, any additional imposition of fees will severely impact the Debtor's cash flow.

25. The Debtor estimates that approximately $14,100 in tax payments to various Taxing Authorities must be made within the first thirty days following the Petition Date. For the reasons set forth herein, the Debtor submits that the relief requested in this Motion is necessary to avoid immediate and irreparable harm, as defined by the Second Circuit, and should be granted.

26.    Courts have routinely granted business debtors the same or substantially similar relief to that requested in this Motion.  See, e.g., In re NII Holdings, Inc., et al., Case No. 14-12611 (SCC) (Bankr. S.D.N.Y. Sept. 16 2014 (interim order) and Oct. 14, 2104 (final order)); In re Sbarro LLC, Case No. 14-10557 (MG) (Bankr. S.D.N.Y. Mar. 12, 2014 (interim order) and Apr. 7, 2014 (final order)); In re RDA Holding Co., Case No. 13-22233 (RDD) (Bankr. S.D.N.Y. Feb. 21, 2013 (interim order) and Mar. 25, 2013 (final order)) (same); In re LightSquared, Inc., Case No. 12-12080 (SCC) (Bankr. S.D.N.Y. May 16, 2012 (interim order) and June 11, 2012 (final order)) (same); In re Eastman Kodak Co., 12-10202 (ALG) (Bankr. S.D.N.Y. Jan. 19, 2012 (interim order) and Feb. 15, 2012 (final order)) (same); In re Dewey & LeBoeuf LLP, Case No. 12-12321 (MG) (Bankr. S.D.N.Y. May 29, 2012); In re Fortunoff Fine Jewelry & Silverware, LLC et al., Case No. 08-10353 (JMP) (Bankr. S.D.N.Y. Feb. 29, 2008).

27.    The Debtor submits that the present circumstances warrant similar relief in this Chapter 11 Case.

28.    Nothing in this Motion shall be construed as impairing the Debtor's right to contest the amount, classification or allowability of any Taxes asserted in this Chapter 11 Case.

**Waiver of Stay Under Bankruptcy Rule 6004(h)**

29.    The Debtor also requests that the Court waive the stay imposed by Bankruptcy Rule 6004(h), which provides that "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise."  As described above, the relief that the Debtor seeks in this Motion is immediately necessary for the Debtor to be able to continue to operate in chapter 11 and preserve value for its estate and creditors.  The Debtor respectfully requests that the Court

10

waive the fourteen-day stay imposed by Bankruptcy Rule 6004(h), as the exigent nature of the relief sought herein justifies immediate relief.

30. Any objection to the relief requested in this Motion on a final basis must (a) be filed in writing with the Court, at One Bowling Green, New York, NY 10004-1408, by 4:00 p.m. (New York time) on the date that is 21 days after the entry of the interim order (the "Objection Deadline") and (b) be served so as to be actually received by the following parties by the Objection Deadline: (i) the Debtor; (ii) counsel to the Debtor, Griffin Hamersky P.C., 485 Madison Avenue, 7th Floor, New York, NY 10022, Attn: Scott A. Griffin, Esq. and Michael D. Hamersky, Esq.; (iii) the United States Trustee, Attn: Andrea Schwartz, Esq., U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY 10014; (iv) the parties listed on the Debtor's List of Creditors Holding the 20 Largest Unsecured Claims filed pursuant to Bankruptcy Rule 1007(d), or if any official committee of unsecured creditors has been appointed, counsel to such committee; (v) all parties listed on the Debtor's list of creditors holding the top five (5) largest secured claims under Schedule B of the Affidavit; and (vi) counsel to any other official committee appointed in this Chapter 11 Case.

31. If any objections are timely filed and received, the Debtor requests that a hearing should be held to consider such objections at the first regularly scheduled omnibus hearing in this Chapter 11 Case. The Debtor further requests that the interim order should remain in effect until such hearing.

32. If no objections are timely filed and served as set forth herein, the proposed interim order should be deemed a final order with no further notice or opportunity to be heard afforded to any party.

**Notice**

33. Notice of this Motion has been provided either by facsimile, electronic transmission, overnight delivery, or hand delivery to: (i) the United States Trustee; (ii) the United States Attorney for the Southern District of New York; (iii) the Internal Revenue Service; (iv) the New York Department of Finance and Taxation; (v) the Securities and Exchange Commission; (vi) the parties listed on the Debtor's List of Creditors Holding the 20 Largest Unsecured Claims filed pursuant to Bankruptcy Rule 1007(d); (vii) all parties listed on the Debtor's list of creditors holding the top five (5) largest secured claims under Schedule B of the Affidavit; (viii) the Debtor's prepetition banking institutions; (ix) any relevant tax authorities; and (x) any parties required to be served under any applicable Bankruptcy Rule or Local Rule. The Debtor submits that, under the circumstances, no other or further notice is necessary.

**No Prior Request**

34. No previous request for the relief sought herein has been made to this or any other Court.

*(Concluded on Following Page)*

**Conclusion**

**WHEREFORE**, the Debtor respectfully requests this Court enter interim and final orders, substantially in the forms annexed hereto as Exhibits "B" and "C", respectively, granting the relief requested in this Motion and such other and further relief as may be just and proper.

Dated: New York, New York
August 10, 2015

GRIFFIN HAMERSKY P.C.

By: /s/ Scott A. Griffin
Scott A. Griffin
Michael D. Hamersky
485 Madison Avenue, 7th Floor
New York, New York 10022
Telephone: (212) 710-0338
Facsimile: (212) 710-0339

Proposed Counsel for the Debtor
and Debtor in Possession