Pg 1 of 9

**GRIFFIN HAMERSKY P.C.**
485 Madison Avenue, 7th Floor
New York, New York 10022
Telephone: (212) 710-0338
Facsimile:  (212) 710-0339
Scott A. Griffin
Michael D. Hamersky

Proposed Counsel for the Debtor
and Debtor in Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
                                                                :
In re:                                                          :    Chapter 11
                                                                :
FILMED ENTERTAINMENT INC.,                                      :
                                                                :    Case No. 15-_____( )
                      Debtor.[1]                                :
                                                                :
---------------------------------------------------------------X

**DEBTOR'S MOTION FOR AN ORDER PURSUANT TO SECTIONS 105(a), 362, 365
AND 525 OF THE BANKRUPTCY CODE ENFORCING AND
RESTATING AUTOMATIC STAY AND *IPSO FACTO* PROVISIONS**

The debtor and debtor in possession in the above-captioned case (the "Debtor") hereby moves (the "Motion") for entry of an order, pursuant to sections 105(a), 362, 365 and 525 of title 11 of the United States Code (the "Bankruptcy Code"), enforcing and restating the automatic stay and *ipso facto* provisions of the Bankruptcy Code.

In support of the Motion, the Debtor relies upon and incorporates by reference the *Affidavit of Glenn Langberg*, filed under Local Bankruptcy Rule 1007-2 in support of the Debtor's chapter 11 petition and various first day applications and motions (the "Affidavit"), filed with the Court concurrently herewith. In further support of the Motion, the Debtor respectfully represents:

---

[1]    The last four digits of the Debtor's federal tax identification number are 3867.

**Jurisdiction and Venue**

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this case and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are sections 105(a), 362, 365, and 525 of the Bankruptcy Code.

**Background**

3. On the date hereof (the "Petition Date"), the Debtor filed a voluntary petition (the "Chapter 11 Case") in this Court for relief under chapter 11 of the Bankruptcy Code.

4. The Debtor continues to manage and operate its business as a debtor in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

5. The factual background regarding the Debtor, including its operations, its capital and debt structure, and the events leading to the filing of this Chapter 11 Case, is set forth in detail in the Affidavit, which is fully incorporated herein by reference.[2]

**Relief Requested**

6. By this Motion, the Debtor seeks entry of an order pursuant to sections 105(a), 362, 365 and 525 of the Bankruptcy Code enforcing and restating the automatic stay and *ipso facto* provisions of the Bankruptcy Code. The relief requested herein will help facilitate the Debtor's orderly entry into chapter 11 and will help avoid disruptions and distractions that could divert the Debtor's attention from more pressing matters during the initial phase of this Chapter 11 Case.

---

[2] Capitalized terms used herein, but not otherwise defined, shall have the meanings ascribed to them in the Affidavit.

2

7. The Debtor engages third-party vendors nationwide to provide it with goods and services in the ordinary course of its business. These third-party vendors include contract counterparties that, pursuant to their respective agreements with the Debtor, ship its DVDs for ultimate distribution to the Debtor's customers – members in its DVD club. Many of the goods and services provided by the Debtor's various third-party vendors are essential to the continued operation of its business.

8. The Debtor believes that a number of its vendor-creditors and contract counterparties are unfamiliar with the scope of a debtor in possession's authority to conduct its business while operating under chapter 11, and would therefore be hesitant to continue their respective business relationships with the Debtor, postpetition. Moreover, many of these creditors and contract counterparties may be unaware of specific Bankruptcy Code provisions and, accordingly, may be unfamiliar with the operation of the automatic stay and other provisions of the Bankruptcy Code.

9. Therefore, it is possible that certain creditors may attempt to seize the Debtor's assets upon learning of the Chapter 11 Case. The Debtor expects that an order from the Bankruptcy Court will prevent such a seizure, and preempt further disputes before this Court.

10. Additionally, counterparties to leases and executory contracts may attempt to terminate those leases or contracts pursuant to *ipso facto* provisions in contravention of section 365 of the Bankruptcy Code. A clarifying order of this Court should dissuade contract counterparties from attempting to terminate their contracts, thereby leaving the Debtor with sufficient time to evaluate those contracts for eventual assumption or termination, where appropriate.

11. Accordingly, the relief requested herein is necessary to protect the Debtor from any action in contravention of the automatic stay provided by section 362 of the Bankruptcy Code, and improper contract termination in contravention of section 365 of the Bankruptcy Code.

## Basis for Relief

### Automatic Stay and *Ipso Facto* Provisions of the Bankruptcy Code

12. As a result of the commencement of this Chapter 11 Case, and by operation of law pursuant to section 362 of the Bankruptcy Code, the automatic stay enjoins all persons from, among other things, taking any action to obtain possession of property of the estate or to exercise control over property of the estate. See 11 U.S.C. § 362(a)(3). The injunction contained in section 362 of the Bankruptcy Code constitutes a fundamental protection for debtors, which, in combination with other provisions of the Bankruptcy Code, provides this Debtor with a "breathing spell from its creditors" that is essential to the Debtor's ability to reorganize successfully. See, e.g., Shugrue v. Air Line Pilots Ass'n, Int'l (In re Ionosphere Clubs, Inc.), 922 F.2d 984, 989 (2d Cir. 1990) (internal citations omitted).

13. Given its fundamental importance to a debtor's reorganization, courts broadly construe the stay provisions of section 362 of the Bankruptcy Code. As such, the stay has been held to preclude unilateral actions by non-debtor parties to terminate contracts without court order. See, e.g., Fed. Ins. Co. v. Sheldon, 150 B.R. 314, 319-20 (S.D.N.Y. 1993) (termination of insurance contract void because it violated automatic stay); Wegner Farms Co. v. Merchants Bonding Co. (In re Wegner Farms Co.), 49 B.R. 440, 442-45 (Bankr. N.D. Iowa 1985) (unilateral termination of bond violated automatic stay).

14. Additionally, section 365(e)(1)(B) of the Bankruptcy Code prohibits counterparties to contracts with a debtor from terminating contracts because of a debtor's

4

bankruptcy filing. Section 365(e)(l)(B) of the Bankruptcy Code provides, subject to certain limited exceptions, that:

> [n]otwithstanding a provision in an executory contract or unexpired lease, or in applicable law, an executory contract or unexpired lease of the debtor may not be terminated or modified, and any right or obligation under such contract or lease may not be terminated or modified, at any time after the commencement of the case solely because of a provision in such contract or lease that is conditioned on . . . the commencement of a case under this title.

11 U.S.C. § 365(e)(1)(B). Thus, section 365(e) of the Bankruptcy Code invalidates so-called "*ipso facto*" provisions, which provide for the termination of a contract upon a bankruptcy filing.[3]

15. The application of the protections afforded a debtor by sections 362 and 365 of the Bankruptcy Code is automatic with the filing of a chapter 11 petition. See 11 U.S.C. § 362(a)(3) ("a petition filed under section 301 . . . of this title . . . operates as a stay applicable to all entities, of [, among other things,] any act to obtain possession over property of the estate or property of the estate or to exercise control over property of the estate"); 11 U.S.C. § 365(e)(1)(B) ("any right or obligation under [an executory contract or unexpired lease of the debtor] may not be terminated or modified, at any time after the commencement of the case solely because of" an *ipso facto* provision).

16. In addition, section 525 of the Bankruptcy Code prohibits and enjoins any and all governmental units from, among other things: (a) denying, revoking, suspending or refusing to renew any license, permit, charter, franchise or other similar grant to the Debtor; (b) placing conditions upon such a grant to the Debtor; or (c) discriminating against the Debtor with respect to such a grant, solely because the Debtor is a debtor under the Bankruptcy Code, may

---

[3] Indeed, under section 541(c) of the Bankruptcy Code, these contracts become property of a debtor's estate wherever located notwithstanding any *ipso facto* provision. 11 U.S.C. § 541(c); see, e.g., In re Alert Holdings, Inc., et al., 148 B.R. 194, 203 (Bankr. S.D.N.Y. 1992) ("an executory contract is property of the estate protected by the automatic stay").

5

have been insolvent before the commencement of the Chapter 11 Case or is insolvent during the pendency of this Chapter 11 Case or has not paid a dischargeable debt. See 11 U.S.C. § 525.

### The Relief Requested Should Be Granted Pursuant to Section 105(a) of the Bankruptcy Code

17. Section 105(a) of the Bankruptcy Code authorizes the Court to issue "any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). The purpose of section 105(a) is to ensure a bankruptcy court's power to take whatever action "is appropriate or necessary in aid of the exercise of [its] jurisdiction." 2 Collier on Bankruptcy ¶ 105.01 (Alan N. Resnick & Henry J. Sommer eds., 15th ed. rev.).

18. Notwithstanding the fundamental nature of the automatic stay and *ipso facto* protections, and the fact that they arise as a matter of law upon the commencement of a chapter 11 case, not all parties affected by the commencement of a chapter 11 case are aware of the aforementioned Bankruptcy Code provisions. Nor are all parties cognizant of the significance and impact of these provisions. Accordingly, it is not uncommon for a bankruptcy court to issue an order embodying and restating the provisions of sections 362, 365 and 525 of the Bankruptcy Code. Courts have routinely granted the same or substantially similar relief to that requested in this Motion. See In re NII Holdings, Inc., et al., Case No. 14-12611 (SCC) (Bankr. S.D.N.Y. Sept. 16, 2014); In re Newland Int'l Props., Corp., Case No. 13-11396 (MG) (Bankr. S.D.N.Y May 1, 2013); In re TBS Shipping Services Inc., Case No. 12-22224 (RDD) (Bankr. S.D.N.Y. Feb. 8, 2012); In re Almatis B.V., Case No. 10-12308 (MG) (Bankr. S.D.N.Y. May 17, 2010); In re Oldco M Corporation (f/k/a Metaldyne Corporation), Case No. 09-13412 (MG) (Bankr. S.D.N.Y. May 29, 2009); In re Chrysler LLC, Case No. 09-50002 (AJG) (Bankr. S.D.N.Y. May 4, 2009).

6

19. Even though the type of order sought by this Motion is not necessary to trigger the protections afforded the Debtor by sections 362, 365 and 525 of the Bankruptcy Code, the entry of such order will be helpful in persuading its creditors, contract counterparties and other parties in inerest not well-versed in the chapter 11 process of the existence and broad scope of these protections. Accordingly, the Debtor respectfully requests that this Court issue an order, which substantially restates the applicable provisions of sections 362, 365 and 525 of the Bankruptcy Code. Granting the relief requested herein will facilitate a smooth and orderly transition for the Chapter 11 Case and minimize the disruption of the Debtor's business affairs.

20. Based upon the foregoing, the Debtor submits that the relief requested herein is necessary, appropriate, and in the best interests of the Debtor's estate, and should therefore be granted.

**Immediate Relief Is Necessary to Avoid Immediate and Irreparable Harm**

21. Bankruptcy Rule 6003 provides that the relief requested in this Motion may be granted if the "relief is necessary to avoid immediate and irreparable harm." Fed. R. Bankr. P. 6003. The Second Circuit has interpreted the language "immediate and irreparable harm" in the context of preliminary injunctions. In that context, the Second Circuit instructed that irreparable harm "'is a continuing harm which cannot be adequately redressed by final relief on the merits' and for which 'money damages cannot provide adequate compensation.'" Kamerling v. Massanari, 295 F.3d 206, 214 (2d Cir. 2002) (quoting N.Y. Pathological & X-Ray Labs., Inc. v. INS, 523 F.2d 79, 81 (2d Cir. 1975)). Further, the "harm must be shown to be actual and imminent, not remote or speculative." Id. at 214. See also Rodriguez v. DeBuono, 175 F.3d 227, 234 (2d Cir. 1998). The Debtor submits that for the reasons set forth herein, the relief requested in this Motion is necessary to avoid immediate and irreparable harm as defined by the Second Circuit.

7

**Notice**

22. Notice of this Motion has been provided either by facsimile, electronic transmission, overnight delivery, or hand delivery to: (i) the United States Trustee; (ii) the United States Attorney for the Southern District of New York; (iii) the Internal Revenue Service; (iv) the New York State Department of Taxation and Finance; (v) the Securities and Exchange Commission; (vi) the parties listed on the Debtor's List of Creditors Holding the 20 Largest Unsecured Claims filed pursuant to Bankruptcy Rule 1007(d); (vii) all parties listed on the Debtor's list of creditors holding the top five (5) largest secured claims under Schedule B of the Affidavit; and (viii) any parties required to be served under any applicable Bankruptcy Rule or Local Rule. The Debtor submits that, under the circumstances, no other or further notice is necessary.

**No Prior Request**

23. No prior request for the relief requested herein has been made to this or any other Court.

*(Concluded on Following Page)*

**Conclusion**

**WHEREFORE**, the Debtor respectfully requests this Court enter an order, substantially in the form annexed hereto as Exhibit "A", granting the relief requested in this Motion and such other and further relief as may be just and proper.

Dated: New York, New York
August 10, 2015

GRIFFIN HAMERSKY P.C.

By: /s/ Scott A. Griffin
Scott A. Griffin
Michael D. Hamersky
485 Madison Avenue, 7th Floor
New York, New York 10022
Telephone: (212) 710-0338
Facsimile: (212) 710-0339

Proposed Counsel for the Debtor
and Debtor in Possession