**GRIFFIN HAMERSKY P.C.**
485 Madison Avenue, 7th Floor
New York, New York 10022
Telephone: (212) 710-0338
Facsimile: (212) 710-0339
Scott A. Griffin
Michael D. Hamersky

Proposed Counsel for the Debtor
and Debtor in Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
In re:                                                           :    Chapter 11
                                                                 :
FILMED ENTERTAINMENT INC.,                                       :
                                                                 :    Case No. 15-_____( )
                              Debtor.[1]                         :
                                                                 :
-----------------------------------------------------------------X

# DEBTOR'S MOTION FOR INTERIM AND FINAL ORDERS PURSUANT TO SECTIONS 363(c)(1)AND 503(b)(1)(A) OF THE BANKRUPTCY CODE (I) GRANTING ADMINISTRATIVE EXPENSE PRIORITY STATUS TO UNDISPUTED OBLIGATIONS ARISING FROM THE POSTPETITION DELIVERY OF GOODS AND SERVICES ORDERED PREPETITION; AND (II) AUTHORIZING THE DEBTOR TO PAY SUCH OBLIGATIONS IN THE ORDINARY COURSE OF BUSINESS

The debtor and debtor in possession in the above-captioned case (the "Debtor") hereby moves this Court (the "Motion") for entry of interim and final orders, pursuant to sections 363(c)(1) and 503(b)(1)(A) of title 11 of the United States Code (the "Bankruptcy Code"), (A)(i) granting administrative priority expense status to undisputed obligations arising from the postpetition delivery of goods and services ordered prepetition, and (ii) authorizing, but not directing, the Debtor to pay such obligations in the ordinary course of business, and (B) scheduling a final hearing to be held on or after a date that is twenty-one (21) days after the date of this Motion.

---

[1] The last four digits of the Debtor's federal tax identification number are 3867.

In support of the Motion, the Debtor relies upon and incorporates by reference the *Affidavit of Glenn Langberg*, filed under Local Bankruptcy Rule 1007-2 in support of the Debtor's chapter 11 petition and various first day applications and motions (the "Affidavit"), filed with the Court concurrently herewith. In further support of the Motion, the Debtor respectfully represents:

## Jurisdiction and Venue

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this case and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are sections 363(c)(1) and 503(b)(1)(A) of the Bankruptcy Code.

## Background

3. On the date hereof (the "Petition Date"), the Debtor filed a voluntary petition (the "Chapter 11 Case") in this Court for relief under chapter 11 of the Bankruptcy Code.

4. The Debtor continues to manage and operate its business as a debtor in possession under sections 1107 and 1108 of the Bankruptcy Code.

5. The factual background regarding the Debtor, including its operations, its capital and debt structure, and the events leading to the filing of this Chapter 11 Case, is set forth in detail in the Affidavit, which is deemed fully incorporated herein by reference.[2]

---

[2] Capitalized terms used herein, but not otherwise defined, shall have the meanings ascribed to them in the Affidavit.

**Relief Requested**

6. By this Motion, the Debtor seeks entry of interim and final orders pursuant to sections 363(c)(1) and 503(b)(1)(A) of the Bankruptcy Code (i) granting administrative expense priority status to all undisputed obligations of the Debtor arising from the postpetition delivery of goods and services ordered prior to the Petition Date; and (ii) authorizing, but not directing, the Debtor to pay such obligations in the ordinary course of business.

**Basis for Relief**

7. As is common in the DVD club industry, the Debtor relies on third-party vendors (collectively, the "Vendors") to provide it with the goods and services necessary to satisfy customer orders.

8. As of the Petition Date, the Debtor has certain outstanding purchase orders with these Vendors for the delivery of merchandise, as well as other goods and services that are necessary for the ordinary operation of the Debtor's business (the "Prepetition Orders").[3]

9. Vendors may be concerned that the obligations arising from goods or services ordered prepetition and subsequently delivered or rendered postpetition will be treated as general unsecured claims against the Debtor's estate. As a result, Vendors may refuse to ship such goods, recall current shipments, or not perform services promised under Prepetition Orders.

10. At best, such action would delay the delivery of goods and services until the issuance of new purchase orders by the postpetition Debtor. At worst, certain Vendors could refuse to deliver altogether.

11. The Debtor expects that an Order of the Court clarifying the administrative expense priority status of Prepetition Orders delivered postpetition will alleviate

---

[3] As of the Petition Date, approximately $45,000 of Prepetition Orders remain outstanding.

much uncertainty in the Vendor community and facilitate the Debtor's ability to conduct its business in an ordinary and uninterrupted fashion throughout its Chapter 11 Case.

12. Further, an Order authorizing, but not directing, the Debtor to pay obligations on account of Prepetition Orders will ensure that Vendors remain willing to do business with the Debtor going forward. These Vendor relationships are crucial to maintaining the enterprise value of the Debtor's business, and ultimately, to the success of this Chapter 11 Case.

**Applicable Authority**

13. Pursuant to section 503(b)(1)(A) of the Bankruptcy Code, obligations that arise in connection with the postpetition delivery of necessary goods and services, including goods and services ordered prepetition, are afforded administrative expense priority status because they enhance the debtor's estate postpetition. See In re Mammoth Mart, Inc., 536 F.2d 950, 954 (1st Cir. 1976) ("When third parties are induced to supply goods or services to the debtor-in-possession pursuant to a contract that has not been rejected, [the section] plainly require[s] that their claims be afforded priority."). Therefore, granting the relief sought herein with respect to goods and services ordered prepetition and delivered postpetition will not provide the Vendors with any greater priority than they otherwise would have had if the relief herein were not granted, thereby causing no prejudice to any other party in interest.

14. Moreover, the Debtor's satisfaction of undisputed obligations on account of Prepetition Orders consistent with its ordinary business practices is equally important and is authorized under 363(b)(1) of the Bankruptcy Code (providing that, after notice and a hearing, the trustee "may use, sell, or lease, other than in the ordinary course of business, property of the estate"). Vendor loyalty is crucial to the Debtor's ability to obtain the goods and services necessary for the efficient operation of its business. Failure to obtain such goods and services in

4

a timely manner would likely damage the Debtor's reputation among its customers, and the industry at large, thereby diminishing the Debtor's enterprise value.

15. Courts have routinely granted the same or substantially similar relief to that requested in this Motion. See, e.g., In re Chassix Holdings, Inc., et al., Case No. 15-10578 (MEW) (Bankr. S.D.N.Y. Apr. 14, 2015); In re Uno Restaurant Holdings Corp., et al., Case No. 10-10209 (MG) (Bankr. S.D.N.Y. Jan. 20, 2010); In re General Motors Corp., et al., Case No. 09-50026 (REG) (Bankr. S.D.N.Y. June 1, 2009).

16. Finally, any payments made by the Debtor on account of the Prepetition Orders should not be deemed to constitute a postpetition assumption under any of its executory contracts or unexpired leases pursuant to section 365 of the Bankruptcy Code. The Debtor reserves all of its rights under the Bankruptcy Code with respect thereto.

17. Based upon the foregoing, the Debtor submits that the relief requested herein is necessary, appropriate, and in the best interests of the Debtor's estate, and should therefore be granted.

**Immediate Relief Is Necessary to Avoid Immediate and Irreparable Harm**

18. Bankruptcy Rule 6003 provides that the relief requested in this Motion may be granted if the "relief is necessary to avoid immediate and irreparable harm." Fed. R. Bankr. P. 6003. The Second Circuit has interpreted the language "immediate and irreparable harm" in the context of preliminary injunctions. In that context, the Second Circuit instructed that irreparable harm "'is a continuing harm which cannot be adequately redressed by final relief on the merits' and for which 'money damages cannot provide adequate compensation.'" Kamerling v. Massanari, 295 F.3d 206, 214 (2d Cir. 2002) (quoting N.Y. Pathological & X-Ray Labs., Inc. v. INS, 523 F.2d 79, 81 (2d Cir. 1975)). Further, the "harm must be shown to be actual and imminent, not remote or speculative." Id. at 214; see also Rodriguez v. DeBuono,

5

175 F.3d 227, 234 (2d Cir. 1998). The Debtor submits that for the reasons set forth herein, the relief requested in this Motion is necessary to avoid immediate and irreparable harm as defined by the Second Circuit.

**Waiver of Stay Under Bankruptcy Rule 6004(h)**

19. The Debtor also requests that the Court waive the stay imposed by Bankruptcy Rule 6004(h), which provides that "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 6004(h). As described above, the relief that the Debtor seeks in this Motion is necessary for the Debtor to operate its business without interruption and to preserve value for its estate. Accordingly, the Debtor respectfully requests that the Court waive the fourteen-day stay imposed by Bankruptcy Rule 6004(h), to the extent that it applies.

20. Any objection to the relief requested in this Motion on a final basis must (a) be filed in writing with the Court, at One Bowling Green, New York, NY 10004-1408, by 4:00 p.m. (New York time) on the date that is 21 days after the entry of the interim order (the "Objection Deadline") and (b) be served so as to be actually received by the following parties by the Objection Deadline: (i) the Debtor; (ii) counsel to the Debtor, Griffin Hamersky P.C., 485 Madison Avenue, 7th Floor, New York, NY 10022, Attn: Scott A. Griffin, Esq. and Michael D. Hamersky, Esq.; (iii) the United States Trustee, Attn: Andrea Schwartz, Esq., U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY 10014; (iv) the parties listed on the Debtor's List of Creditors Holding the 20 Largest Unsecured Claims filed pursuant to Bankruptcy Rule 1007(d), or if any official committee of unsecured creditors has been appointed, counsel to such committee; (v) all parties listed on the Debtor's list of creditors

holding the top five (5) largest secured claims under Schedule B of the Affidavit; and (vi) counsel to any other official committee appointed in this Chapter 11 Case.

21. If any objections are timely filed and received, the Debtor requests that a hearing should be held to consider such objections at the first regularly scheduled omnibus hearing in this Chapter 11 Case. The Debtor further requests that the interim order should remain in effect until such hearing.

22. If no objections are timely filed and served as set forth herein, the proposed interim order should be deemed a final order with no further notice or opportunity to be heard afforded to any party.

**Notice**

23. Notice of this Motion has been provided either by facsimile, electronic transmission, overnight delivery, or hand delivery to: (i) the United States Trustee; (ii) the United States Attorney for the Southern District of New York; (iii) the Internal Revenue Service; (iv) the New York State Department of Taxation and Finance; (v) the Securities and Exchange Commission; (vi) the parties listed on the Debtor's List of Creditors Holding the 20 Largest Unsecured Claims filed pursuant to Bankruptcy Rule 1007(d); (vii) all parties listed on the Debtor's list of creditors holding the top five (5) largest secured claims under Schedule B of the Affidavit; (viii) the Debtor's prepetition banking institutions; and (ix) any parties required to be served under any applicable Bankruptcy Rule or Local Rule. The Debtor submits that, under the circumstances, no other or further notice is necessary.

**No Prior Request**

24. No prior request for the relief requested herein has been made to this or any other Court.

## Conclusion

**WHEREFORE**, the Debtor respectfully requests this Court enter interim and final orders, substantially in the forms annexed hereto as Exhibit "A" and Exhibit "B", respectively, granting the relief requested in this Motion and such other and further relief as may be just and proper.

Dated: New York, New York
       August 10, 2015

                                                  GRIFFIN HAMERSKY P.C.

                                                  By /s/ Scott A. Griffin
                                                  Scott A. Griffin
                                                  Michael D. Hamersky
                                                  485 Madison Avenue, 7th Floor
                                                  New York, New York 10022
                                                  Telephone: (212) 710-0338
                                                  Facsimile: (212) 710-0339
                                                  Proposed Counsel for the Debtor
                                                  and Debtor in Possession