**GRIFFIN HAMERSKY P.C.**
485 Madison Avenue, 7th Floor
New York, New York 10022
Telephone: (212) 710-0338
Facsimile:  (212) 710-0339
Scott A. Griffin
Michael D. Hamersky

Proposed Counsel for the Debtor
and Debtor in Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
In re:                                                           :    Chapter 11
                                                                 :
FILMED ENTERTAINMENT INC.,                                       :
                                                                 :    Case No. 15-_____(   )
                              Debtor.[1]                         :
                                                                 :
-----------------------------------------------------------------X

### DEBTOR'S MOTION FOR ENTRY OF AN INTERIM AND FINAL ORDER PURSUANT TO SECTIONS 105, 361, 362, 363, 507 AND 552 OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 2002, 4001, 6003, 6004 AND 9014, AND LOCAL RULE 4001-2 (I) AUTHORIZING THE DEBTOR TO USE CASH COLLATERAL; (II) GRANTING ADEQUATE PROTECTION; AND (III) SCHEDULING A FINAL HEARING

The debtor and debtor in possession in the above-captioned case (the "Debtor") hereby moves (the "Motion") for entry of an interim order (the "Interim Order") and final order in substantially the form of the Interim Order (the "Final Order"), under sections 105, 361, 362, 363, 507(b) and 552 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 4001, 6003, 6004 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 4001-2 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules") (a) authorizing the use of cash collateral as that term is defined

---

[1]    The last four digits of the Debtor's federal tax identification number are 3867.

in section 363 of the Bankruptcy Code (the "Cash Collateral"), in which the Secured Party (as defined below) has a Lien or other interest, whether existing on the Petition Date (as defined below) or arising pursuant to this Interim Order or otherwise, (b) granting adequate protection to the Secured Party, (c) modifying the automatic stay imposed under section 362 of the Bankruptcy Code to the extent necessary to permit the Debtor to implement the terms of the Interim Order and the Final Order; and (d) scheduling a final hearing for approval of the Final Order (the "Final Hearing").

In support of this Motion, the Debtor relies upon and incorporates by reference the *Affidavit of Glenn Langberg*, filed under Local Bankruptcy Rule 1007-2 in support of the Debtor's chapter 11 petition and various first day applications and motions (the "Affidavit"), filed with the Court concurrently herewith.  In further support of this Motion, the Debtor respectfully represents:

**Jurisdiction and Venue**

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b).  Venue of this case and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are sections 105, 361, 362, 363, 507(b) and 552 of the Bankruptcy Code, Bankruptcy Rules 2002, 4001, 6003, 6004 and 9014, and Local Bankruptcy Rule 4001-2.

**Background**

3. On the date hereof (the "Petition Date"), the Debtor filed a voluntary petition (the "Chapter 11 Case") in this Court for relief under chapter 11 of the Bankruptcy Code.

4. The Debtor continues to manage and operate its business as a debtor in possession under sections 1107 and 1108 of the Bankruptcy Code.

5.      The factual background regarding the Debtor, including its operations, its capital and debt structure, and the events leading to the filing of this Chapter 11 Case, is set forth in detail in the Affidavit, which is deemed fully incorporated herein by reference.[2]

**Relief Requested**

6.      By this Motion, the Debtor seeks entry of an Interim Order authorizing the use of Cash Collateral that may be subject to the Settlement Agreement (as defined below) and granting adequate protection in connection with such Cash Collateral use. The Debtor proposes to serve a copy of the Interim Order granting this Motion within three (3) business days after entry thereof. The Debtor further requests that the Court set a deadline for filing objections to the Motion and entry of the Final Order thereon, set a final hearing on the Motion, and enter the Final Order on this Motion at or after such final hearing.

The HCL Security Interest

7.      On July 22, 2014, the Debtor (then known as Direct Brands, Inc.) and HCL America, Inc. (the "Secured Party") entered into that certain stipulation of settlement, as amended on August 15, 2014 (the "Settlement Agreement"), relating to, *inter alia*, the settlement and dismissal of certain state court litigation. The Settlement Agreement obligated the Debtor, in part, to remit $3 million (the "Settlement Amount") to the Secured Party over a period of 21 months. Payment of the Settlement Amount was secured by all assets of the Debtor including accounts receivable, equipment, cash, intellectual property rights, and any and all other tangible and intangible property (the "Prepetition Collateral").[3] As of the Petition Date, the Debtor's outstanding

---

[2]   Capitalized terms used herein, but not otherwise defined, shall have the meanings ascribed to them in the Affidavit.

[3]   One million dollars of the Settlement Amount was due and paid by wire transfer at the time the parties executed the Settlement Agreement.

3

obligation to the Secured Party is $800,000. The following is an overview of the circumstances giving rise to the Settlement Agreement.

8.   On October 15, 2013, the Secured Party commenced an action (the "State Court Litigation") against the Debtor in the Supreme Court of the State of New York, County of New York (the "State Court"), seeking, *inter alia*, payment of outstanding invoices of approximately $4.6 million, plus interest, attorney's fees, and collection costs.

9.   On November 15, 2013, the Debtor filed an answer and counterclaim in the State Court Litigation, alleging breach of contract and seeking, *inter alia*, a sum in excess of $5 million, plus attorney's fees, interest, and costs.

10.  On July 22, 2014, the Debtor and the Secured Party executed the Settlement Agreement, which, among other things, provided for the settlement of claims between the parties and dismissal of the State Court Litigation.

11.  Pursuant to the Settlement Agreement,[4] the Debtor agreed to, among other things:

(i)   remit to the Secured Party the Settlement Amount: (a) $1 million payable on July 22, 2014, and (b) $2 million payable in equal and consecutive installments (each $100,000) on or before the first business day of each month for twenty (20) consecutive months;

(ii)  provide to the Secured Party a first priority security interest in any and all assets of the Debtor including accounts receivables, equipment, cash, intellectual property rights, and any and all other tangible and intangible property; and

(iii) execute and place into escrow a confession of judgment to be cancelled and returned to the Debtor upon full payment of Settlement Amount, or released and enforced against the Debtor in the event of an uncured event of default.

---

[4] The description of the terms of the Settlement Agreement provided in this Motion is intended only as a summary. In the event of any inconsistency between the descriptions set forth herein and the terms of the Settlement Agreement, the terms of the Settlement Agreement shall govern.

4

12. On July 30, 2014, the State Court entered an order dismissing the State Court Litigation.

13. On August 14, 2014, the Secured Party filed a UCC-1 with the Delaware Department of State, as contemplated by the Settlement Agreement.

Concise Statement of Relief Requested[5]

14. In accordance with Bankruptcy Rule 4001(b) and Local Bankruptcy Rule 4001-2, the following is a summary of the relief requested and set forth in the proposed form of Interim Order, together with references to the applicable sections of the Interim Order.[6]

| | |
|---|---|
| **Entities with Interest in the Cash Collateral** *Bankruptcy Rule 4001(b)(1)(B)(i)* | Secured Party under the Settlement Agreement. (Interim Order, Section E.) |
| **Purposes for Use of Cash Collateral** *Bankruptcy Rule 4001(b)(1)(B)(ii); Local Bankruptcy Rule 4001-2(a)(1)* | The use of Cash Collateral by the Debtor will be limited to the cash payment of operating costs and expenses (including, but not limited to, management fees), fees owed to the United States Trustee, and restructuring expenses, including professional fees and expenses, pursuant to and consistent with the budget attached to the proposed Interim Order (the "Budget"). The Debtor believes that the Budget will be adequate, considering all available assets, to pay all administrative expenses due or accruing during the period covered by the Budget. (Interim Order, Sections 2 and 3.) |
| **Material Terms: Duration and Use of Cash Collateral** *Bankruptcy Rule 4001(b)(1)(B)(iii)* | The Interim Order contemplates the use of Cash Collateral through the week ending November 6, 2015. (Interim Order, Sections 2 and 5.) |

---

[5] The description of the terms of the proposed Interim Order provided in this Motion is intended only as a summary. In the event of any inconsistency between the descriptions set forth herein and the terms of the Interim Order, the terms of the Interim Order shall govern.

[6] The Debtor intends that the terms of the Final Order will be substantially similar to the terms of the Interim Order.

| | |
|---|---|
| **Material Terms: Termination Events**<br>*Bankruptcy Rule 4001(b)(1)(B)(iii); Local Bankruptcy Rule 4001-2(a)(10)* | The passing of seven (7) business days (except in instances where a longer period is specifically indicated) after written notice by the Secured Party to the Debtor of occurrence of any of the following shall constitute a "Termination Event," unless waived in writing by the Secured Party:<br><br>(a)  this Chapter 11 Case shall be dismissed or converted to a chapter 7 case, or a chapter 11 trustee or an examiner with expanded powers pursuant to section 1106(b) shall be appointed in this Chapter 11 Case; or<br><br>(b)  the Debtor fails to comply with any other provision of the Interim Order and such failure shall continue unremedied for ten (10) business days following written notice from the Secured Party.<br><br>(Interim Order, Sections 5 and 6.) |
| **Liens, Cash Payments or Adequate Protection Provided for Use of Cash Collateral**<br>*Bankruptcy Rule 4001(b)(1)(B)(iv); Local Bankruptcy Rule 4001-2(a)(6)* | (a)  The Secured Party shall be granted a lien against the Debtor and its assets that are encumbered under the Settlement Agreement:<br><br>Subject to the Carve-Out and the terms of any postpetition financing approved in this case, (i) allowed senior administrative expense claims (the "Superpriority Claims") with priority over any and all other claims against the Debtor, now existing or hereafter arising, of any kind whatsoever, as provided under section 507(b) of the Bankruptcy Code; and (ii) adequate protection liens, including replacement liens, liens on certain unencumbered property (provided that unencumbered property shall not include avoidance actions under Chapter 5 of the Bankruptcy Code or the proceeds thereof) (collectively, the "Adequate Protection Liens").<br><br>(Interim Order, Section 7(b).)<br><br>(b)  The Adequate Protection Liens will not be subject or subordinate to any lien or security interest that is avoided and preserved for the benefit of the Debtor and their estates under section 551 of the Bankruptcy Code except for the Carve-Out, to the extent postpetition financing is approved by the Court, or as otherwise provided in the Interim Order or Final Order, subordinated to any other lien or security interest under sections 363 or 364 of the Bankruptcy Code or otherwise. |

| | |
|---|---|
| | (Interim Order, Section 7(c).) |
| **Modification of the Automatic Stay**<br>*Bankruptcy Rule 4001(b)(1)(B)(iii); Local Bankruptcy Rule 4001-2(a)(10)* | The automatic stay is modified as necessary to effectuate all the terms of the Interim Order, including the granting of liens contemplated by the Interim Order.<br><br>(Interim Order, Section 13.) |
| **Carve-Out**<br>*Bankruptcy Rule 4001(b)(1)(B)(iii); Local Bankruptcy Rules 4001-2(a)(5) and 4001-2(d)* | The liens and claims of, or granted to, the Secured Party in the Interim Order will be subject and subordinate to the payment, without duplication, of the following fees and claims (the amounts set forth below, together with the limitations set forth therein, collectively, the "Carve-Out"):<br><br>(a) the claims of the respective retained professionals of the Debtor and any statutory committee appointed in this Chapter 11 Case (collectively, the "Retained Professionals") for fees and expenses incurred at any time on and after the Petition Date and prior to the occurrence of a Termination Event; provided that, in each case, such fees and expenses of the Retained Professionals are ultimately allowed on a final basis by this Court under sections 327, 328, 330, 331 or 363 of the Bankruptcy Code.<br><br>(Interim Order, Section 11(a).)<br><br>(b) (i) the claims of the Retained Professionals for fees and expenses which were incurred on and after the occurrence of a Termination Event; provided that, in each case, such fees and expenses of the Retained Professionals are ultimately allowed on a final basis by this Court under sections 327, 328, 330, 331 or 363 of the Bankruptcy Code and do not exceed $350,000 in the aggregate plus (ii) the fees and expenses incurred by any professionals engaged by any successor to the Debtor, including, without limitation, any trustee or examiner with expanded powers appointed under chapter 11 in an aggregate amount not to exceed $65,000, or a trustee appointed under chapter 7 in an aggregate amount not to exceed $10,000.<br><br>(Interim Order, Section 11(b).)<br><br>(c) the unpaid fees payable to the United States Trustee and Clerk of the Bankruptcy Court pursuant to section 1930 of title 28 of the United States Code and any interest due and owing pursuant to section 3717 of title 31 of the United |

7

| | |
|---|---|
| | States Code.<br><br>(Interim Order, Section 11(c).) |
| **Preservation of Rights**<br>*Bankruptcy Rule 4001(b)(1)(B)(iii); Local Bankruptcy Rule 4001-2(f)* | Any and all rights of the Debtor or any other party in interest (i) to contest the extent, validity, priority or perfection of any and all liens of the Secured Party, (ii) to contest the amount of the Secured Party's asserted claims, (iii) to seek the avoidance, recharacterization or subordination of the Secured Party's claims or interests, (iv) to seek the avoidance of any transfer to the Secured Party or to otherwise contest the claims, rights and liens of the Secured Party by any party in this Chapter 11 Case, are preserved, and nothing herein shall prejudice any party asserting any such challenge; provided that the Debtor and any statutory committee of unsecured creditors shall each have standing to bring any such challenge, and each may do so on or before sixty (60) days from the date of entry of the Final Order (the "Challenge Period Expiration Date"), or such challenge shall be deemed waived, released and forever barred, provided that nothing herein shall limit the right of any party in interest to object to the Secured Party's secured claims under section 506 of the Bankruptcy Code based on the value of the collateral therefor or to seek reallocation of any payment hereunder based on the collateral therefor.<br><br>(Interim Order, Section 10.) |

## Basis for Relief

### Cash Collateral Use Is Necessary

15. As of the Petition Date, without access to the Cash Collateral, the Debtor will have insufficient liquidity to continue to operate its business and pay restructuring costs associated with this Chapter 11 Case. The Debtor's access to the Cash Collateral is necessary to ensure that it has sufficient working capital and liquidity to operate its business and thus preserve and maintain the going concern value of its estate while the Debtor seeks to consummate a sale of its assets.

16. Thus, the need for the immediate use of Cash Collateral pending the final hearing is paramount. The Debtor and its estate will suffer irreparable harm if such use is not

immediately authorized. The Debtor submits that the terms and conditions set forth in the Interim and ultimately the Final Order: (a) are, taken as a whole, fair and reasonable under the circumstances; (b) reflect the Debtor's reasonable exercise of business judgment consistent with its fiduciary duties; and (c) are supported by reasonably equivalent value and fair consideration. Accordingly, the relief is warranted under the circumstances.

<u>The Secured Party's Interest is Adequately Protected</u>

17. The Debtor believes that the Secured Party is adequately protected in connection with the Debtor's proposed use of Cash Collateral. What constitutes adequate protection is determined on a case-by-case basis. Although the Bankruptcy Code does not define the term "adequate protection," it provides a non-exhaustive list of types of adequate protection, including "other relief" resulting in the "indubitable equivalent" of the secured creditor's interest in such property. <u>See</u> 11 U.S.C. § 361. Specifically, section 361 of the Bankruptcy Code provides the following non-exclusive examples of what may constitute adequate protection:

> (1) requiring the trustee to make cash payment or periodic cash payments to such entity, to the extent that the . . . use . . . under section 363 . . . results in a decrease in the value of such entity's interest in such property;
>
> (2) providing to such entity an additional or replacement lien to the extent that such . . . use . . . results in a decrease in the value of such entity's interest in such property; or
>
> (3) granting such other relief . . . as will result in the realization by such entity of the indubitable equivalent of such entity's interest in such property.

<u>Id</u>.

18. The Bankruptcy Code intends "adequate protection" to shield a secured creditor from diminution in the value of its interest in the particular collateral during the period of use by the debtor. <u>In re Pine Lake Vill. Apartment Co.</u>, 19 B.R. 819, 825-26 (Bankr. S.D.N.Y.

9

1982) (noting that a secured creditor has the right to receive adequate protection for any decline in value of its collateral). The Debtor's requested use of Cash Collateral and the protections afforded to the Secured Party, in light of the circumstances, are reasonable, appropriate, and sufficient to satisfy the legal standard of "adequate protection" and will serve to maintain the value of the Prepetition Collateral.

19. As set forth above, the Secured Party's Cash Collateral will be used to sustain the Debtor's business operations, while it seeks the sale of its assets for the benefit of its estate and creditor constituencies. If Cash Collateral is not available for this purpose, the Debtor will not have the ability to maintain its operations and reach a going concern sale. Indeed, the Debtor's inability to use Cash Collateral could potentially result in a piecemeal liquidation of its assets leading to severely diminished recoveries for parties in interest in this Chapter 11 Case. The Court's authorization of the use of Cash Collateral, therefore, will protect the Secured Party's security interest by preserving the value of its collateral. In re Cardinal Indus. Inc., 118 B.R. 971, 981 (Bankr. S.D. Ohio 1990) (ruling that secured lenders were adequately protected by debtor's use of funds to maintain and manage encumbered properties).

20. Courts have routinely recognized that the preservation of the going concern value of secured lenders' collateral constitutes adequate protection of such creditors' interest in the collateral. See, e.g., In re 499 W. Warren St. Assocs., Ltd. P'ship, 142 B.R. 53, 56 (Bankr. N.D.N.Y. 1992) (finding a secured creditor's interest in collateral adequately protected when cash collateral was applied to normal operating and maintenance expenditures on the collateral property); In re Stein, 19 B.R. 458, 460 (Bankr. E.D. Pa. 1982) (creditors' secured position would be enhanced by the continued operation of the Debtors' business); In re Pursuit Athletic Footwear, Inc., 193 B.R. 713, 716 (Bankr. D. Del. 1996) (holding that if there is no actual

diminution of value of collateral and the debtor can operate profitably postpetition, then the secured creditor is adequately protected).

21. Further, the Bankruptcy Code expressly provides that granting a replacement lien is a means of adequate protection. 11 U.S.C. § 361(2). Granting replacement liens provides adequate protection of secured creditors' interest in cash collateral. See In re Island Helicopter Corp., 63 B.R. 515, 523 (Bankr. E.D.N.Y. 1986) (holding that secured party was adequately protected when granted replacement liens on new helicopters and components). Here, the Debtor will adequately protect the Secured Party's interest in the Prepetition Collateral, including the Cash Collateral by, among other things, granting the Adequate Protection Liens, which consist of replacement liens, including liens on any unencumbered prepetition property of the Debtor, to the extent it may exist, liens on any unencumbered postpetition property of the Debtor, and junior liens on the Debtor's prepetition and postpetition property subject to existing liens.

22. The Secured Party will also be granted allowed administrative expense claims having the priority specified in section 507(b) of the Bankruptcy Code. These claims provide the Secured Party additional adequate protection.

23. For the foregoing reasons, the Debtor's requested use of Cash Collateral and the protections provided to the Secured Party in order to protect the Secured Party's interest in the Prepetition Collateral are reasonable, appropriate, and sufficient to satisfy the legal standard of "adequate protection".

**Modification of the Automatic Stay**

24. Section 362 of the Bankruptcy Code provides for an automatic stay upon the filing of a bankruptcy petition. The Interim Order contemplates a modification of the automatic stay

(to the extent applicable) to permit the Debtor to (i) grant the security interests, liens, and superpriority claims described above and to perform such acts as may be requested to assure the perfection and priority of such security interests and liens, and (ii) implement the terms of the proposed Interim Order and Final Order.

25. Stay modification provisions of this kind are ordinary and standard features of postpetition debtor in possession cash collateral orders, and are, in the Debtor's business judgment, reasonable under the present circumstances. Accordingly, the Debtor respectfully requests that the Court authorize the modification of the automatic stay in accordance with the terms set forth in the proposed Interim and Final Order.

### Immediate Relief Is Necessary to Avoid Immediate and Irreparable Harm

26. Bankruptcy Rule 4001(b)(2) governs the procedures for obtaining authorization to use cash collateral and provides, in relevant part:

> The court may commence a final hearing on a motion for authorization to use cash collateral no earlier than 14 days after service of the motion. If the motion so requests, the court may conduct a preliminary hearing before such 14-day period expires, but the court may authorize the use of only that amount of cash collateral as is necessary to avoid immediate and irreparable harm to the estate pending a final hearing

Fed. R. Bankr. P. 4001(b)(2).

27. Local Bankruptcy Rule 4001-2(g) also requires that the Debtor show that immediate or irreparable harm will be caused to the Debtor's estate if immediate relief is not granted before the final hearing. It is indisputable, based on the record before the Court, that the Debtor has an immediate need to use the Cash Collateral. Accordingly, the Debtor requests that the Court conduct a preliminary hearing on the Motion and authorize the Debtor, from the entry of the Interim Order until the Final Hearing, to use Cash Collateral and obtain the necessary credit to avoid irreparable harm to its estate.

**Request for a Final Hearing**

28.     Pursuant to Bankruptcy Rule 4001(b)(2), which requires that a final hearing on a motion to use cash collateral be commenced no earlier than fourteen (14) days after service of the motion, the Debtor requests that the Court schedule the final hearing for a date that is as soon as practicable, but in no event later than twenty-one (21) days following the entry of the Interim Order, and establish the deadline prior to the final hearing for parties to file objections to the Motion pursuant to the terms of the Interim Order.

**Notice**

29.     Notice of this Motion has been provided either by facsimile, electronic transmission, overnight delivery, or hand delivery to: (i) the United States Trustee; (ii) the United States Attorney for the Southern District of New York; (iii) the Internal Revenue Service; (iv) the New York State Department of Taxation and Finance; (v) the Securities and Exchange Commission; (vi) the parties listed on the Debtor's List of Creditors Holding the 20 Largest Unsecured Claims filed pursuant to Bankruptcy Rule 1007(d); (vii) all parties listed on the Debtor's list of creditors holding the top five (5) largest secured claims under Schedule B of the Affidavit; (viii) the Secured Party; (ix) the Debtor's prepetition banking institutions; (x) the Debtor's prepetition landlords; (xi) counsel to the official committee of unsecured creditors, if one is appointed; and (xii) any parties required to be served under any applicable Bankruptcy Rule or Local Rule (the "Initial Notice Parties"). The Debtor submits that, under the circumstances, no other or further notice is necessary.

30.     The Debtor further respectfully asks that the Court schedule the Final Hearing and authorize it to mail copies of the signed Interim Order, which fixes the time, date and manner for filing objections to: (a) the Initial Notice Parties; (b) counsel to the Debtor, Griffin Hamersky P.C., 485 Madison Avenue, 7th Floor, New York, NY 10022, Attn: Scott A. Griffin, Esq.

and Michael D. Hamersky, Esq.; (c) counsel to any statutory committees appointed in this Chapter 11 Case; and (d) any party who filed a request for notices in this Chapter 11 Case pursuant to Bankruptcy Rule 2002 at least three (3) business days prior to the date set forth in the Interim Order for the Final Hearing.

### **No Prior Request**

31. No prior request for the relief requested herein has been made to this or any other Court.

### **Conclusion**

**WHEREFORE**, the Debtor respectfully requests the Court enter an order, substantially in the form annexed hereto as Exhibit "A", granting the relief requested in this Motion and such other and further relief as may be just and proper.

Dated:   New York, New York
         August 10, 2015

GRIFFIN HAMERSKY P.C.


By /s/ Scott A. Griffin
Scott A. Griffin
Michael D. Hamersky
485 Madison Avenue, 7th Floor
New York, New York 10022
Telephone: (212) 710-0338
Facsimile: (212) 710-0339

Proposed Counsel for the Debtor
and Debtor in Possession

14