**GRIFFIN HAMERSKY P.C.**
485 Madison Avenue, 7th Floor
New York, New York 10022
Telephone: (212) 710-0338
Facsimile:  (212) 710-0339
Scott A. Griffin
Michael D. Hamersky

Proposed Counsel for the Debtor
and Debtor in Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
                                     :

In re:                               :        Chapter 11
                                       :

FILMED ENTERTAINMENT INC.,    :
                                       :        Case No. 15-_____(  )
                 Debtor.[1]    :
                                       :
------------------------------------------------------------X

## DEBTOR'S MOTION FOR AN ORDER APPOINTING
## PRIME CLERK LLC AS CLAIMS AND NOTICING AGENT

        The debtor and debtor in possession in the above-captioned case (the "Debtor")

hereby moves (the "Motion") for entry of an order, pursuant to section 156(c) of title 28 of the

United States Code, section 105(a) of title 11 of the United States Code (the "Bankruptcy Code")

and Rule 5075-1 of the Local Bankruptcy Rules for the Southern District of New York (the

"Local Rules"), appointing Prime Clerk LLC ("Prime Clerk") as claims and noticing agent

("Claims and Noticing Agent") *nunc pro tunc* to the Petition Date (defined below).

        In support of the Motion, the Debtor relies upon and incorporates by reference the

*Affidavit of Glenn Langberg*, filed under Local Bankruptcy Rule 1007-2 in support of the

Debtor's chapter 11 petition and various first day applications and motions (the "Affidavit"),

filed with the Court concurrently herewith, and the Declaration of Michael J. Frishberg, Co-

President and Chief Operating Officer of Prime Clerk (the "Frishberg Declaration"), which is

---

[1]    The last four digits of the Debtor's federal tax identification number are 3867.

attached hereto as Exhibit "B".  In further support of this Motion, the Debtor respectfully states that:

### Jurisdiction and Venue

1.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue of this case and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory predicates for the relief requested herein are section 156(c) of title 28 of the United States Code, section 105(a) of the Bankruptcy Code, and Local Rule 5075-1.

### Background

3.      On the date hereof (the "Petition Date"), the Debtor filed a voluntary petition (the "Chapter 11 Case") in this Court for relief under chapter 11 of the Bankruptcy Code.

4.      The Debtor continues to manage and operate its business as a debtor in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

5.      The factual background regarding the Debtor, including its operations, its capital and debt structure, and the events leading to the filing of this Chapter 11 Case, is set forth in detail in the Affidavit, which is fully incorporated herein by reference.[2]

### Relief Requested

6.      The Debtor requests entry of an order (the "Retention Order") appointing Prime Clerk as the Claims and Noticing Agent for the Debtor and its Chapter 11 Case, including assuming full responsibility for the distribution of notices and the maintenance, processing and docketing of proofs of claim filed in the Chapter 11 Case.  The Debtor's selection of Prime Clerk

---

[2]   Capitalized terms used herein, but not otherwise defined, shall have the meanings ascribed to them in the Affidavit.

to act as the Claims and Noticing Agent has satisfied the Court's *Protocol for the Employment of Claims and Noticing Agents under 28 U.S.C. § 156(c)* (the "Claims Agent Protocol"), in that the Debtor has obtained and reviewed engagement proposals from at least two other court-approved claims and noticing agents to ensure selection through a competitive process.  Moreover, the Debtor submits, based on all engagement proposals obtained and reviewed, that Prime Clerk's rates are competitive and reasonable given Prime Clerk's quality of services and expertise.  The terms of Prime Clerk's retention are set forth in the Engagement Agreement attached hereto as Exhibit "C" (the "Engagement Agreement"); provided, however, that Prime Clerk is seeking approval solely of the terms and provisions as set forth in this Motion and the proposed Retention Order attached hereto.

7.    Although the Debtor has not yet filed its schedules of assets and liabilities, it anticipates that there will be in excess of 250 entities to be noticed.  Local Rule 5075-1(b) provides that "[i]n a case in which the number of creditors and equity security holders, in the aggregate, is 250 or more, the estate shall retain, subject to approval of the Court, a claims and noticing agent in accordance with the [Claims Agent Protocol]."  In view of the number of anticipated claimants, the Debtor submits that the appointment of a claims and noticing agent is required by Local Rule 5075-1(b) and is otherwise in the best interests of the Debtor's estate and its creditors.

8.    If the administration of this Chapter 11 Case will require Prime Clerk to perform duties outside the scope of 28 U.S.C. § 156(c), the Debtor will seek authorization to retain and employ Prime Clerk as administrative advisor by separate application pursuant to section 327(a) of the Bankruptcy Code.

## Prime Clerk's Qualifications

9.      Prime Clerk is comprised of leading industry professionals with significant experience in both the legal and administrative aspects of large, complex chapter 11 cases.   Prime Clerk's professionals have experience in noticing, claims administration, solicitation, balloting and facilitating other administrative aspects of chapter 11 cases and experience in matters of this size and complexity.   Prime Clerk's professionals have acted as debtor's counsel or official claims and noticing agent in many bankruptcy cases in this District and in other districts nationwide.  Prime Clerk's active cases include: In re Altegrity, Inc., Case No. 15-10226 (LSS) (Bankr. D. Del.); In re RadioShack Corp., Case No. 15-10197 (BLS) (Bankr. D. Del.); In re C. Wonder LLC, Case No. 15-11127 (MBK) (Bankr. D.N.J.); In re Caesars Entm't Operating Co., Inc., Case No. 15-01145 (ABG) (Bankr. N.D. Ill.); In re dELiA*s, Inc., Case No. 14-23678 (RDD) (Bankr. S.D.N.Y.); In re Aereo, Inc., Case No. 14-13200 (SHL) (Bankr. S.D.N.Y.); In re Dendreon Corp., Case No. 14-12515 (PJW) (Bankr. D. Del.); In re ALCO Stores, Inc., No. 14-34941 (SGJ) (Bankr. N.D. Tex.); In re Inversiones Alsacia S.A., Case No. 14-12896 (MG) (Bankr. S.D.N.Y.); In re SIGA Tech., Inc., Case No. 14-12623 (SHL) (Bankr. S.D.N.Y.); In re NII Holdings, Inc., Case No. 14-12611 (SCC) (Bankr. S.D.N.Y.); In re Trump Entertainment Resorts, Inc., Case No. 14-12103 (KG) (Bankr. D. Del.); In re Mineral Park, Inc., Case No. 14-11996 (KJC) (Bankr. D. Del.); In re Entegra Power Group LLC, Case No. 14-11859 (PJW) (Bankr. D. Del.); In re Windsor Petroleum Transp. Corp., Case No. 14-11708 (PJW) (Bankr. D. Del.); In re Crumbs Bake Shop, Inc., Case No. 14-24287 (MBK) (Bankr. D.N.J.); In re Tactical Intermediate Holdings, Inc., Case No. 14-11659 (KG) (Bankr. D. Del.); In re MIG, LLC, Case No. 14-11605 (KG) (Bankr. D. Del.); In re FL 6801 Spirits LLC, Case No. 14-11691 (SCC) (Bankr. S.D.N.Y.); In re Universal Cooperatives, Inc., Case No. 14-11187 (MFW) (Bankr. D. Del.); In re GSE Environmental, Inc., Case No. 14-11126

(MFW) (Bankr. D. Del.); In re Coldwater Creek Inc., Case No. 14-10867 (BLS) (Bankr. D.

Del.); In re MEE Apparel LLC, Case No. 14-16484 (CMG) (Bankr. D.N.J.); In re Autoseis, Inc.,

Case No. 14-20130 (RSS) (Bankr. S.D. Tex.); In re Legend Parent, Inc., Case No. 14-10701

(REG) (Bankr. S.D.N.Y.); In re QCE Finance LLC, Case No. 14-10543 (PJW) (Bankr. D. Del.);

In re Sbarro LLC, Case No. 14-10557 (MG) (Bankr. S.D.N.Y.); In re Ashley Stewart Holdings,

Inc., Case No. 14-14383 (MBK) (Bankr. D.N.J.); In re MACH Gen, LLC, Case No. 14-10461

(MFW) (Bankr. D. Del.); In re Noble Logistics, Inc., Case No. 14-10442 (CSS) (Bankr. D. Del.);

In re Optim Energy, LLC, Case No. 14-10262 (BLS) (Bankr. D. Del.); In re Tuscany Int'l

Holdings (U.S.A.) Ltd., Case No. 14-10193 (KG) (Bankr. D. Del.); In re Capsule Int'l Holdings

LLC (f/k/a Constar Int'l Holdings LLC), Case No. 13-13281 (CSS) (Bankr. D. Del.); In re Green

Field Energy Servs., Inc., Case No. 13-12783 (KG) (Bankr. D. Del.); In re Old FENM Inc. (f/k/a

Fresh & Easy Neighborhood Mkt. Inc.), Case No. 13-12569 (KJC) (Bankr. D. Del.).

10.    By appointing Prime Clerk as the Claims and Noticing Agent in this
Chapter 11 Case, the distribution of notices and the processing of claims will be expedited, and
the Office of the Clerk of the Bankruptcy Court (the "Clerk") will be relieved of the
administrative burden of processing what may be an overwhelming number of claims.

### Services to be Provided

11.    This Motion pertains only to the work to be performed by Prime Clerk
under the Clerk's delegation of duties permitted by 28 U.S.C. § 156(c) and Local Rule 5075-1,
and any work to be performed by Prime Clerk outside of this scope is not covered by this Motion
or by any order granting approval hereof.  Specifically, Prime Clerk will perform the following
tasks in its role as Claims and Noticing Agent, as well as all quality control relating thereto:

(a)    Prepare and serve required notices and documents in this Chapter 11 Case
in accordance with the Bankruptcy Code and the Bankruptcy Rules in the
form and manner directed by the Debtor and/or the Court, including (i)

notice of the commencement of this Chapter 11 Case and the initial meeting of creditors under section 341(a) of the Bankruptcy Code, (ii) notice of any claims bar date, (iii) notices of transfers of claims, (iv) notices of objections to claims and objections to transfers of claims, (v) notices of any hearings on the section 363 sale process, (vi) notices of any hearings on a disclosure statement and confirmation of the Debtor's plan or plans of liquidation, including under Bankruptcy Rule 3017(d), (vii) notice of the effective date of any plan and (viii) all other notices, orders, pleadings, publications and other documents as the Debtor or Court may deem necessary or appropriate for an orderly administration of this Chapter 11 Case;

(b)    Maintain an official copy of the Debtor's schedules of assets and liabilities and statements of financial affairs (collectively, the "Schedules"), listing the Debtor's known creditors and the amounts owed thereto;

(c)    Maintain (i) a list of all potential creditors, equity holders and other parties in interest, and (ii) a "core" mailing list consisting of all parties described in Bankruptcy Rule 2002(i), (j) and (k) and those parties that have filed a notice of appearance pursuant to Bankruptcy Rule 9010; update and make said lists available upon request by a party in interest or the Clerk;

(d)    Furnish a notice to all potential creditors of the last date for filing proofs of claim and a form for filing a proof of claim, after such notice and form are approved by the Court, and notify said potential creditors of the existence, amount and classification of their respective claims as set forth in the Schedules, which may be effected by inclusion of such information (or the lack thereof, in cases where the Schedules indicate no debt due to the subject party) on a customized proof of claim form provided to potential creditors;

(e)    Maintain a post office box or address for the purpose of receiving claims and returned mail, and process all mail received;

(f)    For *all* notices, motions, orders or other pleadings or documents served, prepare and file or cause to be filed with the Clerk an affidavit or certificate of service within seven (7) business days of service which includes (i) either a copy of the notice served or the docket number(s) and title(s) of the pleading(s) served, (ii) a list of persons to whom it was mailed (in alphabetical order) with their addresses, (iii) the manner of service and (iv) the date served;

(g)    Process all proofs of claim received, including those received by the Clerk, check said processing for accuracy and maintain the original proofs of claim in a secure area;

(h)    Provide an electronic interface for filing proofs of claim;

6

(i)      Maintain the official claims register for the Debtor (the "Claims Register") on behalf of the Clerk; upon the Clerk's request, provide the Clerk with a certified, duplicate unofficial Claims Register; and specify in the Claims Register the following information for each claim docketed: (i) the claim number assigned, (ii) the date received, (iii) the name and address of the claimant and agent, if applicable, who filed the claim, (iv) the amount asserted, (v) the asserted classification(s) of the claim (*e.g.*, secured, unsecured, priority, *etc.*), and (vi) any disposition of the claim;

(j)      Implement necessary security measures to ensure the completeness and integrity of the Claims Register and the safekeeping of the original claims;

(k)      Record all transfers of claims and provide any notices of such transfers as required by Bankruptcy Rule 3001(e);

(l)      Relocate, by messenger or overnight delivery, all of the Court-filed proofs of claim to the offices of Prime Clerk, not less than weekly;

(m)      Upon completion of the docketing process for all claims received to date for each case, turn over to the Clerk copies of the Claims Register for the Clerk's review (upon the Clerk's request);

(n)      Monitor the Court's docket for all notices of appearance, address changes, and claims-related pleadings and orders filed and make necessary notations on and/or changes to the Claims Register and any service or mailing lists, including to identify and eliminate duplicative names and addresses from such lists;

(o)      Identify and correct any incomplete or incorrect addresses in any mailing or service lists;

(p)      Assist in the dissemination of information to the public and respond to requests for administrative information regarding this Chapter 11 Case as directed by the Debtor or the Court, including through the use of a case website and/or call center;

(q)      If this Chapter 11 Case is converted to a case under chapter 7 of the Bankruptcy Code, contact the Clerk's office within three (3) days of notice to Prime Clerk of entry of the order converting the case;

(r)      Thirty (30) days prior to the close of this Chapter 11 Case, to the extent practicable, request that the Debtor submits to the Court a proposed order dismissing Prime Clerk as Claims and Noticing Agent and terminating its services in such capacity upon completion of its duties and responsibilities and upon the closing of this Chapter 11 Case;

(s)      Within seven (7) days of notice to Prime Clerk of entry of an order closing this Chapter 11 Case, provide to the Court the final version of the Claims

Register as of the date immediately before the close of the Chapter 11 Case; and

(t)     At the close of this Chapter 11 Case, (i) box and transport all original documents, in proper format, as provided by the Clerk's office, to (i) the Federal Archives Record Administration, located at Central Plains Region, 200 Space Center Drive, Lee's Summit, MO 64064 or (ii) any other location requested by the Clerk's office.

12.     The Claims Register shall be open to the public for examination without charge during regular business hours and on a case-specific website maintained by Prime Clerk.

**Professional Compensation**

13.     The Debtor respectfully requests that the undisputed fees and expenses incurred by Prime Clerk in the performance of the above services be treated as administrative expenses of the Debtor's estate pursuant to 28 U.S.C. § 156(c) and section 503(b)(1)(A) of the Bankruptcy Code and be paid in the ordinary course of business without further application to, or order of, the Court.   Prime Clerk agrees to maintain records of all services showing dates, categories of services, fees charged and expenses incurred, and to serve monthly invoices on the Debtor, the United States Trustee, counsel for the Debtor, counsel for any official committee(s) monitoring the expenses of the Debtor, and any party in interest who specifically requests service of the monthly invoices.  If any dispute arises relating to the Engagement Agreement or monthly invoices, the parties shall meet and confer in an attempt to resolve the dispute; if resolution is not achieved, the parties may seek resolution of the matter from the Court.

14.     Prior to the Petition Date, the Debtor provided Prime Clerk a retainer in the amount of $15,000.  Prime Clerk seeks to first apply the retainer to all prepetition invoices, and thereafter, to have the retainer replenished to the original retainer amount, and thereafter, to hold the retainer under the Engagement Agreement during this Chapter 11 Case as security for the payment of fees and expenses incurred under the Engagement Agreement.

8

15.     Additionally, under the terms of the Engagement Agreement, the Debtor has agreed to indemnify, defend and hold harmless Prime Clerk and its members, officers, employees, representatives and agents under certain circumstances specified in the Engagement Agreement, except in circumstances resulting solely from Prime Clerk's own bad-faith, self-dealing, breach of fiduciary duty (if any), gross negligence or willful misconduct, or as otherwise provided in the Engagement Agreement or Retention Order.  The Debtor believes that such an indemnification obligation is customary, reasonable and necessary to retain the services of a Claims and Noticing Agent in this Chapter 11 Case.

### Disinterestedness

16.     Although the Debtor does not propose to employ Prime Clerk under section 327 of the Bankruptcy Code pursuant to this Motion (such retention would be sought by separate application), Prime Clerk has nonetheless reviewed its electronic database to determine whether it has any relationships with the creditors and parties in interest provided by the Debtor, and, to the best of the Debtor's knowledge, information, and belief, and except as disclosed in the Frishberg Declaration, Prime Clerk has represented that it neither holds nor represents any interest materially adverse to the Debtor's estate in connection with any matter on which it would be employed.

17.     Moreover, in connection with its retention as Claims and Noticing Agent, Prime Clerk represents in the Frishberg Declaration, among other things, that:

(a)     Prime Clerk is not a creditor of the Debtor;

(b)     Prime Clerk will not consider itself employed by the United States government and shall not seek any compensation from the United States government in its capacity as the Claims and Noticing Agent in this Chapter 11 Case;

9

(c)       By accepting employment in this Chapter 11 Case, Prime Clerk waives any rights to receive compensation from the United States government in connection with this Chapter 11 Case;

(d)       In its capacity as the Claims and Noticing Agent in this Chapter 11 Case, Prime Clerk will not be an agent of the United States and will not act on behalf of the United States;

(e)       Prime Clerk will not employ any past or present employees of the Debtor in connection with its work as the Claims and Noticing Agent in this Chapter 11 Case;

(f)       Prime Clerk is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code with respect to the matters upon which it is engaged;

(g)       In its capacity as Claims and Noticing Agent in this Chapter 11 Case, Prime Clerk will not intentionally misrepresent any fact to any person;

(h)       Prime Clerk shall be under the supervision and control of the Clerk's office with respect to the receipt and recordation of claims and claim transfers;

(i)       Prime Clerk will comply with all requests of the Clerk's office and the guidelines promulgated by the Judicial Conference of the United States for the implementation of 28 U.S.C. § 156(c); and

(j)       None of the services provided by Prime Clerk as Claims and Noticing Agent in this Chapter 11 Case shall be at the expense of the Clerk's office.

18.      Prime Clerk will supplement its disclosure to the Court if any facts or circumstances are discovered that would require such additional disclosure.

## Compliance with Claims and Noticing Agent Protocol

19.      This Motion complies with the Claims Agent Protocol, and to the extent that there is any inconsistency between this Motion, the Retention Order, and the Engagement Agreement, the Retention Order shall govern.

## Immediate Relief Is Necessary to Avoid Immediate and Irreparable Harm

20.      Bankruptcy Rule 6003 provides that the relief requested in this Motion may be granted if the "relief is necessary to avoid immediate and irreparable harm." Fed. R.

Bankr. P. 6003.  The Second Circuit has interpreted the language "immediate and irreparable harm" in the context of preliminary injunctions.  In that context, the Second Circuit instructed that irreparable harm "'is a continuing harm which cannot be adequately redressed by final relief on the merits' and for which 'money damages cannot provide adequate compensation.'" Kamerling v. Massanari, 295 F.3d 206, 214 (2d Cir. 2002) (quoting N.Y. Pathological & X-Ray Labs., Inc. v. INS, 523 F.2d 79, 81 (2d Cir. 1975)).  Further, the "harm must be shown to be actual and imminent, not remote or speculative."  Id. at 214.  See also Rodriguez v. DeBuono, 175 F.3d 227, 234 (2d Cir. 1998).  The Debtor submits that for the reasons already set forth herein, the relief requested in this Motion is necessary to avoid immediate and irreparable harm as defined by the Second Circuit.

## Notice

21.    Notice of this Motion has been provided either by facsimile, electronic transmission, overnight delivery, or hand delivery to:  (i) the United States Trustee; (ii) the United States Attorney for the Southern District of New York; (iii) the Internal Revenue Service; (iv) the New York State Department of Taxation and Finance; (v) the Securities and Exchange Commission; (vi) the parties listed on the Debtor's List of Creditors Holding the 20 Largest Unsecured Claims filed pursuant to Bankruptcy Rule 1007(d); (vii) all parties listed on the Debtor's list of creditors holding the top five (5) largest secured claims under Schedule B of the Affidavit; and (viii) any parties required to be served under any applicable Bankruptcy Rule or Local Rule.  The Debtor submits that, under the circumstances, no other or further notice is necessary.

## No Prior Request

22.    No prior request for the relief requested herein has been made to this or any other Court.

11

## Conclusion

**WHEREFORE**, the Debtor respectfully requests this Court enter an order, substantially in the form attached hereto as Exhibit "A", granting the relief requested in this Motion and such other and further relief as may be just and proper.

Dated:    New York, New York
          August 10, 2015

GRIFFIN HAMERSKY P.C.


By: /s/ Scott A. Griffin
Scott A. Griffin
Michael D. Hamersky
485 Madison Avenue, 7th Floor
New York, New York 10022
Telephone: (212) 710-0338
Facsimile: (212) 710-0339

Proposed Counsel for the Debtor
and Debtor in Possession