UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
                                                  :

In re:                                           :         Chapter 11

FILMED ENTERTAINMENT INC.,              :         Case No. 15-12244 (SCC)

                      Debtor.[1]               :

---------------------------------------------------------------X

### ORDER PURSUANT TO SECTIONS 105(a), 362, 365 AND 525 OF THE BANKRUPTCY CODE ENFORCING AND RESTATING AUTOMATIC STAY AND *IPSO FACTO* PROVISIONS

Upon the motion (the "Motion")[2] of the Debtor for an Order, pursuant to sections 105(a) 362, 365 and 525 of the Bankruptcy Code, enforcing and restating the automatic stay and *ipso facto* provisions of the Bankruptcy Code; and upon the Affidavit; and sufficient notice of the Motion having been given; and it appearing that no other or further notice need be provided; and a hearing having been held on August 11, 205; and it appearing that the relief requested in the Motion is in the best interests of the Debtor, its estate, its creditors and other parties in interest; and after due deliberation thereon and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED AND DECREED that:**

1.        The Motion is **GRANTED** to the extent provided herein.

2.        Subject to the exceptions to the automatic stay contained in section 362(b) of the Bankruptcy Code and the right of any party in interest to seek relief from the automatic stay in accordance with section 362(d) of the Bankruptcy Code, all persons (including individuals, partnerships, corporations, and other entities and all those acting on their behalf) and

---

[1] The last four digits of the Debtor's federal tax identification number are 3867.

[2] Capitalized terms used herein, but not otherwise defined, shall have the meanings ascribed to them in the Motion.

governmental units, whether of the United States, any state or locality therein or any territory or possession thereof, or any foreign country (including any division, department, agency, instrumentality or service thereof and all those acting on their behalf), are hereby stayed, restrained and enjoined from:

(a) commencing or continuing (including the issuance or employment of process) any judicial, administrative, or other action or proceeding against the Debtor that was or could have been commenced before the commencement of the Debtor's Chapter 11 Case or recovering a claim against the Debtor that arose before the commencement of the Debtor's Chapter 11 Case;

(b) enforcing, against the Debtor or against property of its estate, a judgment or order obtained before the commencement of the Debtor's Chapter 11 Case;

(c) taking any action to obtain possession of property of the Debtor's estate or to exercise control over property of the estate or interfere in any way with the conduct by the Debtor of its business, including, without limitation, attempts to interfere with deliveries or events or attempts to seize or reclaim any equipment, supplies or other assets the Debtor use in its business;

(d) taking any action to create, perfect, or enforce any lien against property of the Debtor's estate;

(e) taking any action to create, perfect, or enforce against property of the Debtor any lien to the extent that such lien secures a claim that arose prior to the commencement of the Debtor's Chapter 11 Case;

(f) taking any action to collect, assess, or recover a claim against the Debtor that arose prior to the commencement of the Debtor's Chapter 11 Case; and

(g) offsetting any debt owing to the Debtor that arose before the commencement of the Debtor's Chapter 11 Case against any claim against the Debtor.

3. Pursuant to sections 362, 365 and 525 of the Bankruptcy Code, and subject to any relevant provisions or exceptions provided for in the Bankruptcy Code, notwithstanding a provision in a contract or lease or any applicable law, all persons are hereby

stayed, restrained and enjoined from terminating or modifying any and all contracts and leases to which the Debtor is party or signatory, at any time after the commencement of this Chapter 11 Case because of a provision in such contract or lease that is conditioned on the (a) insolvency or financial condition of the Debtor at any time before the closing of this Chapter 11 Case; or (b) commencement of this Chapter 11 Case. Accordingly, all such persons are required to continue to perform their obligations under such contract and leases during the Chapter 11 Case, subject to further Order of this Court.

4.  Pursuant to section 525 of the Bankruptcy Code, all foreign and domestic governmental units are prohibited and enjoined from: (a) denying, revoking, suspending or refusing to renew any license, permit, charter, franchise or other similar grant to the Debtor; (b) placing conditions upon such a grant to the Debtor; or (c) discriminating against the Debtor with respect to such a grant, solely because the Debtor is a debtor under the Bankruptcy Code, may have been insolvent before the commencement of this Chapter 11 Case or is insolvent during the pendency of this Chapter 11 Case.

5.  Nothing in this Order or the Motion shall constitute a rejection or assumption by the Debtor, as a debtor in possession, of any executory contract or unexpired lease.

6.  The Debtor is hereby authorized to take such actions as may be required to carry out the intent and purpose of this Order.

7.  The terms and provisions of this Order shall be immediately effective and enforceable upon entry of this Order.

8.   This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

Dated:   New York, New York
         August 12, 2015

/s/ Shelley C. Chapman

_____
UNITED STATES BANKRUPTCY JUDGE