Hearing Date: September 8, 2015 at 2:00 p.m. (New York Time)
Objection Deadline: September 1, 2015 at 4:00 p.m. (New York Time)

**GRIFFIN HAMERSKY P.C.**
485 Madison Avenue, 7th Floor
New York, New York 10022
Telephone: (212) 710-0338
Facsimile: (212) 710-0339
Scott A. Griffin
Michael D. Hamersky

Proposed Counsel for the Debtor
and Debtor in Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x
                                                             :
In re:                                                       :    Chapter 11
                                                             :
FILMED ENTERTAINMENT INC.,                                   :
                                                             :    Case No. 15-12244 (SCC)
                                        Debtor.[1]           :
                                                             :
-------------------------------------------------------------x

### NOTICE OF ENTRY OF INTERIM ORDER AND SCHEDULING A FINAL HEARING REGARDING DEBTOR'S MOTION PURSUANT TO SECTIONS 105, 361, 362, 363, 507 AND 552 OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 2002, 4001, 6003, 6004 AND 9014, AND LOCAL RULE 4001-2 (I) AUTHORIZING THE DEBTOR TO USE CASH COLLATERAL; (II) GRANTING ADEQUATE PROTECTION; AND (III) SCHEDULING A FINAL HEARING

        **PLEASE TAKE NOTICE** that, on August 10, 2015, Filmed Entertainment Inc., the above-captioned debtor and debtor in possession (the "Debtor"), filed the *Debtor's Motion for Entry of an Interim and Final Order Pursuant to Sections 105, 361, 362, 363, 507 and 552 of the Bankruptcy Code, Bankruptcy Rules 2002, 4001, 6003, 6004 and 9014, and Local Rule 4001-2 (I) Authorizing the Debtor to Use Cash Collateral; (II) Granting Adequate Protection; and (III) Scheduling a Final Hearing* [Dkt. No. 11] (the "Motion") with the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

        **PLEASE TAKE FURTHER NOTICE** that, on August 11, 2015, the Bankruptcy Court entered the *Interim Order Pursuant to Sections 105, 361, 362, 363, 507 and 552 of the Bankruptcy Code, Bankruptcy Rules 2002, 4001, 6003, 6004 and 9014, and Local Rule 4001-2 (I) Authorizing the Debtor to Use Cash Collateral; (II) Granting Adequate Protection; and (III) Scheduling a Final Hearing* [Dkt. No. 16] (the "Interim Order"). A copy of the Interim Order is attached hereto as Exhibit "A."

---

[1]    The last four digits of the Debtor's federal tax identification number are 3867.

**PLEASE TAKE FURTHER NOTICE** that a final hearing on the Motion for entry of a final order (the "Final Order") has been scheduled for **September 8, 2015 at 2:00 p.m. (New York Time)** before the Honorable Shelley C. Chapman, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, Courtroom 623, One Bowling Green, New York, New York 10004 (the "Final Hearing").

**PLEASE TAKE FURTHER NOTICE** that any objections to the entry of a Final Order on the Motion shall be in writing and filed with the Bankruptcy Court, together with proof of service thereon, and served on (i) counsel for the Debtor, Griffin Hamersky P.C. (Attn: Scott A. Griffin, Esq.); (ii) the United States Trustee (Attn: Andrea B. Schwartz, Esq.);; (iii) the United States Attorney for the Southern District of New York; (iv) the Internal Revenue Service; (v) the New York State Department of Taxation and Finance; (vi) the Securities and Exchange Commission; (vii) the parties listed on the Debtor's List of Creditors Holding the 20 Largest Unsecured Claims filed pursuant to Bankruptcy Rule 1007(d); (viii) all parties listed on the Debtor's list of creditors holding the top five (5) largest secured claims under Schedule B of the Affidavit; (ix) the Secured Party; (x) the Debtor's prepetition banking institutions; (xi) the Debtor's prepetition landlords; (xii) counsel to the official committee of unsecured creditors, if one is appointed; and (xiii) any parties required to be served under any applicable Bankruptcy Rule or Local Rule, with a copy to the Court's Chambers **so as to be actually received no later than 4:00 p.m. (New York Time) on September 1, 2015.**

**PLEASE TAKE FURTHER NOTICE** that if you fail to respond in accordance with this notice, the Bankruptcy Court may grant the Final Order without further notice or hearing.

Dated:   New York, New York
         August 14, 2015

GRIFFIN HAMERSKY P.C.

By: /s/ Scott A. Griffin
Scott A. Griffin
Michael D. Hamersky
485 Madison Avenue, 7th Floor
New York, New York 10022
Telephone: (212) 710-0338
Facsimile: (212) 710-0339

Proposed Counsel for the Debtor
and Debtor in Possession

2

**EXHIBIT A**

15-12244-scc   Doc 16   Filed 08/11/15   Entered 08/11/15 13:11:42   Main Document
Pg 1 of 12

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X
                                      :

In re:                                   :                Chapter 11
                                        :

FILMED ENTERTAINMENT INC.,       :                Case No. 15-12244- (SCC)
                                        :

                        Debtor.[1]     :
                                        :

-------------------------------------------------------------X

**INTERIM ORDER PURSUANT TO SECTIONS 105, 361, 362, 363, 507 AND 552 OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 2002, 4001, 6003, 6004 AND 9014, AND LOCAL RULE 4001-2 (I) AUTHORIZING THE DEBTOR TO USE CASH COLLATERAL; (II) GRANTING ADEQUATE PROTECTION; AND (III) SCHEDULING A FINAL HEARING**

Upon the motion (the "Motion")[2] of the Debtor for entry of interim and final

Orders seeking, among other things:

(i) authorization for the Debtor to use Cash Collateral in which certain parties have a Lien (as defined herein) or other interest, whether existing on the Petition Date or arising pursuant to this Interim Order or otherwise;

(ii) authorization for the Debtor to grant, as of the Petition Date, certain adequate protection to the Secured Party with respect to, *inter alia*, use of its Cash Collateral to the extent of diminution in the value of its interests in its collateral as required by the Bankruptcy Code;

(iii) to modify the automatic stay imposed by section 362 of the Bankruptcy Code solely to the extent necessary to implement and effectuate the terms and provisions of this Interim Order;

(iv) the scheduling of a hearing (the "Final Hearing") to be held before this Court to consider entry of a final order on terms substantially similar to this Interim Order approving the further use of the Cash Collateral in accordance therewith, and the grant of adequate protection to the Secured Party on a final basis; and

---

[1]    The last four digits of the Debtor's federal tax identification number are 3867.

[2]    Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion or the Affidavit.

(v)    waiver of any applicable stay (including under Bankruptcy Rule 6004) and providing for immediate effectiveness of this Interim Order;

and upon consideration of the Affidavit; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice is necessary; and due, proper and sufficient notice of the hearing to approve this Interim Order (the "Interim Hearing"); and the opportunity for objection having been provided; and the Interim Hearing having been held; and upon the record made by the Debtor at the Interim Hearing; and it appearing that the relief requested in the Motion is in the best interest of the Debtor, its estate, its creditors, and other parties in interest; and after due deliberation thereon; and good and sufficient cause appearing therefor,

## IT IS HEREBY FOUND AND DETERMINED THAT:[3]

A.    <u>Commencement of Case</u>.   On the Petition Date, the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") thereby commencing this Chapter 11 Case.

B.    <u>Debtor in Possession</u>.   Since the Petition Date, the Debtor has been managing and operating its business and property as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

C.    <u>Jurisdiction and Venue</u>.  This Court has jurisdiction over this Chapter 11 Case, the Motion, and the parties and property affected hereby pursuant to 28 U.S.C. §§ 157(a) and 1334(b).  Consideration of the Motion constitutes a core proceeding pursuant to 28 U.S.C. §157(b)(2).  The predicates for relief sought herein are section 105, 361, 362, 363, 507(b) and

---

[3]    Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052.

15-12244-scc   Doc 16   Filed 08/11/15   Entered 08/11/15 17:13:42   Main Document
Pg 6 of 18

552 of the Bankruptcy Code, Bankruptcy Rules 2002, 4001, 6003, 6004 and 9014, and Local

Bankruptcy Rule 4001-2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and

1409.

        D.     Notice. Notice of the Interim Hearing and the relief requested in the

Motion has been provided by the Debtor in accordance and compliance with Bankruptcy Rules

4001 and 9014 as well as the Local Rules and is sufficient under the circumstances. Without

limiting the forgoing, due notice was afforded, whether by facsimile, electronic mail, overnight

courier or hand delivery, to certain parties in interest, including (i) the United States Trustee;

(ii) the United States Attorney for the Southern District of New York; (iii) the Internal Revenue

Service; (iv) the New York State Department of Taxation and Finance; (v) the Securities and

Exchange Commission; (vi) the parties listed on the Debtor's List of Creditors Holding the 20

Largest Unsecured Claims filed pursuant to Bankruptcy Rule 1007(d); (vii) all parties listed on

the Debtor's list of creditors holding the top five (5) largest secured claims under Schedule B of

the Affidavit; (viii) the Secured Party; (ix) the Debtor's prepetition banking institutions; (x) the

Debtor's prepetition landlords; (xi) counsel to the official committee of unsecured creditors, if

one is appointed; and (xii) any parties required to be served under any applicable Bankruptcy

Rule or Local Rule (collectively, the "Notice Parties"). In addition, all parties who have

requested electronic notice of filings in this case through the Court's ECF system automatically

received notice of the Motion no later than the day after its filing with the Court.

        E.     Debtor's Assertions. The Debtor for itself, but not its estate or as debtor in

possession, asserts that the Debtor is party to the Settlement Agreement with the Secured Party,

pursuant to which the Debtor agreed to remit to the Secured Party an aggregate amount of $3

million, secured by all assets of the Debtor, including accounts receivable, equipment, cash,

intellectual property rights, and any and all other tangible and intangible property (the "Prepetition Collateral").

F.     Necessity of Relief Requested. The Debtor would not have sufficient available sources of working capital to operate its business in the ordinary course or to maintain its property, while it seeks to consummate a going concern sale of its assets without the use of Cash Collateral. Without access to the Cash Collateral, the Debtor's ability to manage, administer and preserve its estate would be immediately and irreparably harmed, thereby materially impairing its estate and creditors and the possibility for a successful going concern sale and successful resolution of this Chapter 11 Case. Thus, the relief granted hereunder is necessary for the Debtor to avoid immediate and irreparable harm to its estate. The terms of the use of Cash Collateral, including the grant of adequate protection hereby, are fair and reasonable and reflect the Debtor's exercise of prudent business judgment consistent with its fiduciary duties. Accordingly, entry of this Interim Order is in the best interests of the Debtor, its estate, its creditors and other parties in interest and consistent with the Debtor's fiduciary duties.

**NOW THEREFORE, IT IS HEREBY ORDERED THAT:**

1.     Motion Granted. The Motion is granted on an interim basis as herein provided, and the use of Cash Collateral is authorized for the Debtor, subject to the terms and conditions set forth in this Interim Order.

2.     Authorization to Use Cash Collateral. The Debtor is authorized to use Cash Collateral subject to the terms hereof, consistent with and for the purposes set forth in the Budget (as defined below), through and including the week ending November 6, 2015, subject to earlier termination as set forth herein. To the extent a Debtor does not use the cash projected for a particular week or for a particular purpose in a Budget (as defined below), the Debtor shall be

15-12244-scc   Doc 29   Filed 08/14/15   Entered 08/14/15 13:44:57   Main Document
Pg 8 of 18

authorized to use such Cash Collateral in subsequent weeks, in addition to any amounts already budgeted for such future weeks, and for any other purpose in the Budget.

3.     Budgets.  During the period of the Debtor's authority to use Cash Collateral, the Debtor shall provide the Secured Party with its rolling updated 4-week cash flow forecast and budget (each, a "Budget") within five (5) business days following the end of each week. Each Budget shall be limited to cash receipts, the cash payment of operating costs and expenses, fees owed to the United States Trustee, and restructuring expenses, including professional fees and expenses. The Budget for the first four-week period is attached hereto as Exhibit "1".

4.     Periodic Reporting.  The Debtor shall, at the same time as it provides the Secured Party with its Budget (with the exception of the first Budget), also provide to the Secured Party a (a) line-by-line variance report comparing the budgeted cash flows for the immediately prior week to such week's actual cash flows; and (b) a report reflecting cumulative actual cash flows since the Petition Date.

5.     Termination.  The Debtor's authorization to use Cash Collateral hereunder shall automatically terminate on the earlier of the following:  (x) the occurrence of a Termination Event (as defined below); or (y) February 10, 2016, unless extended by order of the Court.

6.     Termination Events.  The passing of seven (7) business days (except in instances where a longer period is specifically indicated) after written notice by the Secured Party to the Debtor of occurrence of any of the following shall constitute a "Termination Event," unless waived in writing by the Secured Party:

> (a)     this Chapter 11 Case shall be dismissed or converted to a chapter 7 case, or a chapter 11 trustee or an examiner with expanded powers pursuant to section 1106(b) shall be appointed in this Chapter 11 Case; or

(b) the Debtor fails to comply with any other provision of this Interim Order and such failure shall continue unremedied for ten (10) business days following written notice from the Secured Party.

7.     <u>Adequate Protection</u>.    The Secured Party is entitled to, until the indefeasible repayment of amounts owed under the Settlement Agreement, pursuant to sections 361 and 363(e) of the Bankruptcy Code, and as a condition for the use of Cash Collateral, and as adequate protection for and to the extent of any diminution of their valid, enforceable and non-avoidable interests in such Cash Collateral, including as a consequence of the Debtor's sale, lease or use thereof, in each case to the extent required by the Bankruptcy Code ("Diminution"), and the Secured Party is hereby granted, *nunc pro tunc*, as of the Petition Date, against the Debtor and the assets thereof that are encumbered under the Settlement Agreement, notwithstanding anything in the following subparagraphs to the contrary:

(c)     <u>Superpriority Claims</u>.     Allowed senior administrative expense claims (the "Superpriority Claims") with priority over any and all administrative expenses, adequate protection claims and all other claims against the Debtor, now existing or hereafter arising, of any kind whatsoever, as provided under section 507(b) of the Bankruptcy Code, including, without limitation, all administrative expenses of the kind specified in sections 503(b) and 507(b) of the Bankruptcy Code, and over any and all administrative expenses or other claims arising under the Bankruptcy Code in the amount of the Diminution; <u>provided</u> that all Superpriority Claims shall be subject to the Carve-Out (as defined below). The Superpriority Claims shall be payable from all property of the Debtor's estate except avoidance actions under Chapter 5 of the Bankruptcy Code and the proceeds thereof.

(d)     <u>Adequate Protection Payment</u>. Effective as of the date of the entry of this Interim Order, the Debtor shall pay an Adequate Protection payment (the "Adequate Protection") of $25,000 to the Secured Lender on an interim basis on the first of each month, with such first Adequate Protection Payment to occur on or before September 1, 2015.

(e)     <u>Adequate Protection Liens</u>. Effective as of the date of entry of this Interim Order, in each case without the necessity of the execution by the Debtor (or recordation or other filing) of security

15-12244-scc    Doc 16    Filed 08/11/15    Entered 08/11/15 17:13:42    Main Document
Pg 7 of 12

agreements, financing statements, or other instrument or document, the following security interests and liens in the amount of the Diminution, subject only to the Carve-Out (as defined below) (all property identified in clauses (i) through (iii) below being collectively referred to as the "Adequate Protection Collateral"; and all such liens and security interests granted pursuant to this Interim Order, the "Adequate Protection Liens"):

      i)   Replacement Lien.  Replacement, valid, binding and enforceable, fully perfected liens on, and security interests in, all of the Debtor's assets to the same extent, priority and enforceability held by the Secured Party as of the Petition Date.

      ii)   Lien on Unencumbered Property.  A valid, binding, continuing, enforceable, fully-perfected lien on, and security interest in, all tangible and intangible prepetition and postpetition property in which the Debtor has an interest, to the extent that it may exist, whether existing on or as of the Petition Date or thereafter acquired, that is not subject to valid, perfected, non-avoidable and enforceable liens in existence on or as of the Petition Date, but excluding avoidance actions under Chapter 5 of the Bankruptcy Code and the proceeds thereof.

(f)    Liens Senior to Other Liens.  The Adequate Protection Liens shall not be (i) subject or subordinate to any lien or security interest that is avoided and preserved for the benefit of the Debtor and its estate under section 551 of the Bankruptcy Code or (ii) except the Carve-Out (as defined below), to the extent any other postpetition financing is approved by the Court, or as otherwise provided herein, subordinated to with any other lien or security interest under sections 363 or 364 of the Bankruptcy Code or otherwise.

8.    Cash Management.  The Debtor shall maintain their cash management system consistent with the proposed order attached to the *Debtor's Motion For Interim and Final Orders Pursuant to Bankruptcy Code Sections 105(a), 345, 363, 503(b)(1) and 507(a)(2) Authorizing  (I) Continued Maintenance of Existing Bank Accounts; (II) Continued Use of Existing Business Forms;  (III) Continued Use of Existing Cash Management System;*

*(IV) Permitting Continued Intercompany Transactions; and (V) Waiver of Certain Guidelines Relating to Bank Accounts* and any related orders entered by the Court.

9.     Confirmation and Priority of Adequate Protection Liens.   Except as otherwise provided herein or in any postpetition financing approved by the Court, the Adequate Protection Liens shall be senior to all other security interests in, liens on, and claims against any of the Adequate Protection Collateral.  The Adequate Protection Liens shall be enforceable against the Debtor, its estate and any successors thereto, including without limitation, any trustee or other estate representative appointed in this Chapter 11 Case, or any case under chapter 7 of the Bankruptcy Code upon the conversion of this Chapter 11 Case, or in any other proceedings superseding or related to any of the foregoing.  The Adequate Protection Liens shall be: (i) in continuation of and in addition to all valid and enforceable liens and security interests now existing in favor of the Secured Party and not in substitution therefor; (ii) effective as of the Petition Date; and (iii) deemed duly perfected without the necessity of filing in any country, state, county or local recorder's office or elsewhere, any additional documents or notices to perfect such postpetition liens and security interests.

10.     Preservation of Rights.  Notwithstanding anything herein to the contrary, any and all rights of the Debtor or any other party in interest to contest the extent, validity, priority or perfection of any and all liens of the Secured Party, to contest the amount of the Secured Party's asserted claims, to seek the avoidance, recharacterization or subordination of the Secured Party's claims or interests, to seek the avoidance of any transfer to the Secured Party or to otherwise contest the claims, rights and liens of the Secured Party by any party in this Chapter 11 Case, are preserved, and nothing herein shall prejudice any party asserting any such challenge; <u>provided</u> that the Debtor and any statutory committee of unsecured creditors shall

15-12244-scc    Doc 16    Filed 08/11/15    Entered 08/11/15 17:13:42    Main Document
Pg 9 of 12

each have standing to bring any such challenge, and each may do so on or before sixty (60) days from the date of entry of the Final Order (the "Challenge Period Expiration Date"), or such challenge shall be deemed waived, released and forever barred, provided that nothing herein shall limit the right of any party in interest to object to the Secured Party's secured claims under section 506 of the Bankruptcy Code based on the value of the collateral therefor or to seek reallocation of any payment hereunder based on the collateral therefor.

11.    Carve-Out.  Notwithstanding anything to the contrary contained in this Interim Order or other order of this Court, the liens and claims of or granted to the Secured Party, in each case under this Interim Order, shall be subject and subordinate to the payment, without duplication, of the following fees and claims (the amounts set forth below, together with the limitations set forth therein, collectively, the "Carve-Out"):

(a)    the claims of the respective retained professionals of the Debtor and any statutory committee appointed in this Chapter 11 Case (collectively, the "Retained Professionals") for fees and expenses incurred at any time on and after the Petition Date and prior to the occurrence of a Termination Event; provided that, in each case, such fees and expenses of the Retained Professionals are ultimately allowed on a final basis by this Court under sections 327, 328, 330, 331 or 363 of the Bankruptcy Code and do not exceed $150,000 in the aggregate;

(b)    the unpaid fees payable to the United States Trustee and Clerk of the Bankruptcy Court pursuant to section 1930 of title 28 of the United States Code and any interest due and owing pursuant to section 3717 of title 31 of the United States Code.

12.    Continuing Effect of Order.  If an order dismissing this Chapter 11 Case under section 1112 of the Bankruptcy Code or otherwise is at any time entered, such order shall provide (in accordance with sections 105 and 349 of the Bankruptcy Code) that (x) the Superpriority Claims and the Adequate Protection Liens shall continue in full force and effect and shall maintain their priorities as provided in this Interim Order until all adequate protection

15-12244-scc    Doc 16    Filed 08/11/15    Entered 08/11/15 17:13:42    Main Document
Pg 10 of 12

obligations shall have been paid and satisfied in full (and that such Superpriority Claims and the Adequate Protection Liens shall, notwithstanding such dismissal, remain binding on all persons); and (y) this Court shall retain jurisdiction, notwithstanding such dismissal, for the purposes of enforcing the claims, liens and security interests referred to in clause (x) above.

13.    Modification of Automatic Stay.  The automatic stay under section 362(a) of the Bankruptcy Code is hereby modified as necessary to effectuate all of the terms and provisions of this Interim Order, including, without limitation, to:  (a) permit the Debtor to grant the Adequate Protection Liens and incur the Superpriority Claims; (b) permit the Debtor to perform such acts as may be needed to assure the perfection and priority of the liens granted herein; (c) permit the Debtor to incur all liabilities and obligations under the terms of this Interim Order; and (d) authorize the Debtor to pay, and the Secured Party to retain and apply, any payments made in accordance with the terms of this Interim Order.

14.    No Third Party Rights.  Except as explicitly provided for herein, this Interim Order does not create any rights for the benefit of any third party, creditor, equity holder or any direct, indirect, or incidental beneficiary.

15.    Binding Effect of Interim Order.  Immediately upon entry by the Court (notwithstanding any applicable law or rule to the contrary), the terms and provisions of this Interim Order shall become valid and binding upon the Debtor, the Secured Party, all other creditors of the Debtor and all other parties in interest and their respective successors and assigns, including any trustee or other fiduciary hereafter appointed in this Chapter 11 Case, or upon dismissal of this Chapter 11 Case.

16.    Effect of this Interim Order.  This Interim Order shall take effect and be enforceable immediately upon execution, provided, however, that nothing contained in this

10

15-12244-scc   Doc 16   Filed 08/14/15   Entered 08/14/15 13:44:42   Main Document
Pg 11 of 12

Interim Order shall prejudice in any way the rights or abilities of any party to assert any objections to the use of Cash Collateral at a subsequent interim hearing or the Final Hearing.

17.     Objections.  The Debtor shall, within three (3) business days of entry of this Interim Order, mail copies of a notice of entry of this Interim Order and the Final Hearing, together with a copy of this Interim Order, by first class mail, postage prepaid, facsimile, electronic mail or overnight mail upon the Notice Parties. In addition, all parties who have requested electronic notice of filings in these cases through the Court's ECF system will automatically receive notice of this Interim Order no later than the day after its entry on the docket. The notice of the entry of this Interim Order and the Final Hearing shall state that objections to the entry of the Final Order shall be filed with the United States Bankruptcy Court for the Southern District of New York, together with proof of service thereon, and served on the counsel for the Debtor and the Notice Parties with a copy to the Court's chambers so as to be actually received no later than 4:00 p.m. (New York Time) on a date that is seven (7) days prior to the Final Hearing (the "Objection Deadline").

18.     Final Hearing.  The Bankruptcy Court shall hold the Final Hearing to consider entry of an order granting the relief requested in the Motion on a final basis shall be held on September 8, 2015 at 2:00 p.m. (New York Time).

19.     Compliance with Local Bankruptcy Rule 9013-1(b).  The requirements set forth in Local Bankruptcy Rule 9013-1(b) are satisfied by the contents of the Motion.

20.     Debtor's Authorization.  The Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Order.

15-12244-scc   Doc 29   Filed 08/14/15   Entered 08/14/15 13:44:37   Main Document
Pg 12 of 12

21.     <u>Retention of Jurisdiction</u>.  This Court hereby retains jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Interim Order.

Dated:   New York, New York
         August 11, 2015

                                        /s/ Shelley C. Chapman
                                        UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT 1**

**FILMED ENTERTAINMENT, INC**
**WEEKLY CASH FORECAST**

| Week Ending | | 8/14 | 8/21 | 8/28 | 9/4 | 9/11 |
|---|---|---|---|---|---|---|
| **Cash Receipts:** | | | | | | |
| Total Cash Receipts | $ | 126,704  $ | 126,704  $ | 126,704  $ | 131,704  $ | 126,704 |
| **Cash Disbursements:** | | | | | | |
| Operating Disbursements (admin, distr., etc.) | $ | (24,750)  $ | -  $ | (24,750)  $ | (257,500)  $ | (24,750) |
| Royalties | | - | - | - | - | - |
| Other Operating Expenses, excl Prof Fees | | - | (27,008) | (27,008) | (54,015) | (54,015) |
| Bankruptcy/Restructuring Professional Fees | | (37,258) | (37,258) | (37,258) | (36,768) | (36,400) |
| Other Non-Operating Costs | | - | - | - | 52,449 | - |
| Total Cash Disbursements | $ | (62,008)  $ | (64,266)  $ | (89,016)  $ | (295,834)  $ | (115,165) |
| Net Cash Flow | $ | 64,696  $ | 62,438  $ | 37,688  $ | (164,130)  $ | 11,539 |
| **Cash Balance** | | | | | | |
| Beginning Cash Balance | $ | 402,617  $ | 467,313  $ | 529,751  $ | 567,439  $ | 403,310 |
| Change in Cash | | 64,696 | 62,438 | 37,688 | (164,130) | 11,539 |
| Ending Cash Balance | $ | 467,313  $ | 529,751  $ | 567,439  $ | 403,310  $ | 414,848 |

**FILMED ENTERTAINMENT, INC**
**WEEKLY CASH FORECAST**

| Week Ending | 8/14 | 8/21 | 8/28 | 9/4 | 9/11 | 9/18 | 9/25 | 10/2 | 10/9 | 10/16 | 10/23 | 10/30 | 11/6 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Cash Receipts:** | | | | | | | | | | | | | |
| Total Cash Receipts | $ 126,704 | $ 126,704 | $ 126,704 | $ 131,704 | $ 126,704 | $ 126,704 | $ 126,704 | $ 131,704 | $ 126,704 | $ 126,704 | $ 126,704 | $ 126,704 | 126,704 |
| **Cash Disbursements:** | | | | | | | | | | | | | |
| Operating Disbursements (admin, distr., etc.) | $ (24,750) | $ - | (24,750) | (257,500) | (24,750) | $ - | (24,750) | (257,500) | (24,750) | $ - | (24,750) | $ - | - |
| Royalties | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Other Operating Expenses, excl Prof Fees | - | (27,008) | (27,008) | (54,015) | (54,015) | (54,015) | (54,015) | (54,015) | (54,015) | (54,015) | (54,015) | (54,015) | - |
| Bankruptcy/Restructuring Professional Fees | (37,258) | (37,258) | (37,258) | (36,768) | (36,400) | (36,400) | (36,400) | (31,806) | (20,323) | (20,323) | (20,323) | (20,323) | (13,403) |
| Other Non-Operating Costs | - | - | - | 52,449 | - | - | - | 52,449 | - | - | - | - | - |
| Total Cash Disbursements | $ (62,008) | $ (64,266) | $ (89,016) | $ (295,834) | $ (115,165) | $ (90,415) | $ (115,165) | $ (290,872) | $ (99,088) | $ (74,338) | $ (99,088) | $ (74,338) | (13,403) |
| Net Cash Flow | $ 64,696 | $ 62,438 | $ 37,688 | $ (164,130) | $ 11,539 | $ 36,289 | $ 11,539 | $ (159,168) | $ 27,616 | $ 52,366 | $ 27,616 | $ 52,366 | 113,301 |
| **Cash Balance** | | | | | | | | | | | | | |
| Beginning Cash Balance | $ 402,617 | $ 467,313 | $ 529,751 | $ 567,439 | $ 403,310 | $ 414,848 | $ 451,137 | $ 462,676 | $ 303,508 | $ 331,124 | $ 383,490 | $ 411,106 | 463,472 |
| Change in Cash | 64,696 | 62,438 | 37,688 | (164,130) | 11,539 | 36,289 | 11,539 | (159,168) | 27,616 | 52,366 | 27,616 | 52,366 | 113,301 |
| Ending Cash Balance | $ 467,313 | $ 529,751 | $ 567,439 | $ 403,310 | $ 414,848 | $ 451,137 | $ 462,676 | $ 303,508 | $ 331,124 | $ 383,490 | $ 411,106 | $ 463,472 | 576,773 |