**REED SMITH LLP**
Christopher A. Lynch, Esq.
599 Lexington Avenue, 22nd Floor
New York, NY 10022
Telephone: (212) 521-5400
Facsimile: (212) 521-5450

Marsha A. Houston, Esq. (*pro hac vice* pending)
Christopher O. Rivas, Esq. (*pro hac vice* pending)
355 S. Grand Ave., Suite 2900
Los Angeles, CA 90071
Telephone:   (213) 457-8000
Facsimile:    (213) 457-8080

*Attorneys for Universal Studios Home Entertainment LLC*

**UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                                                               :
In re:                                                         :   Chapter 11
                                                               :
FILMED ENTERTAINMENT INC.,                                     :   Case No. 15-12244 (SCC)
                                                               :
                              Debtor.                          :
                                                               :
---------------------------------------------------------------x

**DECLARATION OF MARSHA A. HOUSTON IN SUPPORT OF LIMITED
OBJECTION OF UNIVERSAL STUDIOS HOME ENTERTAINMENT LLC TO
DEBTOR'S APPLICATION FOR A FINAL ORDER AUTHORIZING
USE OF CASH COLLATERAL**

Marsha A. Houston declares, under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following is true and correct:

1. I am a partner at Reed Smith LLP, which is counsel to Universal Studios Home Entertainment LLC ("USHE") in this matter. All statements contained herein are based on personal knowledge, unless otherwise expressly made upon information and belief.

2. I submit this Declaration in support of USHE's Limited Objection (the "Objection") to the *Motion for Entry of a Final Order Pursuant to Sections 105, 361, 362, 363, 507 and 552 of the Bankruptcy Code, Bankruptcy Rules 2002, 4001, 6003, 6004 and 9014, and*

- 1 -

*Local Rule 4001-2 (I) Authorizing the Debtor to Use Cash Collateral; (II) Granting Adequate Protection; and (III) Scheduling a Final Hearing* (the "Motion") filed by Filmed Entertainment Inc., a/k/a BMG Columbia House, Bertelsmann Direct North America, Inc., Direct Group North America, Inc. and Direct Brands, Inc. (the "Debtor").

3. On May 27 and May 28, 2015, I sent two letters to the Debtor notifying it of its breaches under the Agreement dated as of December 16, 2004 (as extended and amended from time-to-time, the "USHE Agreement"), by and between USHE and Debtor, including its failure to timely provide accounting statements to USHE, and to make payments due with such accounting statements pursuant to the USHE Agreement, as set forth more fully in letters dated May 27 and May 28, 2015 (together, the "Termination Letters"). Attached as Exhibit A and B are true and correct copies of the referenced Termination Letters.

4. Pursuant to the Termination Letters, and effective upon termination on June 18, 2015, USHE demanded payment by the Debtor of all amounts due and owing to USHE pursuant to the USHE Agreement.

5. On June 30, 2015, I sent a letter to the Debtor (the "Termination Confirmation Letter") confirming that the Debtor failed to remedy its breaches by June 17, 2015, in that the Debtor did not provide complete accounting statements to USHE nor did it make payments due to USHE under the USHE Agreement, and confirming to the Debtor that, effective as of June 18, 2015, the Agreement was terminated. Attached as Exhibit C is a true and correct copy of the referenced Termination Confirmation Letter.

6. As set forth in the Termination Confirmation Letter, USHE notified the Debtor that pursuant to the USHE Agreement all of the Debtor's rights under the agreement reverted to USHE "including, without limitation, [the Debtor's] rights to possess, manufacture and distribute the Video Devices made under this Agreement, and any and all amounts payable to [USHE] hereunder as of the date of [USHE's] termination notice will be immediately due and payable. In that event [the Debtor] will destroy those Video Devices or, at [USHE's] option, return them

to [USHE] provided [USHE] first reimburses [the Debtor] for its costs incurred in acquiring and returning them."

7.      Pursuant to the Termination Confirmation Letter, USHE also demanded that the Debtor provide a full accounting of its inventory of the Video Devices, and that the Debtor immediately destroy all such Video Devices and provide USHE with an affidavit attesting to such destruction.

Executed this 1st day of September, 2015

_____
Marsha A. Houston