# EXHIBIT A

# ReedSmith

**Marsha A. Houston**
Direct Phone: +1 213 457 8067
Email: mhouston@reedsmith.com

Reed Smith LLP
355 South Grand Avenue
Suite 2900
Los Angeles, CA 90071-1514
Tel +1 213 457 8000
Fax +1 213 457 8080
reedsmith.com

May 27, 2015

**Via Certified Mail and U.S. Mail**

Direct Brands, Inc.
2 Park Avenue, 10th Floor
New York, NY 10016
Attn: Clif Knight

**Re:    USHE / DBI - Agreement dated December 16, 2004; Notice of Termination**

Dear Mr. Knight:

We are counsel to Universal Studios Home Entertainment LLC ("USHE") in connection with the enforcement of its rights under the Agreement dated as of December 16, 2004 (as extended and amended from time-to-time, the "Agreement"), by and between USHE and Direct Brands, Inc., formerly Direct Group North America, Inc., which was formerly BMG Columbia House, Inc., as successor-in-interest to The Columbia House Company ("DBI"). Capitalized terms used herein shall have the meanings set forth in the Agreement, unless otherwise noted.

This letter confirms USHE's May 21, 2015, telephone conversation with you, in which we discussed DBI's failure to pay USHE since the payment made in connection with the statement for the period ending March 31, 2015, and DBI's ongoing cash issues. In this conversation, you were unable to confirm whether or not DBI has timely provided accounting statements required under the Agreement, but we advised you that USHE's records indicate DBI has not provided a statement to USHE since the period ending March 31, 2014.

The purpose of this letter is: i) to provide DBI with notice of its breaches of the Agreement; ii) to provide notice pursuant to section 15 of USHE's intent to terminate the Agreement; and iii) to reserve the rights of USHE with respect to other actions and remedies available to USHE.

DBI has failed to timely provide any accounting statements to USHE following the statement for the period ending March 31, 2014, pursuant to the terms of the Agreement, as amended, including but not limited to section 6.A, which states that DBI "will compute and pay royalties due [USHE], accompanied by accounting statements, within sixty (60) days after each March 31, June 30, September 30, and December 31 for the preceding three (3) months, in respect of each such three-month period during which Video Devices are sold."

Section 15.A of the Agreement provides that: "Either party shall be entitled, in addition to all its other rights and remedies at law, and at its option forthwith upon giving notice to the other party, to terminate this Agreement if said other party shall fail to perform any of its material obligations or material undertakings required of it hereunder, or shall be in breach of any material warranties or representations herein contained, and shall not have cured or remedied such failure or breach within twenty-one (21)

NEW YORK ♦ LONDON ♦ HONG KONG ♦ CHICAGO ♦ WASHINGTON, D.C. ♦ BEIJING ♦ PARIS ♦ LOS ANGELES ♦ SAN FRANCISCO ♦ PHILADELPHIA ♦ SHANGHAI ♦ PITTSBURGH ♦ HOUSTON
SINGAPORE ♦ MUNICH ♦ ABU DHABI ♦ PRINCETON ♦ NORTHERN VIRGINIA ♦ WILMINGTON ♦ SILICON VALLEY ♦ DUBAI ♦ CENTURY CITY ♦ RICHMOND ♦ ATHENS ♦ KAZAKHSTAN

US_ACTIVE-122138044.7-CORIVAS

**ReedSmith**

May 27, 2015
Page 2

days of written notification thereof." DBI's failure to timely provide accounting statements and to make payments due with such accounting statements pursuant to Section 6.A of the Agreement constitutes breaches of DBI's material obligations to USHE under Section 15.A of the Agreement. At this time, as a result of DBI's failure to provide accounting statements, USHE cannot determine the amount currently due to USHE, and it reserves its rights therewith.

**USHE hereby notifies DBI of its intent to terminate the Agreement pursuant to Section 15.A should DBI fail to remedy its failures or breaches within 21 days of the mailing of this letter, in which case this Agreement shall be terminated without further notice by USHE to DBI. Effective upon termination, USHE demands payment by DBI of all amounts due and owing to USHE pursuant to the Agreement.**

As set forth in Section 15.D of the Agreement, upon termination, in addition to USHE's other rights and remedies under the Agreement and applicable law, all of DBI's rights under the Agreement revert to USHE "including, without limitation, [DBI's] rights to possess, manufacture and distribute the Video Devices made under this Agreement, and any and all amounts payable to [USHE] hereunder as of the date of [USHE's] termination notice will be immediately due and payable."

USHE is still considering its response to the occurrence of the foregoing breaches by DBI. No delay on the part of USHE in exercising any rights or remedies should be construed as a waiver of any such rights or remedies and USHE does hereby expressly reserves all of its rights to exercise any right, power or remedy provided to it under the Agreement, or by law, either by suit in equity or by action at law, or both, without further notice, in its sole and absolute discretion.

Please contact Jed Lackman at 818.777.4380 or jed.lackman@nbcuni.com by no later than this Friday, May 29, 2015, at 5:00 p.m., Pacific Time, to confirm whether DBI intends to cure the foregoing breaches.

Very truly yours,

*Marsha A. Houston*
Marsha A. Houston

cc:    General Counsel; Director of Business Affairs - Video