**REED SMITH LLP**
Christopher A. Lynch, Esq.
599 Lexington Avenue, 22nd Floor
New York, NY 10022
Telephone: (212) 521-5400
Facsimile: (212) 521-5450

Marsha A. Houston, Esq. (admitted *pro hac vice*)
Christopher O. Rivas, Esq. (admitted *pro hac vice*)
355 S. Grand Ave., Suite 2900
Los Angeles, CA 90071
Telephone:    (213) 457-8000
Facsimile:    (213) 457-8080

*Attorneys for Universal Studios Home Entertainment LLC*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                              :
In re:                                        :   Chapter 11
                                              :
FILMED ENTERTAINMENT INC.,                    :   Case No. 15-12244 (SCC)
                                              :
                    Debtor.                   :
                                              :
------------------------------------------------------------x

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF UNIVERSAL STUDIOS HOME ENTERTAINMENT LLC TO DEBTOR'S MOTION FOR ENTRY OF: (I) AN ORDER (A) APPROVING BIDDING PROCEDURES FOR THE SALE OF SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS, (B) SCHEDULING AN AUCTION AND A SALE HEARING RELATED THERETO, AND (C) APPROVING THE FORM OF NOTICE OF THE AUCTION AND SALE HEARING; AND (II) AN ORDER (A) APPROVING SUCH SALE FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS, (B) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH THE SALE, AND (C) GRANTING RELATED RELIEF**

Universal Studios Home Entertainment LLC ("USHE") hereby submits its limited objection and reservation of rights to the *Motion for Entry of: (i) an Order (a) Approving Bidding Procedures for the Sale of Substantially all of the Debtor's Assets, (b) Scheduling an*

- 1 -

*Auction and a Sale Hearing Related Thereto, and (c) Approving the Form of Notice of the Auction and Sale Hearing; and (ii) an Order (a) Approving Such Sale Free and Clear of Liens, Claims, Encumbrances and Other Interests, (b) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with the Sale, and (c) Granting Related Relief* (the "Motion") [Dkt. No. 80], filed by Filmed Entertainment Inc., a/k/a BMG Columbia House, Bertelsmann Direct North America, Inc., Direct Group North America, Inc. and Direct Brands, Inc. (the "Debtor") and in support thereof states as follows:

## I.    INTRODUCTION

1.    Pursuant to the Motion, the Debtor seeks this Court's approval as to the notice and other bidding procedures of a proposed sale of certain of the Debtor's assets, identified in the Motion as the "Acquired Assets". [Motion at p. 15.]

2.    USHE requested from the Debtor the schedule of "Acquired Assets", which was identified as Schedule 2.1 in the Motion but notably not included with the Motion. USHE has requested assurance from the Debtor that it would not seek to market or sell USHE's property (which is described more fully below) without USHE's consent. The Debtor informed USHE that it had not yet prepared Schedule 2.1, and it was reserving its rights regarding "all assets that are property of the estate."

3.    USHE objects to the Motion solely to the extent it purports to authorize the Debtor to market or seek to sell USHE's property without USHE's express agreement and permission, such property including DVDs, Blu-Rays and other physical media licensed to the Debtor by USHE, or any other materials provided by USHE to the Debtor (collectively, the

"Video Devices")[1], pursuant to an Agreement dated as of December 16, 2004 (as extended and amended from time-to-time, the "USHE Agreement"), by and between USHE and Debtor.[2] The Debtor was granted strictly limited license rights to the Video Devices under the USHE Agreement, which expressly provided that "[t]itle to all materials made available by [USHE] to [the Debtor] hereunder shall be and remain vested in USHE . . .". [Roussey Decl., ¶ 6.]

4. The list of Video Devices that the Debtor has identified as remaining in its possession are set forth in Exhibit A to the previously-filed Roussey Declaration. [Dkt. No. 42.]

5. The Video Devices are not now nor have they ever been property of the estate pursuant to Bankruptcy Code section 541, and, moreover, USHE terminated the USHE Agreement and the Debtor's interests in the Video Devices under the USHE Agreement on June 8, 2015 -- more than one month prior to the Debtor's bankruptcy.

6. USHE files this limited objection and reservation of rights solely to reserve its rights with respect to the Video Devices should the Debtor seek to sell such property without USHE's permission and pursuant to terms mutually agreeable between USHE and the Debtor, or without informing prospective purchasers that the Video Devices are owned by USHE. Otherwise, USHE does not wish to stand in the way of the Motion being approved. USHE is

---

1 As set forth in the USHE Agreement, "Video Devices", is defined as "any form of video cassette, cartridge, videogram, video disc, tape or other device existing now or devised in the future, including but not limited to VHS, or DVD on which Video Software is recorded and, when the device is used in conjunction with playback equipment, can be exhibited visually (whether or not synchronized with sound) on the screen of a television receiver or any comparable device existing now or devised in the future." [*See* 9/1/15 Declaration of John Roussey, previously submitted to this Court as Docket No. 42 ("Roussey Decl."), ¶ 4.]

2 The Debtor signed the USHE Agreement as Direct Brands, Inc., formerly Direct Group North America, Inc., which was formerly BMG Columbia House, Inc., as successor-in-interest to The Columbia House Company. The terms of the USHE Agreement are subject to strict confidentiality terms and, thus, the USHE Agreement is not being filed with this Objection. The Debtor is in possession of a copy of the USHE Agreement, and USHE will file the USHE Agreement, under seal, should the Court wish to examine it. [Roussey Decl., ¶ 3.]

open to discussing the terms of a potential sale of the Video Devices with the Debtor, and USHE has reached out to the Debtor to negotiate the terms of such a sale.

## II.    BACKGROUND

7.    Pursuant to the USHE Agreement, USHE agreed to license, only to the Debtor, certain "Video Software" (i.e., certain identified films and television series) to be made available for distribution under the strict terms and conditions of the USHE Agreement in certain territories, and such Video Software was to be distributed by the Debtor subject to the strict license terms of the USHE Agreement. [Roussey Decl., ¶ 6.]

8.    In consideration for the licenses granted under the USHE Agreement, the Debtor agreed, among other things, to pay royalties to USHE and to provide USHE with quarterly accounting statements setting forth which Video Devices were sold.  The Debtor breached the USHE Agreement by failing to provide accounting statements to USHE since the quarterly period ending March 31, 2014, and failed to make payments to USHE since that time.  [Roussey Decl., ¶ 7.]

9.    USHE notified the Debtor of its breaches under the USHE Agreement, including its failure to timely provide accounting statements to USHE, and to make payments due with such accounting statements pursuant to the USHE Agreement, as set forth more fully in letters dated May 27 and May 28, 2015 (together, the "Termination Letters").  [9/1/15 Declaration of Marsha A. Houston previously filed as Docket. No. 43   ("Houston Decl."), Exs. A and B.] USHE further notified the Debtor that, pursuant to the USHE Agreement, USHE intended to terminate the USHE Agreement without further notice should the Debtor fail to remedy its breaches within 21 days of the mailing of the May 27, 2015 letter (i.e., by not later than June 17,

2015). Pursuant to the Termination Letters, and effective upon termination on June 18, 2015, USHE demanded payment by the Debtor of all amounts due and owing to USHE pursuant to the USHE Agreement.  [Houston Decl., ¶ 4 and Ex. A thereto.]

10. The Debtor failed to remedy its breaches by June 17, 2015, in that the Debtor did not provide complete accounting statements to USHE nor did it make payments due to USHE under the USHE Agreement. In a letter dated June 30, 2015 (the "Termination Confirmation Letter"), USHE confirmed to the Debtor that, effective as of June 18, 2015, the USHE Agreement was terminated. Further, USHE notified the Debtor that pursuant to the USHE Agreement all of the Debtor's rights under the USHE Agreement reverted to USHE "including, without limitation, [the Debtor's] rights to possess, manufacture and distribute the Video Devices made under this Agreement, and any and all amounts payable to [USHE] hereunder as of the date of [USHE's] termination notice will be immediately due and payable. In that event [the Debtor] will destroy those Video Devices or, at [USHE's] option, return them to [USHE] provided [USHE] first reimburses [the Debtor] for its costs incurred in acquiring and returning them." [Houston Decl., Ex. C.]

11. Among other things, USHE demanded that the Debtor provide a full accounting of its inventory of the Video Devices, and that the Debtor immediately destroy all such Video Devices and provide USHE with an affidavit attesting to such destruction. [Houston Decl., Exs. A and C.] The Debtor had no ownership rights in the Video Devices prepetition, which ownership rights were expressly retained by USHE, and was granted only a limited license to distribute the Video Devices in strict accordance with the USHE Agreement. Moreover, under the express terms of the USHE Agreement, the limited distribution rights the Debtor had with respect to the Video Devices were expressly terminated. Therefore, as of the Petition Date, the

- 5 -

Debtor had no property rights to the Video Devices whatsoever, by license, copyright or otherwise.

### III.   LEGAL ANALYSIS

12.   Section 541 of the Bankruptcy Code defines property of the estate to be comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1).  Congress did not intend to "expand the debtor's rights against others more than they exist at the commencement of the case." H.R. Rep. No. 595, 95th Cong. 1st Sess. 367 (1977), 1978 U.S.Code Cong. & Ad.News at 5787, 6323.  The nature and extent of those rights, if any, are fixed by state law. *Butner v. U.S.*, 440 U.S. 48 (1979).  The filing of a petition under the Code does not expand those rights. *See, e.g., Moody v. Amoco Oil Company*, 734 F.2d 1200, 1213 (7th Cir. 1984) ("section 541(a) provides that a debtor's estate consists of 'all legal or equitable interests of the debtor in property as of the commencement of a case.' Thus whatever rights a debtor has in property at the commencement of the case continue in bankruptcy-no more, no less.")  Here, the USHE Agreement conferred only strictly limited license rights to the Debtor for distribution purposes, and title to all materials provided by USHE to the Debtor expressly remained vested in USHE.  [Roussey Decl., ¶ 6.]  As such, the Debtor has never had the right to assert any ownership interest over the Video Devices.

13.   Although the Debtor had limited rights to distribute the Video Devices pre-petition pursuant to the USHE Agreement, it was only permitted to do so pursuant to the terms of the USHE Agreement, including the payment of royalties to USHE.  However, the limited rights the Debtor did have to the Video Devices were terminated pre-petition.  Where a debtor's interest in property terminates prepetition, that property is not part of the bankruptcy estate, and the automatic stay does not apply to postpetition disposition of such property. *See In re Pettit*,

217 F.3d 1072, 1077 (9th Cir. 2000). Where a license agreement or other property right of a debtor is terminated before the petition date, the property does not become part of the debtor's estate. *In re Robotic Vision Sys., Inc.*, 322 B.R. 502, 508 (Bankr. D.N.H. 2005) ("[A]ny rights the Debtor may have had in the Disputed Technology, be they pursuant to a license or an assignment, were terminated prior to the Petition Date. Therefore, on the Petition Date, the Debtor had no interest in the Disputed Technology"); *see also In re M.J. & K. Co.*, 161 B.R. 586, 591 (Bankr. S.D.N.Y. 1993) (granting relief from stay to licensor where license to operate bookstore terminated, under its own terms, postpetition); *In re Varisco*, 16 B.R. 634, 637 (Bankr. M.D. Fla. 1981) (finding that debtor had no rights under franchise agreement where rights thereunder were terminated prepetition).

14. Here, as set forth above, any rights of the Debtor to distribute or sell the Video Devices were terminated pursuant to the express terms of the USHE Agreement prior to the Petition Date, on June 18, 2015, and the Video Devices are not property of the Debtor's estate. Accordingly, the Debtor may not attempt to market or sell the Video Devices without the express permission and consent of USHE on terms agreeable to USHE.

## IV.    CONCLUSION

Based on the foregoing, USHE respectfully objects to the Motion to the extent the Debtor seeks this Court's approval to market or sell the Video Devices without USHE's consent, and reserves its rights to further object to any proposed sale of the Video Devices.

| | |
|---|---|
| Dated: New York, New York<br>September 17, 2015 | REED SMITH LLP<br><br>By: /s/ Christopher A. Lynch<br>Christopher A. Lynch, Esq.<br>599 Lexington Avenue<br>New York, NY  10022<br>Telephone:  (212) 521-5400<br>Facsimile:  (212) 521-5450<br>E-mail:  clynch@reedsmith.com<br><br>Marsha A. Houston, Esq. (admitted *pro hac vice*)<br>Christopher O. Rivas, Esq. (admitted *pro hac vice*)<br>355 S. Grand Ave., Suite 2900<br>Los Angeles, CA  90071<br>Telephone:     (213) 457-8000<br>Facsimile:       (213) 457-8080<br><br>*Attorneys for Universal Studios Home Entertainment LLC* |