Hearing Date:  September 24, 2015 at 2:00 p.m. (ET)
        Objection Deadline:  September 22, 2015 at 4:00pm (ET)
        (Extended By Consent Of The Debtor)

**LOWENSTEIN SANDLER LLP**
1251 Avenue of the Americas
New York, New York 10020
(212) 262-6700 (Telephone)
(212) 262-7402 (Facsimile)
S. Jason Teele, Esq.
Jeffrey J. Wild, Esq.

*Proposed counsel for the Official Committee of Unsecured Creditors*
*of Filmed Entertainment Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>FILMED ENTERTAINMENT INC.,<br><br>                       Debtor. | Chapter 11<br><br>Case No. 15-12244 (SCC) |

**OBJECTION AND RESERVATION OF RIGHTS OF THE OFFICIAL COMMITTEE
OF UNSECURED CREDITORS OF FILMED ENTERTAINMENT INC.
TO RELIEF SOUGHT IN DEBTOR'S MOTION FOR ENTRY OF: (I) AN ORDER (A)
APPROVING BIDDING PROCEDURES FOR THE SALE OF SUBSTANTIALLY ALL
OF THE DEBTOR'S ASSETS, (B) SCHEDULING AN AUCTION AND A SALE
HEARING RELATED THERETO, AND (C) APPROVING THE FORM OF NOTICE OF
THE AUCTION AND SALE HEARING; AND (II) AN ORDER (A) APPROVING SUCH
SALE FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND OTHER
INTERESTS, (B) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF
CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION
WITH THE SALE, AND (C) GRANTING RELATED RELIEF**

       The Official Committee of Unsecured Creditors (the "**Committee**") appointed in the case of the above-captioned debtor and debtor-in-possession (the "**Debtor**"), by and through its proposed counsel, files this objection and reservation of rights (the "**Objection**") with respect to the *Debtor's Motion for Entry of: (i) an Order (a) Approving Bidding Procedures for the Sale of Substantially all of the Debtor's Assets, (b) Scheduling an Auction and a Sale Hearing Related Thereto, and (c) Approving the Form of Notice of the Auction and Sale Hearing; and (ii) an*

*Order (a) Approving Such Sale Free and Clear of Liens, Claims, Encumbrances and Other Interests, (b) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with the Sale, and (c) Granting Related Relief* (the "**Bid Procedures Motion**") [Docket No. 80]. In support of this Objection, the Committee respectfully states as follows:

## BACKGROUND

1. On August 10, 2015 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Case**") in the United States Bankruptcy Court for the Southern District of New York (the "**Court**").

2. No trustee or examiner has been appointed in the Chapter 11 Case.

3. On August 18, 2015, the Office of the United States Trustee appointed the Committee pursuant to section 1102 of the Bankruptcy Code. The Committee is comprised of the following members: (a) Pension Benefit Guaranty Corporation; (b) Universal Studios Home Entertainment, LLC; (c) Mr. Richard C. Wolter; (d) Paramount Home Entertainment, Inc.; and (e) Equinix, Inc. [Docket No. 34].

4. On September 10, 2015, the Debtor filed the Bid Procedures Motion seeking approval of, among other things, certain bid procedures governing the sale of substantially all of the Debtor's assets (the "**Bid Procedures**").[1]

5. On September 14, 2015, the Debtor agreed to extend the Committee's deadline to object to the Bid Procedures component of the Bid Procedures Motion (the "**Committee Objection Deadline**").

6. A hearing to approve the Bid Procedures Motion is scheduled for September 24, 2015 at 2:30 p.m. (ET) (the "**Bid Procedures Hearing**").[2]

---

[1] Paragraph 21 of the proposed order approving the Bid Procedures includes a broad reservation of rights for all parties in interest, including the Creditors' Committee, to object to the Sale (as defined in the Bid Procedures Motion).

**OBJECTION**

7.    The Committee had significant concerns with, and objections to, certain portions of the Bid Procedures Motion. All but one of these concerns and objections have been resolved through the good faith negotiations of the Debtor's and Committee's professionals. All of the respective resolutions have been memorialized through modifications to the Bid Procedures, the proposed order approving the Bid Procedures, and other related documents.

8.    One significant issue remains outstanding: ***the Debtor indefensibly refuses to permit any member of the Committee (or even a representative member of the Committee) to attend the Auction***. The Auction is the seminal event in this Chapter 11 Case. Selling the Debtor's assets is the main reason the Debtor sought the protections of the Bankruptcy Code. *See First Day Affidavit of Glenn Langberg Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York* [Docket No. 2] at ¶¶ 43-47. When pressed for reasons that justify excluding the Committee from the Auction (as defined in the Bid Procedures Motion), the Debtor (through counsel) expressed formless, nonsensical (and baseless) concerns that Committee members would interfere with the Auction, impede the process, and usurp the Debtor's authority. Nothing could be further from the truth. The Committee (through its members or a representative member) has no intention of interfering with the Auction in any way. The Committee supports the Debtor's sale efforts and has worked diligently with the Debtor and its professionals with respect to the sale since the Committee was originally appointed.

9.    The outcome of the Auction will play an integral role in determining whether (and how much) the Debtor will be able to repay the alleged secured creditors and make distributions to unsecured creditors. Because the Auction is such a significant event in the Chapter 11 Case, the Committee, as the official representative of <u>all</u> general unsecured creditors, must be permitted to attend the Auction, in-person. Attending the Auction will enable the Committee members to

---

[2]    Unless otherwise defined herein, capitalized terms will have the meanings ascribed to them in the Bid Procedures Motion.

discharge their fiduciary duties and help ensure a fair and open process that promotes the best possible outcome for all constituencies.  It is not sufficient (nor is it customary) for the Committee members to have to rely on disembodied statements over a muffled (and muted) conference line or rely solely on reports of Committee counsel.  The individual members of the Committee owe fiduciary duties to the Debtor's estate, and the Debtor is seeking to prevent them from fulfilling their duties.

10. A secret Auction, conducted out of view of every constituency except for the Debtor, is also antithetical to the openness and disclosure that is the *sine qua non* of receiving the protections that the Bankruptcy Code offers to companies in distress. The Debtor's efforts to conceal what should be open leaves the Committee wondering what the Debtor has to hide. The Debtor's cover-up deprives the Committee of the ability to witness the sale process, ensure that the process is fair and open to all qualified bidders so as to promote a successful and fair outcome, and enable the Committee to advise the Court (through a subsequent objection) of any defects that may have tainted the process and led to an unfair or inappropriate result.[3] The Committee emphatically reprises its earlier statement:  its interest in attending the Auction is to witness the seminal event in this Chapter 11 Case in order to properly discharge its fiduciary duties, **not** to interfere with the Auction, impede a fair and open process, or usurp the Debtor's authority.

11. The relief the Committee seeks in this regard is not extraordinary. In fact, it is commonplace for Committee members to attend auctions in chapter 11 cases.  Numerous courts, in this and other districts, have approved bid procedures that allow individual committee members and creditors, generally, to attend an auction. *See, e.g., In re NII Holdings, Inc.,* Case No. 14-12611 (SCC) (Bankr. S.D.N.Y. Feb. 17, 2015) (Docket No. 472, Ex. 1 at ¶10) ("[M]embers of the

---

[3] The Debtor's argument that the Committee will be kept apprised of the Auction through reports by Committee counsel, who is permitted to attend the Auction, fails by its own weight. Counsel represents a statutory party in interest, but is not the actual party in interest. While a lawyer can provide advice and guidance to her/his client, that is a poor substitute for the client witnessing such an important event for itself and then formulating a position with the advice and guidance of counsel.

Creditors' Committee will be permitted to attend and observe the Auction."); *In re dELiA*s, Inc.*, Case No. 14-236778 (RDD) (Bankr. S.D.N.Y. Feb. 10, 2015) (Docket No. 205, Ex. 1 at ¶I.d) ("[T]he Committee ... and their respective advisors, shall be permitted to attend the Auction[.]"); *In re Aereo, Inc.*, Case No. 14-13200 (SHL) (Bankr. S.D.N.Y. Dec. 24, 2014) (Docket No. 110 at ¶7(d)) ("The ... Committee, and ... their counsel are permitted to attend the Auction."); *see also, In re Imris, Inc.,* Case No. 15-11133 (CSS) (Bankr. D. Del. Jun. 16, 2015) (Docket No. 98, Ex. 1 at ¶H(a)) ("only the ... unsecured creditors committee, and their respective advisors may attend the Auction;"); *In re Karmaloop, Inc.*, Case No. 15-10635 (MFW) (Bankr. D. Del. Apr. 23, 2015) (Docket No. 147, Ex. 1 at ¶7) ("Other than the Debtors and the Creditors' Committee and their advisors, only [certain other parties may attend the auction]."); *In re Caché, Inc.*, Case No. 15-10172 (MFW) (Bankr. D. Del. Feb. 25, 2015) (Docket No. 196, Ex. 1 at ¶7(a)) ("Only the ... Creditors' Committee ... and advisors to each of the forgoing, will be entitled to attend the Auction[.]"); *In re The Wet Seal, Inc.*, Case No. 15-10081 (CSS) (Bankr. D.Del. Feb. 18, 2015) (Docket No. 329 at ¶6) ("The authorized representatives of the ... Committee (including Committee members and their counsel) ... shall be permitted to attend the Auction[.]"); *In re Hipcricket, Inc.*, Case No. 15-10104 (CSS) (Bankr. Feb. 11, 2015) (Docket No. 118, Ex 1 at p 10 ¶ ix) (Approved bid procedures provide that creditors may attend the auction pursuant to local rule 6004(c)(ii)(C) and upon notice to debtor's counsel); *In re Deb Stores Holding LLC*, Case No. 14-12676 (KG) (Bankr. D. Del. Dec. 18, 2014) (Docket No. 159, Ex. 1 at ¶7(a)) ("Only ... the Committee and the advisors to each of the forgoing will be entitled to attend the Auction[.]"); *In re Dendreon Corporation et al.*, Case No. 14-12515 (PJW) (Bankr. D. Del. Dec. 17, 2014) (Docket No. 195 at ¶18) ("Any creditor shall be permitted to attend the Auction."); *In re Baxano Surgical, Inc.*, Case No. 14-12545 (CSS) (Bankr. D. Del. Dec. 12, 2014) (Docket No. 147 at ¶10) ("All creditors of the Debtor will be permitted to attend the Auction."); *In re School Specialty, Inc.*, Case No. 13-10125 (KJC) (Bankr. D. Del. Mar. 18, 2013) (Docket No. 586 at ¶29) ("The

Auction will be conducted openly, but only ... the Creditors' Committee and advisors to each of these parties may attend the Auction[.]").

12. Excluding members of the Committee from the Auction serves no purpose other than to disenfranchise all of the Debtor's general unsecured creditors and is not in conformity with well-established customs in chapter 11 cases.

13. Accordingly, the Committee asks this Court to permit the Committee members (or a representative of the Committee) to attend the Auction and to permit other members of the Committee to attend the Auction via a live (not listen only) conference bridge.

## RESERVATION OF RIGHTS

14. The Committee reserves its rights supplement this Objection at or prior to the Bid Procedures Hearing.

Dated: September 22, 2015

**LOWENSTEIN SANDLER LLP**

By: */s/ S. Jason Teele*
S. Jason Teele, Esq.
Jeffrey J. Wild, Esq.
1251 Avenue of the Americas
New York, New York 10020
(212) 262-6700 (Telephone)