Hearing Date: September 24, 2015 at 2:30 p.m. (New York Time)

**GRIFFIN HAMERSKY P.C.**
485 Madison Avenue, 7th Floor
New York, New York 10022
Telephone: (212) 710-0338
Facsimile:  (212) 710-0339
Scott A. Griffin
Michael D. Hamersky

Proposed Counsel for the Debtor
and Debtor in Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
                                                               :
In re:                                                         :    Chapter 11
                                                               :
FILMED ENTERTAINMENT INC.,                                     :
                                                               :    Case No. 15-12244 (SCC)
                      Debtor.[1]                               :
                                                               :
---------------------------------------------------------------x

**DEBTOR'S REPLY TO LIMITED OBJECTION AND RESERVATION OF RIGHTS OF
UNIVERSAL HOME ENTERTAINMENT LLC TO DEBTOR'S MOTION
FOR ENTRY OF:  (I) AN ORDER (A) APPROVING BIDDING PROCEDURES
FOR THE SALE OF SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS, (B)
SCHEDULING AN AUCTION AND A SALE HEARING RELATED THERETO,
AND (C) APPROVING THE FORM OF NOTICE OF THE AUCTION AND SALE
HEARING; AND (II) AN ORDER (A) APPROVING SUCH SALE FREE AND
CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS,
(B) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF
CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES
IN CONNECTION WITH THE SALE, AND (C) GRANTING RELATED RELIEF**

TO THE HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE:

    The debtor and debtor in possession in the above-captioned case (the "Debtor") hereby files this reply (the "Reply") to the Limited Objection and Reservation of Rights (the "Objection") [Dkt. No.86] of Universal Home Entertainment LLC ("Universal") to Debtor's Motion for Entry of: (i) An Order (a) Approving Bidding Procedures for the Sale of Substantially All of the Debtor's Assets, (b) Scheduling an Auction and a Sale Hearing Related Thereto, and

---

[1] The last four digits of the Debtor's federal tax identification number are 3867.

(c) Approving the Form of Notice of the Auction and Sale Hearing; and (ii) an Order (a) Approving Such Sale Free and Clear of Liens, Claims, Encumbrances and Other Interests, (b) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with the Sale, and (c) Granting Related Relief (the "Motion") [Dkt. No. 80].[2]  In support of this Reply, the Debtor respectfully states as follows:

## RELEVANT FACTUAL BACKGROUND

**The Chapter 11 Case**

1. On August 10, 2015, (the "Petition Date"), the Debtor filed a voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code.

2. The Debtor continues to manage and operate its business as a debtor in possession under sections 1107 and 1108 of the Bankruptcy Code.

3. On August 18, 2015, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Creditors' Committee") pursuant to section 1102 of the Bankruptcy Code. [Dkt. No. 34].

4. Universal is a member of the Creditors' Committee.

5. The factual background regarding the Debtor, including its operations, its capital and debt structure, and the events leading to the filing of this Chapter 11 Case, is set forth in detail in the Affidavit of Glenn Langberg, filed under Local Bankruptcy Rule 1007-2 in support of the Debtor's chapter 11 petition and various first day applications and motions (the "Affidavit") [Dkt. No. 2], and is incorporated herein by reference.

6. On September 10, 2015, the Debtor's filed the Motion for two-part relief: (i) a request for approval (the "Bidding Procedures Motion") and entry of the Bidding Procedures Order, including the Bidding Procedures and the Sale Notice; and (ii) a request for approval of the sale of the Acquired Assets (the "Sale Motion") and entry of a related Sale Order.

---

[2] All capitalized terms used herein, but not otherwise defined, shall have the meanings ascribed to them in the Motion.

2

**The Parties' Prepetition Business Relationship**

7. On December 16, 2004, the Debtor and Universal entered into that certain agreement, as amended and extended from time to time (the "Agreement"),[3] pursuant to which Universal granted the Debtor an ***exclusive right*** to manufacture, advertise, market, distribute and sell Video Devices.[4]

8. Pursuant to letters, dated May 27, 2015 and May 28, 2015, Universal notified the Debtor of its alleged breaches of the Agreement, including the Debtor's alleged failure to timely provide accounting statements to Universal, and to make payments due with respect to such accounting statements.

9. By further letter, dated June 30, 2015, Universal purportedly terminated the Agreement, effective as of June 18, 2015, due to the Debtor's failure to to remedy the alleged breaches.

10. On September 13, 2015, counsel for Universal requested a copy of the schedule of the Acquired Assets. On the same date, Debtor's counsel advised Universal that such schedule has yet to be prepared, but would ultimately be negotiated by the Debtor and the Successful Bidder(s) as part of the sale process.

11. On September 17, 2015, Universal filed the Objection.

**REPLY**

12. Universal's Objection to the Bidding Procedures Motion on the basis that it is the owner of the Video Devices is premature. It is beyond dispute that objections to a

---

[3] Due to the highly confidential nature of the Agreement, a copy is not attached hereto but will be available to this Court's chambers upon request.

[4] Pursuant to the Agreement, "Video Devices" means any form of video cassette, cartridge, videogram, video disc, tape or other device existing now or devised in the future, including but not limited to VHS, or DVD on which video software is recorded and, when the device is used in conjunction with playback equipment, can be exhibited visually (whether or not synchronized with sound) on the screen of a television receiver or any comparable device existing now or devised in the future. Here, the Video Devices consist almost exclusively of DVDs and Blu-ray discs.

3

debtor's proposed bidding procedures order should focus on alleged defects relating to, *inter alia*, the bidding procedures, the conduct of the auction, or the notice of the sale. Indeed, a debtor's bidding procedures and the related order are procedural in nature. The bidding procedures "merely [establish] a process whereby interested parties may examine what [the] [d]ebtor offers for sale, conduct the necessary due diligence, and participate in a public auction process." *In re Durango Georgia Paper Co.*, 336 B.R. 594, 597 (Bankr. S.D. Ga. 2005). Universal's Objection, however, fails to raise any issue regarding the procedural aspect of the relief requested in the Bidding Procedures Motion. Instead, Universal objects to the extent the Debtor seeks to sale the Video Devices - property that Universal contends is not property of the estate under section 541 of the Bankruptcy Code.[5]

13. An objection to the Sale of some or all of the proposed Acquired Assets is only appropriate to relief sought by the Debtor to actually sell those assets – *i.e.*, an objection to the Sale Motion - not the Debtor's request to approve the procedural components to reach the Sale. To the extent there is a dispute over the Debtor's ownership of any of the Acquired Assets after the Auction, the determination of the validity, priority and extent of a third party's interest in such property, including Universal's, should be determined at a different proceeding before this Court. *See e.g. Durango Georgia Paper Co.*, 336 B.R. at 597 (finding that a party's objection to a debtor's bidding procedures was an improper vehicle for the court to make a decision regarding the party's interest in assets contemplated for sale). Simply put, Universal's Objection is procedurally improper at this stage of the sale process.[6]

---

[5] The Debtor reserves all rights as to whether the Video Devices are property of the estate.

[6] Significantly, the Debtor has sent Universal proposed language to be inserted in the proposed Bidding Procedures, the Bidding Procedures Order and the Sale Order that would, among other things, (i) advise bidders of Universal's position regarding its alleged ownership of the Video Devices; (ii) promptly notify Universal of any bids that contemplate purchasing the Video Devices; and (iii) provide a purchase price allocation for the Video Devices if the items are included as part of the Acquired Assets, with such purchase price allocation to be escrowed pending a determination as to whether the Video Devices are property of the estate or an agreement among the parties regarding the sale of such Video Devices.

## **CONCLUSION**

Based on the foregoing, the Debtor respectfully requests that the Objection, to the extent not consensually resolved prior to the hearing, be overruled, and that the Motion be granted in its entirety.

Dated:  New York, New York
September 22, 2015

                                        GRIFFIN HAMERSKY P.C.

                                        By: /s/ Scott A. Griffin
                                        Scott A. Griffin
                                        Michael D. Hamersky
                                        485 Madison Avenue, 7th Floor
                                        New York, New York 10022
                                        Telephone:  (212) 710-0338
                                        Facsimile:  (212) 710-0339

                                        Proposed Counsel for the Debtor
                                        and Debtor in Possession