**Hearing Date:  September 24, 2015 at 2:30 p.m. (New York Time)**

**GRIFFIN HAMERSKY P.C.**
485 Madison Avenue, 7th Floor
New York, New York 10022
Telephone:  (212) 710-0338
Facsimile:  (212) 710-0339
Scott A. Griffin
Michael D. Hamersky

Proposed Counsel for the Debtor
and Debtor in Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                              :

In re:                                   :        Chapter 11
                                              :

FILMED ENTERTAINMENT INC.,     :
                                              :        Case No. 15-12244 (SCC)

                   Debtor.[1]       :
                                              :
------------------------------------------------------------x

### NOTICE OF FILING REVISED PROPOSED ORDER PURSUANT TO SECTIONS 105(a), 327, 330, AND 331 OF THE BANKRUPTCY CODE FOR AUTHORIZATION TO EMPLOY PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS *NUNC PRO TUNC* TO THE PETITION DATE

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1. On September 1, 2015, Filmed Entertainment Inc., as debtor and debtor in possession (the "Debtor"), filed its Motion for an Order Pursuant to Sections 105(a), 327, 330 and 331 of the Bankruptcy Code for Authorization to Employ Professionals Utilized in the Ordinary Course of Business *Nunc Pro Tunc* to the Petition Date (the "Motion") [**Docket No. 48**].

---

[1]    The last four digits of the Debtor's federal tax identification number are 3867.

2. Attached hereto as Exhibits "A" and "B," respectively, are clean and blacklined copies of the revised proposed order granting the Motion, along with its underlying exhibits (the "Proposed Order"), reflecting changes made to the original form of proposed order attached as an exhibit to the Motion.

Dated:    New York, New York
          September 22, 2015

                                    GRIFFIN HAMERSKY P.C.


                                    By: /s/ Scott A. Griffin
                                    Scott A. Griffin
                                    Michael D. Hamersky
                                    485 Madison Avenue, 7th Floor
                                    New York, New York 10022
                                    Telephone: (212) 710-0338
                                    Facsimile: (212) 710-0339

                                    Proposed Counsel for the Debtor
                                    and Debtor in Possession

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                :
In re:                                          :        Chapter 11
                                                :
FILMED ENTERTAINMENT INC.,                      :        Case No. 15-12244 (SCC)
                                                :
                        Debtor.[1]              :
                                                :
-----------------------------------------------------------------X

**ORDER PURSUANT TO SECTIONS 105(a), 327, 330, AND 331
OF THE BANKRUPTCY CODE FOR AUTHORIZATION
TO EMPLOY PROFESSIONALS UTILIZED IN THE ORDINARY
COURSE OF BUSINESS *NUNC PRO TUNC* TO THE PETITION DATE**

Upon the motion (the "Motion")[2] of the Debtor for an Order, pursuant to sections

105(a), 327, 330, and 331 of the Bankruptcy Code authorizing the Debtor to employ and retain

professionals utilized in the ordinary course of business (each an "Ordinary Course

Professional," and collectively, the "Ordinary Course Professionals") *nunc pro tunc* to the

Petition Date; and upon the Affidavit; and upon the OCP Retention Declaration; and sufficient

notice of the Motion having been given; and it appearing that no other or further notice need be

provided; and a hearing to consider the Motion having been held on September 24, 2015; and it

appearing that the relief requested in the Motion is in the best interests of the Debtor, its estate,

its creditors and other parties in interest; and after due deliberation thereon and sufficient cause

appearing therefor, it is hereby

**ORDERED, ADJUDGED AND DECREED that:**

1.      The Motion is **GRANTED** to the extent provided herein.

---

[1]    The last four digits of the Debtor's federal tax identification number are 3867.

[2]    Capitalized terms used herein, but not otherwise defined, shall have the meanings ascribed to them in the
Motion.

2.      The Debtor is hereby authorized, but not directed to, employ, retain, and pay the Ordinary Course Professionals, listed on Exhibit "1" attached hereto, without the submission of separate employment applications and the issuance of separate retention orders for each individual professional, *nunc pro tunc* to the Petition Date, pursuant to the procedures described in this Order.

3.      Each Ordinary Course Professional shall provide the Debtor's attorneys with a completed Verified Statement, attached as Exhibit "2" hereto, within thirty (30) days of entry of this Order,

4.      The Debtor shall subsequently file the Verified Statement with the Court, and serve a copy thereof upon the Reviewing Parties.

5.      The Reviewing Parties shall have fourteen (14) days following service (the "Objection Deadline") to notify the Debtor, the other Reviewing Parties, and the relevant Ordinary Course Professional, in writing, of any objection to the retention of such Ordinary Course Professional.

6.      If, after the Objection Deadline, no objection is filed, the retention, employment, and compensation of such Ordinary Course Professional is approved, without further order from this Court, *nunc pro tunc* to the Petition Date.  If an objection is filed prior to the Objection Deadline, and such objection cannot be resolved within fourteen (14) days, the matter shall be set for a hearing before this Court.

7.      If the retention, employment, and compensation of such Ordinary Course Professional is approved, the Debtor is permitted to pay each Ordinary Course Professional, without further application to the Court, one hundred percent (100%) of any postpetition fees and disbursements incurred, upon submission of an invoice, setting forth in reasonable detail the

nature of the services rendered and disbursements actually incurred, to the Debtor and Creditors'

Committee, subject to the approval of such invoice by same; provided, however, that if the

amount owed for an Ordinary Course Professional's postpetition fees and disbursements exceeds

$15,000 in any month, and the Creditors' Committee has not consented to payment of such

postpetition fees and disbursements in excess of $15,000 for that month, then the full amount of

payment to such professional for such month shall be subject to approval of this Court, upon a

fee application in accordance with sections 330 and 331 of the Bankruptcy Code, the Federal

Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New

York, the Fee Guidelines promulgated by the U.S. Trustee, and any and all orders of this Court.

8.      In the event that an Ordinary Course Professional seeks more than $75,000

for the entire period in which this Chapter 11 Case is pending, such Ordinary Course

Professional shall be required to file a retention application to be retained as a professional

pursuant to section 327 of the Bankruptcy Code.

9.      The Debtor reserves the right to retain additional Ordinary Course

Professionals during the Chapter 11 Case, as the need arises, and to otherwise supplement the list

of Ordinary Course Professionals as necessary.    In such event, the Debtor will file a

Supplemental Notice of Ordinary Course Professionals, and serve the Supplemental Notice of

Ordinary Course Professionals on the Reviewing Parties.    The procedures and deadlines for

Reviewing Parties to object to the retention, employment, or compensation of the additional

Ordinary Course Professionals are the same as those set forth herein for the Ordinary Course

Professionals listed on Exhibit "1" attached hereto.

10.      The Debtor is hereby authorized to take such actions as may be required to

carry out the intent and purpose of this Order.

3

11.    The terms and provisions of this Order shall be immediately effective and

enforceable upon entry of this Order.

12.    This Court shall retain jurisdiction with respect to all matters arising from

or related to the implementation or interpretation of this Order.


Dated:    New York, New York
.        _____ ___, 2015


_____
UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT 1

| Professional | Address | Service |
|---|---|---|
| Alston & Bird LLP | Laura Kees, Esq.<br>Alston & Bird LLP<br>One Atlantic Center<br>1201 West Peachtree Street NE<br>Atlanta, GA  30309-3424<br>404-881-7764 direct dial<br>404-253-8864 fax<br>laura.kees@alston.com | IP Counsel |
| Ballard Spahr LLP | Brian M. Pinheiro, Esq.<br>Ballard Spahr LLP<br>1735 Market Street<br>51st Floor<br>Philadelphia, PA 19103-7599<br>215-864-8511 direct dial<br>215-864-8999 fax<br>Pinheiro@ballardspahr.com | Employee Benefits Counsel |
| Brann & Isaacson | George S. Isaacson, Esq.<br>Brann & Isaacson<br>184 Main Street<br>Lewiston, Maine 04243-3070<br>207-786-3566 \|<br>gisaacson@brannlaw.com | Tax/Interstate Commerce Counsel |
| McCarter & English, LLP | Mitch Fishberg, Esq.<br>McCarter & English, LLP<br>City Place I<br>185 Asylum Street<br>Hartford, CT  06103<br>860-275-6789<br>mfishberg@mccarter.com | Employment Counsel |
| Proskauer Rose LLP | Jeffrey D. Neuburger, Esq.<br>Partner<br>Proskauer Rose LLP<br>Eleven Times Square<br>New York, NY 10036-8299<br>212-969-3075<br>212-969-2900 fax<br>jneuburger@proskauer.com | IT Security & Privacy Practices Counsel |

| Professional | Address | Service |
|---|---|---|
| Saterlee Stephens Burke & Burke LLP | Mark A. Fowler, Esq.<br>Satterlee Stephens Burke & Burke LLP<br>230 Park Avenue<br>New York, NY  10169<br>212-404-8787 direct dial<br>212-818-9606 fax<br>mfowler@ssbb.com | IP Counsel |
| Steven M. Hayes, Esq. | Steven M. Hayes<br>Steven M. Hayes PC<br>112 Madison Avenue 7th floor<br>New York, New York 10016<br>212-784-6414 direct dial<br>SHayes@smhlawpc.com | Litigation Counsel |
| Skadden, Arps, Slate, Meagher & Flom LLP | Ron E. Meisler, Esq.[1]<br>Partner<br>Skadden, Arps, Slate, Meagher & Flom LLP<br>155 N. Wacker Drive<br>Chicago, IL 60606<br>312-407-0549<br>312-407-8641 fax<br>ron.meisler@skadden.com | Pension Advisors |

---

[1]    Although Mr. Meiser is a Partner in the Corporate Restructuring department, the Debtor utilizes Skadden's services exclusively for pension advice.

# EXHIBIT 2

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
                                                  :
In re:                                            :        Chapter 11
                                                  :
FILMED ENTERTAINMENT INC.,                        :
                                                  :        Case No. 15-12244 (SCC)
                              Debtor.[1]          :
                                                  :
---------------------------------------------------------------X

### DECLARATION IN SUPPORT OF EMPLOYMENT AND RETENTION OF [_____] AS A PROFESSIONAL UTILIZED IN THE ORDINARY COURSE OF BUSNIESS

Under 28 U.S.C. § 1746, I, [_____], declare as follows under penalty of perjury:

1.       I am [_____] of the firm [_____] (the "Firm"), which has been employed by Filmed Entertainment Inc. (the "Debtor") in the ordinary course of its business.  The Debtor wishes to employ and retain the Firm to continue providing such ordinary course services during its Chapter 11 Case.[2]  This declaration is submitted in compliance with the Order Pursuant to Sections 105(a), 327, 330, and 331 of the Bankruptcy Code Authorizing the Debtor to Employ and Retain Professionals Utilized in the Ordinary Course of Business (the "OCB Professionals Order").

2.       Neither I, the Firm, nor any member, counsel or associate thereof, insofar as I have been able to ascertain, has any connection with the Debtor, its creditors, or any party in interest herein[, except as set forth hereinafter].

---

[1]    The last four digits of the Debtor's federal tax identification number are 3867.

[2]    Capitalized terms used herein, but not otherwise defined, shall have the meanings ascribed to them in the Motion.

3.        [FIRM TO INCLUDE ANY DISCLOSURES].

4.        The Firm does not represent or hold any interest adverse to the Debtor or its estate with respect to the engagement for which we are to be retained.

5.        This Firm and certain of its members, counsel, and associates may have in the past represented, currently represent, and may in the future represent entities that are claimants of the Debtor in matters totally unrelated to the Debtor's Chapter 11 Case.  None of those past or current representations are material.  The Firm intends to apply for compensation for professional services rendered in connection with this Chapter 11 Case directly to the Debtor, in accordance with the OCB Professionals Order, through submission of an invoice and detailed time records, plus reimbursement of actual necessary expenses and other charges incurred by the Firm. The Firm's standard rates in connection with the representation of the Debtor are: [_____].

6.        The expenses charged to clients include, among other things, [DESCRIPTION OF EXPENSES] and, in general, all identifiable expenses that would not have been incurred except for representation of a particular client.  The Firm will charge the Debtor for these expenses in a manner and at rates consistent with charges made generally to the Firm's other clients.

7.        The Retention Questionnaire, attached hereto, is incorporated by reference, and the statements contained therein are true and correct.

8.        No representations or promises have been received by the Firm as to compensation in connection with these cases other than in accordance with the provisions of the Bankruptcy Code.  The Firm has no agreement with any other entity to share with such entity any compensation received by the Firm in connection with this Chapter 11 Case.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated:      [City, State]
            _____ __, 2015

                                        _____
                                        [Professional Name]
                                        [Title]
                                        [Address]

Sworn to and subscribed before me
this __ day of _____, 2015

_____
Notary Public

## RETENTION QUESTIONNAIRE

TO BE COMPLETED BY PROFESSIONALS EMPLOYED BY FILMED ENTERTAINMENT INC. (the "Debtor")

All questions **must** be answered. Please use "none," "not applicable," or "N/A," as appropriate. If more space is needed, please complete on a separate page and attach.

1.    Name and address of firm:

   _____

   _____

   _____

   _____

2.    Date of retention: _____

3.    Type of services provided (accounting, legal, etc.):

   _____

   _____

   _____

   _____

4.    Brief description of services to be provided:

   _____

   _____

   _____

   _____

4

5.      Arrangements for compensation (hourly, contingent, etc.)

_____

      (a)      Average hourly rate (if applicable):

_____

      (b)      Estimated average monthly compensation based on prepetition retention (if firm was employed prepetition):

_____

6.      Prepetition claims against the Debtor held by the firm:

Amount of claim:      $_____

Date claim arose:      _____

Source of claim:      _____

7.      Prepetition claims against the Debtor held individually by any member, associate, or professional employee of the firm:

Name:      _____

Status:      _____

Amount of claim:      $_____

Date claim arose:      _____

Source of claim:      _____

8.     Disclose the nature and provide a brief description of any interest materially adverse to the Debtor or to its estate with respect to the matters on which the above-named firm is to be employed.

_____

_____

_____

_____

9.     Name of individual completing this form:

_____

# EXHIBIT B

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------X
                                                    :
In re:                                              :          Chapter 11
                                                    :
FILMED ENTERTAINMENT INC.,                          :          Case No. 15-12244 (SCC)
                                                    :
                    Debtor.[1]                      :
                                                    :
--------------------------------------------------------------X

### ORDER PURSUANT TO SECTIONS 105(a), 327, 330, AND 331
### OF THE BANKRUPTCY CODE FOR AUTHORIZATION
### TO EMPLOY PROFESSIONALS UTILIZED IN THE ORDINARY
### COURSE OF BUSINESS *NUNC PRO TUNC* TO THE PETITION DATE

Upon the motion (the "Motion")[2] of the Debtor for an Order, pursuant to sections

105(a), 327, 330, and 331 of the Bankruptcy Code authorizing the Debtor to employ and retain

professionals utilized in the ordinary course of business (each an "Ordinary Course

Professional," and collectively, the "Ordinary Course Professionals") *nunc pro tunc* to the

Petition Date; and upon the Affidavit; and upon the OCP Retention Declaration; and sufficient

notice of the Motion having been given; and it appearing that no other or further notice need be

provided; and a hearing to consider the Motion having been held on September 24, 2015; and it

appearing that the relief requested in the Motion is in the best interests of the Debtor, its estate,

its creditors and other parties in interest; and after due deliberation thereon and sufficient cause

appearing therefor, it is hereby

**ORDERED, ADJUDGED AND DECREED that:**

1.      The Motion is **GRANTED** to the extent provided herein.

---

[1]     The last four digits of the Debtor's federal tax identification number are 3867.

[2]     Capitalized terms used herein, but not otherwise defined, shall have the meanings ascribed to them in the
        Motion.

Deleted: __,

2.      The Debtor is hereby authorized, but not directed to, employ, retain, and pay the Ordinary Course Professionals, listed on Exhibit "1" attached hereto, without the submission of separate employment applications and the issuance of separate retention orders for each individual professional, *nunc pro tunc* to the Petition Date, pursuant to the procedures described in this Order.

3.      Each Ordinary Course Professional shall provide the Debtor's attorneys with a completed Verified Statement, attached as Exhibit "2" hereto, within thirty (30) days of entry of this Order,

4.      The Debtor shall subsequently file the Verified Statement with the Court, and serve a copy thereof upon the Reviewing Parties.

5.      The Reviewing Parties shall have fourteen (14) days following service (the "Objection Deadline") to notify the Debtor, the other Reviewing Parties, and the relevant Ordinary Course Professional, in writing, of any objection to the retention of such Ordinary Course Professional.

6.      If, after the Objection Deadline, no objection is filed, the retention, employment, and compensation of such Ordinary Course Professional is approved, without further order from this Court, *nunc pro tunc* to the Petition Date.  If an objection is filed prior to the Objection Deadline, and such objection cannot be resolved within fourteen (14) days, the matter shall be set for a hearing before this Court.

7.      If the retention, employment, and compensation of such Ordinary Course Professional is approved, the Debtor is permitted to pay each Ordinary Course Professional, without further application to the Court, one hundred percent (100%) of any postpetition fees and disbursements incurred, upon submission of an invoice, setting forth in reasonable detail the

2

nature of the services rendered and disbursements actually incurred, to the Debtor and Creditors' Committee, subject to the approval of such invoice by same; provided, however, that if the amount owed for an Ordinary Course Professional's postpetition fees and disbursements exceeds $15,000 in any month, and the Creditors' Committee has not consented to payment of such postpetition fees and disbursements in excess of $15,000 for that month, then the full amount of payment to such professional for such month shall be subject to approval of this Court, upon a fee application in accordance with sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, the Fee Guidelines promulgated by the U.S. Trustee, and any and all orders of this Court.

8.      In the event that an Ordinary Course Professional seeks more than $75,000 for the entire period in which this Chapter 11 Case is pending, such Ordinary Course Professional shall be required to file a retention application to be retained as a professional pursuant to section 327 of the Bankruptcy Code.

9.      The Debtor reserves the right to retain additional Ordinary Course Professionals during the Chapter 11 Case, as the need arises, and to otherwise supplement the list of Ordinary Course Professionals as necessary.   In such event, the Debtor will file a Supplemental Notice of Ordinary Course Professionals, and serve the Supplemental Notice of Ordinary Course Professionals on the Reviewing Parties.   The procedures and deadlines for Reviewing Parties to object to the retention, employment, or compensation of the additional Ordinary Course Professionals are the same as those set forth herein for the Ordinary Course Professionals listed on Exhibit "1" attached hereto.

10.      The Debtor is hereby authorized to take such actions as may be required to carry out the intent and purpose of this Order.

3

11.     The terms and provisions of this Order shall be immediately effective and enforceable upon entry of this Order.

12.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

Dated:    New York, New York
.         _____ ___, 2015

_____
UNITED STATES BANKRUPTCY JUDGE

4

# EXHIBIT 1

| Professional | Address | Service |
|---|---|---|
| Alston & Bird LLP | Laura Kees, Esq.<br>Alston & Bird LLP<br>One Atlantic Center<br>1201 West Peachtree Street NE<br>Atlanta, GA  30309-3424<br>404-881-7764 direct dial<br>404-253-8864 fax<br>laura.kees@alston.com | IP Counsel |
| Ballard Spahr LLP | Brian M. Pinheiro, Esq.<br>Ballard Spahr LLP<br>1735 Market Street<br>51st Floor<br>Philadelphia, PA 19103-7599<br>215-864-8511 direct dial<br>215-864-8999 fax<br>Pinheiro@ballardspahr.com | Employee Benefits Counsel |
| Brann & Isaacson | George S. Isaacson, Esq.<br>Brann & Isaacson<br>184 Main Street<br>Lewiston, Maine 04243-3070<br>207-786-3566 |<br>gisaacson@brannlaw.com | Tax/Interstate Commerce Counsel |
| McCarter & English, LLP | Mitch Fishberg, Esq.<br>McCarter & English, LLP<br>City Place I<br>185 Asylum Street<br>Hartford, CT  06103<br>860-275-6789<br>mfishberg@mccarter.com | Employment Counsel |
| Proskauer Rose LLP | Jeffrey D. Neuburger, Esq.<br>Partner<br>Proskauer Rose LLP<br>Eleven Times Square<br>New York, NY 10036-8299<br>212-969-3075<br>212-969-2900 fax<br>jneuburger@proskauer.com | IT Security & Privacy Practices Counsel |

| Professional | Address | Service |
|---|---|---|
| Satterlee Stephens Burke & Burke LLP | Mark A. Fowler, Esq.<br>Satterlee Stephens Burke & Burke LLP<br>230 Park Avenue<br>New York, NY 10169<br>212-404-8787 direct dial<br>212-818-9606 fax<br>mfowler@ssbb.com | IP Counsel |
| Steven M. Hayes, Esq. | Steven M. Hayes<br>Steven M. Hayes PC<br>112 Madison Avenue 7th floor<br>New York, New York 10016<br>212-784-6414 direct dial<br>SHayes@smhlawpc.com | Litigation Counsel |
| Skadden, Arps, Slate, Meagher & Flom LLP | Ron E. Meisler, Esq.[1]<br>Partner<br>Skadden, Arps, Slate, Meagher & Flom LLP<br>155 N. Wacker Drive<br>Chicago, IL 60606<br>312-407-0549<br>312-407-8641 fax<br>ron.meisler@skadden.com | Pension Advisors |

**Deleted:** Aon Hewitt          .... [1]

**Deleted:** Spantech Software, Inc.   .... [2]

---

[1] Although Mr. Meiser is a Partner in the Corporate Restructuring department, the Debtor utilizes Skadden's services exclusively for pension advice.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X
                                                  :
In re:                                            :      Chapter 11
                                                  :
FILMED ENTERTAINMENT INC.,                        :
                                                  :      Case No. 15-12244 (SCC)
                                    Debtor.[1]     :
                                                  :
-----------------------------------------------------------------X

### DECLARATION IN SUPPORT OF EMPLOYMENT AND RETENTION OF [_____] AS A PROFESSIONAL UTILIZED IN THE ORDINARY COURSE OF BUSNIESS

Under 28 U.S.C. § 1746, I, [_____], declare as follows under penalty of perjury:

1.      I am [_____] of the firm [_____] (the "Firm"), which has been employed by Filmed Entertainment Inc. (the "Debtor") in the ordinary course of its business.  The Debtor wishes to employ and retain the Firm to continue providing such ordinary course services during its Chapter 11 Case.[2]  This declaration is submitted in compliance with the Order Pursuant to Sections 105(a), 327, 330, and 331 of the Bankruptcy Code Authorizing the Debtor to Employ and Retain Professionals Utilized in the Ordinary Course of Business (the "OCB Professionals Order").

2.      Neither I, the Firm, nor any member, counsel or associate thereof, insofar as I have been able to ascertain, has any connection with the Debtor, its creditors, or any party in interest herein[, except as set forth hereinafter].

---

[1]   The last four digits of the Debtor's federal tax identification number are 3867.

[2]   Capitalized terms used herein, but not otherwise defined, shall have the meanings ascribed to them in the Motion.

3.	[FIRM TO INCLUDE ANY DISCLOSURES].

4.	The Firm does not represent or hold any interest adverse to the Debtor or its estate with respect to the engagement for which we are to be retained.

5.	This Firm and certain of its members, counsel, and associates may have in the past represented, currently represent, and may in the future represent entities that are claimants of the Debtor in matters totally unrelated to the Debtor's Chapter 11 Case.  None of those past or current representations are material.  The Firm intends to apply for compensation for professional services rendered in connection with this Chapter 11 Case directly to the Debtor, in accordance with the OCB Professionals Order, through submission of an invoice and detailed time records, plus reimbursement of actual necessary expenses and other charges incurred by the Firm. The Firm's standard rates in connection with the representation of the Debtor are: [_____].

6.	The expenses charged to clients include, among other things, [DESCRIPTION OF EXPENSES] and, in general, all identifiable expenses that would not have been incurred except for representation of a particular client.  The Firm will charge the Debtor for these expenses in a manner and at rates consistent with charges made generally to the Firm's other clients.

7.	The Retention Questionnaire, attached hereto, is incorporated by reference, and the statements contained therein are true and correct.

8.      No representations or promises have been received by the Firm as to compensation in connection with these cases other than in accordance with the provisions of the Bankruptcy Code.  The Firm has no agreement with any other entity to share with such entity any compensation received by the Firm in connection with this Chapter 11 Case.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated:      [City, State]
            _____ __, 2015

                                        _____
                                        [Professional Name]
                                        [Title]
                                        [Address]

Sworn to and subscribed before me
this __ day of _____, 2015

_____
Notary Public

## RETENTION QUESTIONNAIRE

TO BE COMPLETED BY PROFESSIONALS EMPLOYED BY FILMED ENTERTAINMENT INC. (the "Debtor")

All questions **must** be answered. Please use "none," "not applicable," or "N/A," as appropriate. If more space is needed, please complete on a separate page and attach.

1.   Name and address of firm:

_____

_____

_____

_____

2.   Date of retention: _____

3.   Type of services provided (accounting, legal, etc.):

_____

_____

_____

_____

4.   Brief description of services to be provided:

_____

_____

_____

_____

4

5.      Arrangements for compensation (hourly, contingent, etc.)

_____

(a)     Average hourly rate (if applicable):

_____

(b)     Estimated average monthly compensation based on prepetition
        retention (if firm was employed prepetition):

_____

6.      Prepetition claims against the Debtor held by the firm:

Amount of claim:        $_____

Date claim arose:       _____

Source of claim:        _____

7.      Prepetition claims against the Debtor held individually by any member,
        associate, or professional employee of the firm:

Name:   _____

Status:   _____

Amount of claim:        $_____

Date claim arose:       _____

Source of claim:        _____

8.    Disclose the nature and provide a brief description of any interest materially adverse to the Debtor or to its estate with respect to the matters on which the above-named firm is to be employed.

_____

_____

_____

_____

9.    Name of individual completing this form:

_____