HEARING DATE: November 30, 2015, at 11:00 a.m.
OBJECTION DEADLINE: November 23, 2015, at 4:00 p.m.

**REED SMITH LLP**
Christopher A. Lynch, Esq.
599 Lexington Avenue, 22nd Floor
New York, NY  10022
Telephone:  (212) 521-5400
Facsimile:  (212) 521-5450

Marsha A. Houston, Esq. (admitted *pro hac vice*)
Christopher O. Rivas, Esq. (admitted *pro hac vice*)
355 S. Grand Ave., Suite 2900
Los Angeles, CA  90071
Telephone:     (213) 457-8000
Facsimile:     (213) 457-8080

*Attorneys for Universal Studios Home Entertainment LLC*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x
                                                             :
In re:                                                       :    Chapter 11
                                                             :
FILMED ENTERTAINMENT INC.,                                   :    Case No. 15-12244 (SCC)
                                                             :
                                         Debtor.             :
                                                             :
-------------------------------------------------------------x

# NOTICE OF MOTION OF UNIVERSAL STUDIOS HOME ENTERTAINMENT LLC FOR RELIEF FROM THE AUTOMATIC STAY

**PLEASE TAKE NOTICE**, that on November 30, 2015 at 11:00 a.m. (EST) or as soon thereafter as counsel may be heard, a hearing ("Hearing") will be held before the Honorable Shelley C. Chapman, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, located at One Bowling Green, New York, New York (the "Court"), upon the motion of Universal Studios Home Entertainment LLC ("USHE") pursuant to section 362(d) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for entry of an order:  (i) granting relief from stay in order to permit USHE to pursue its state law rights and remedies as to certain Video Devices (as that term is defined below) owned by USHE; (ii) waiving any stay of

the effectiveness of a stay relief order that might arise pursuant to Rule 4001 of the Bankruptcy Rules; and (iii) ordering Filmed Entertainment Inc., a/k/a BMG Columbia House, Bertelsmann Direct North America, Inc., Direct Group North America, Inc. and Direct Brands, Inc. (the "Debtor") to provide statements reflecting which Video Devices have been sold since July 1, 2015 (the last period for which the Debtor provided such a report), in order to ensure that all remaining Video Devices are returned to USHE; (iv) instructing the Debtor to cooperate with USHE's recovery of the Video Devices and to grant USHE reasonable access to do so; and (v) granting any other relief as may be appropriate under the circumstances (the "Motion").

**PLEASE TAKE FURTHER NOTICE**, that objections to the relief requested in the Motion, if any, must be in writing, conform with the Bankruptcy Code and Bankruptcy Rules, state with particularity the grounds therefor and be filed with the Court as follows: (a) (i) through the Bankruptcy Court's electronic filing system (in accordance with General Order 559), which may be accessed through the internet at the Bankruptcy Court's website at: www.nysb.uscourts.gov and (ii) in portable document format (PDF) using Adobe Exchange Software for conversion; or (b) if a party is unavailable to file electronically, such party shall submit the objection in PDF format on a diskette in an envelope with the case name, case number, type and title of document, document number to which the objection refers and the file name on the outside of the envelope; or (c) if the party is unable to file electronically or use PDF format, such party shall submit the response on a diskette in either Word, WordPerfect or DOS text (ASCII) format. An objection filed by a party with no legal representation shall comply with (b) or (c) as set forth in this paragraph. A hard copy of the objection, whether filed pursuant to section (a), (b), or (c), as set forth in this paragraph, shall be hand-delivered directly to the Chambers of the Honorable Shelley C. Chapman, and a hard copy shall be served upon USHE's

counsel, Reed Smith LLP, Attn: Christopher A. Lynch, Esq., 599 Lexington Avenue, 22nd Floor, New York, NY 10022 and Marsha A. Houston, Esq., 355 S. Grand Ave., Suite 2900, Los Angeles, CA 90071, and the Office of the United States Trustee, 271 Cadman Plaza East, Suite 4529, Brooklyn, New York 11201, so as to be filed and received no later than November 23, 2015 at 4:00 p.m. (EST).

**PLEASE TAKE FURTHER NOTICE**, that the Hearing on the approval of the Motion may be adjourned from time to time without any other announcement other than that set forth in open Court.

Dated: New York, New York
    November 16, 2015

REED SMITH LLP

By: /s/ Christopher A. Lynch
Christopher A. Lynch, Esq.
599 Lexington Avenue
New York, NY 10022
Telephone: (212) 521-5400
Facsimile: (212) 521-5450
E-mail: clynch@reedsmith.com

Marsha A. Houston, Esq. (admitted *pro hac vice*)
Christopher O. Rivas, Esq. (admitted *pro hac vice*)
355 S. Grand Ave., Suite 2900
Los Angeles, CA 90071
Telephone:    (213) 457-8000
Facsimile:    (213) 457-8080

*Attorneys for Universal Studios Home Entertainment LLC*

**HEARING DATE: November 30, 2015, at 11:00 a.m.**
**OBJECTION DEADLINE: November 23, 2015, at 4:00 p.m.**

**REED SMITH LLP**
Christopher A. Lynch, Esq.
599 Lexington Avenue, 22nd Floor
New York, NY  10022
Telephone:  (212) 521-5400
Facsimile:  (212) 521-5450

Marsha A. Houston, Esq. (admitted *pro hac vice*)
Christopher O. Rivas, Esq. (admitted *pro hac vice*)
355 S. Grand Ave., Suite 2900
Los Angeles, CA  90071
Telephone:    (213) 457-8000
Facsimile:    (213) 457-8080

*Attorneys for Universal Studios Home Entertainment LLC*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| FILMED ENTERTAINMENT INC., | Case No. 15-12244 (SCC) |
| Debtor. | |

---------------------------------------------------------------x

**MOTION OF UNIVERSAL STUDIOS HOME**
**ENTERTAINMENT LLC FOR RELIEF FROM THE AUTOMATIC STAY**

Universal Studios Home Entertainment LLC ("USHE"), by and through its undersigned counsel, and pursuant to 11 U.S.C. § 362(d) and Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), hereby moves for entry of an order:  (i) granting relief from stay in order to permit USHE to pursue its state law rights and remedies as to certain Video Devices (as that term is defined below) owned by USHE; (ii) waiving any stay of the effectiveness of a stay relief order that might arise pursuant to Rule 4001 of the Bankruptcy Rules; and (iii) ordering Filmed Entertainment Inc., a/k/a BMG Columbia House, Bertelsmann

Direct North America, Inc., Direct Group North America, Inc. and Direct Brands, Inc. (the "Debtor") to provide statements reflecting which Video Devices have been sold since July 1, 2015 (the last period for which the Debtor provided such a report), in order to ensure that all remaining Video Devices are returned to USHE; (iv) instructing the Debtor to cooperate with USHE's recovery of the Video Devices and to grant USHE reasonable access to do so; and (v) granting any other relief as may be appropriate under the circumstances.

USHE has discussed its ownership of the Video Devices with the Official Committee of Unsecured Creditors (the "Committee"). The Committee does not object to USHE's motion for relief from the automatic stay.

**Jurisdiction and Venue**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter constitutes a core proceeding under 28 U.S.C. § 157(b)(2).

2. Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

**Introduction**

3. On August 10, 2015 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

4. USHE files this Motion so it may recover possession of USHE's personal property --including DVDs, Blu-Rays and other physical media licensed to the Debtor by USHE, or any other materials provided by USHE to the Debtor (collectively, the "Video Devices")[1] -- which USHE provided to the Debtor on a limited basis pursuant to an Agreement dated as of

---

[1] As set forth in the USHE Agreement, "Video Devices", is defined as "any form of video cassette, cartridge, videogram, video disc, tape or other device existing now or devised in the future, including but not limited to VHS, or DVD on which Video Software is recorded and, when the device is used in conjunction with playback equipment, can be exhibited visually (whether or not synchronized with sound) on the screen of a television receiver or any comparable device existing now or devised in the future." [USHE Agreement at § 1.DD.]

December 16, 2004 (as extended and amended from time-to-time, the "USHE Agreement"), by and between USHE and Debtor. Concurrently with the filing of this Motion, USHE will move to file the USHE Agreement, which is attached to the Roussey Declaration as Exhibit A, under seal.[2]

5.  The Video Devices are not now nor have they ever been property of the estate pursuant to Bankruptcy Code section 541, and, moreover, USHE **terminated** the USHE Agreement and the Debtor's interests in the Video Devices under the USHE Agreement on June 18, 2015 -- approximately two months before the Petition Date (defined below).

6.  The Debtor does not have any ownership rights in the Video Devices and was granted strictly limited license rights to the Video Devices under the USHE Agreement, which expressly provided that "**[t]itle to all materials made available by [USHE] to [the Debtor] hereunder shall be and remain vested in USHE** . . .". [USHE Agreement at § 3.F.(iv) (emphasis added).]

7.  Notwithstanding the clear fact that the Video Devices belong to USHE, the Debtor has taken inconsistent positions with respect to its purported interest in the Video Devices which has been costly to USHE and smacks of "gamesmanship". On October 27, 2015, the Debtor's attorneys informed USHE's attorneys that the Debtor agreed to turn over the Video Devices, and that they would not be part of any sale. Only two days later, on October 29, 2015, after USHE attempted to arrange for the recovery of the Video Devices, the Debtor completely backtracked, seeking to delay the turn over until after its sale hearing. The following day, on

---

[2] The Debtor signed the USHE Agreement as Direct Brands, Inc., formerly Direct Group North America, Inc., which was formerly BMG Columbia House, Inc., as successor-in-interest to The Columbia House Company. The terms of the USHE Agreement are subject to strict confidentiality terms. The Debtor is in possession of a copy of the USHE Agreement, as is the attorney for Debtor's lender, HCL America, Inc., which signed a confidentiality agreement prior to receiving redacted copies of the USHE Agreement.

October 30, 2015, after being pressed on the matter, the Debtor stated that it might seek to sell the Video Devices after all. [Declaration of Christopher O. Rivas ("Rivas Decl."), ¶¶ 5-9.]

8.    USHE has consistently taken the position that the Video Devices belong to USHE in pleadings filed with this Court, [docket nos. 41, 86], and in communications with the Debtor and all other parties in interest.

9.    Although it does not have an interest in the Video Devices, the Debtor has also proposed to "sell" or transfer possession of the Video Devices to the proposed bidder, but to immediately following the sale have the bidder return the Video Devices to USHE. Indeed, on the same day that this Motion is being filed, the Debtor sent USHE a proposed "side letter" pursuant to which its proposed bidder would agree to return the Video Devices for $100, provided that USHE execute certain waivers and releases in a form "reasonably acceptable" to the Bidder. [Rivas Decl., ¶ 10.]

10.   The Debtor has essentially held the Video Devices that it knows it has no interest in hostage to the failed sales process. The Debtor's most "promising" offer is from an affiliate of one of its insiders, and the offer is premised mainly on releasing certain of the Debtor's causes of action against the insider. It thus raises questions why the Debtor insists on "selling" and its proposed bidder insists on "purchasing" the Video Devices (which the Debtor has no right to sell), in exchange for extracting waivers and releases from USHE.

11.   The Debtor has adjourned its sale hearing three times (most recently to a date yet to be determined), and it is apparent that even with this offer, the Debtor is nowhere near accomplishing a sale. [Docket Nos. 111, 119, 123.] However, because the offer appears to be based, in part, on the Video Devices (which the Debtor does not own), the Debtor has wrongfully refused to return them to USHE. The Debtor clearly has no real exit strategy or prospect for

- 4 -

reorganization, nor does it have any legal basis to continue wrongfully holding the Video Devices.

## Factual Background

12. Pursuant to the USHE Agreement, USHE agreed to license, only to the Debtor, certain "Video Software" (i.e., identified films and television series) to be made available for distribution under the strict terms and conditions of the USHE Agreement in certain territories, and such Video Software was to be distributed by the Debtor subject to the strict license terms of the USHE Agreement. [USHE Agreement at §§1.EE, 2.]

13. In consideration for the licenses granted under the USHE Agreement, the Debtor agreed, among other things, to pay royalties to USHE and to provide USHE with quarterly accounting statements setting forth which Video Devices were sold. [USHE Agreement at § 6.] As of May 2015, the Debtor had breached the USHE Agreement by failing to provide accounting statements to USHE since the quarterly period ending March 31, 2014, and by failing to make payments to USHE since that time. [Roussey Decl., ¶ 4.]

14. USHE notified the Debtor of its breaches under the USHE Agreement, including its failure to timely provide accounting statements to USHE, and to make payments due with such accounting statements pursuant to the USHE Agreement, as set forth more fully in letters dated May 27 and May 28, 2015 (together, the "Termination Letters"). [Declaration of Marsha A. Houston ("Houston Decl."), Exs. A and B.] USHE further notified the Debtor that, pursuant to the USHE Agreement, USHE intended to terminate the USHE Agreement without further notice should the Debtor fail to remedy its breaches within 21 days of the mailing of the May 27, 2015 letter (i.e., by not later than June 17, 2015). Pursuant to the Termination Letters, and effective upon termination on June 18, 2015, USHE demanded payment by the Debtor of all

amounts due and owing to USHE pursuant to the USHE Agreement. [Houston Decl., ¶ 4 and Ex. A thereto.]

15. The Debtor failed to remedy its breaches by June 17, 2015, in that the Debtor did not provide complete accounting statements to USHE nor did it make payments due to USHE under the USHE Agreement. In a letter dated June 30, 2015 (the "Termination Confirmation Letter"), USHE confirmed to the Debtor that, effective as of June 18, 2015, the USHE Agreement was terminated.

16. Further, USHE notified the Debtor that pursuant to the USHE Agreement all of the Debtor's rights under the USHE Agreement **reverted to USHE** "including, without limitation, [the Debtor's] rights to possess, manufacture and distribute the Video Devices made under this Agreement, and any and all amounts payable to [USHE] hereunder as of the date of [USHE's] termination notice will be immediately due and payable." [Houston Decl., Ex. C; USHE Agreement at § 15.C.] The Termination Confirmation Letter further required that the Debtor contact USHE regarding destruction of the Video Devices pursuant to the USHE Agreement.

17. Among other things, USHE demanded that the Debtor provide a full accounting of its inventory of the Video Devices, and that the Debtor immediately destroy all such Video Devices and provide USHE with an affidavit attesting to such destruction. [Houston Decl., Exs. A and C.] The Debtor failed to comply with this demand. The Debtor has no ownership rights in the Video Devices and all ownership rights were expressly retained by USHE. USHE was granted only a limited license to distribute the Video Devices in strict accordance with the USHE Agreement, which license was terminated prepetition.

18. Therefore, as of the Petition Date, the Debtor had no property or possession rights to the Video Devices whatsoever, by license, copyright or otherwise. The Committee has confirmed its support of USHE's position in this regard. The Debtor has been unable to identify a single provision of the USHE Agreement or a single legal authority permitting the Debtor to continue wrongfully possessing the Video Devices. Rather, the Debtor has only held on to them in the hopes of selling the Video Devices (which, again, the Debtor does not own), and perhaps extracting concessions from USHE. It has no right to do so.

19. The list of Video Devices that the Debtor has identified as remaining in its possession, and which USHE seeks to repossess, are set forth in Exhibit B to the attached Roussey Declaration. However, in light of the Debtor's failure to account for which Video Devices it sold on or after July 1, 2015, USHE is unable to independently confirm which Video Devices the Debtor has possession of, and should therefore be returned to USHE.

20. USHE has repeatedly requested that the Debtor turn over the Video Devices, which are owned by USHE. On October 27, 2015, the Debtor's attorney finally agreed that the Video Devices would not be sold by the Debtor, and asked, in a telephone call to USHE's attorney, that USHE arrange to pick up the Video Devices. [Rivas Decl., ¶ 5.]

21. Two days later, on October 29, 2015, in response to requests by USHE's attorney regarding details about bids that the Debtor was entertaining, the Debtor's attorney told USHE's attorney that the Debtor was not asserting an interest in the Video Devices and they should be picked up. Immediately after the telephone call, the Debtor's attorney reiterated, in an email, that "no party intends to purchase the Video Devices" and that USHE should "feel free to make arrangements to retrieve the Video Devices from the warehouse in Hanover, PA." [Rivas Decl., ¶ 6.]

22. The following day, on October 30, 2015, after USHE attempted to make arrangements to retrieve the Video Devices, the Debtor informed USHE that it would not turn over the Video Devices until **after** the sale hearing (then pending on November 9, 2015), and only **after** the parties had executed a stipulation regarding the automatic stay. USHE's attorney contacted the Debtor's attorney to object to the delay, and to inquire why the Debtor was unwilling to turn over the Video Devices until after the sale hearing when the Debtor had no ownership interest in the Video Devices. [Rivas Decl., ¶ 7.] At that point, the Debtor had already delayed the sale hearing two times from the originally scheduled date on October 20, 2015. [Docket Nos. 111, 123.]

23. It was only after being pressed regarding the delays that the Debtor finally admitted that the Video Devices may be part of a sale, after all. [Rivas Decl., ¶ 7.]

24. The Committee supports USHE's position that the Video Devices are not property of the Debtor's estate.

### Argument

**A.  The Debtor Lacks Any Interest in the Video Devices, Which Is Not Protected by the Automatic Stay**

25. Under § 362(a)(3) the automatic stay applies to "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3). Under § 541, property of the estate is defined, with exceptions, as "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1).

26. Section 541 of the Bankruptcy Code defines property of the estate to be comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). Congress did not intend to "expand the debtor's rights

- 8 -

against others more than they exist at the commencement of the case." H.R. Rep. No. 595, 95th Cong. 1st Sess. 367 (1977), 1978 U.S. Code Cong. & Ad. News at 5787, 6323. The nature and extent of those rights, if any, are fixed by state law. *Butner v. U.S.*, 440 U.S. 48 (1979). The filing of a petition under the Code does not expand those rights. *See, e.g., Moody v. Amoco Oil Company*, 734 F.2d 1200, 1213 (7th Cir. 1984) ("section 541(a) provides that a debtor's estate consists of 'all legal or equitable interests of the debtor in property as of the commencement of a case.' Thus whatever rights a debtor has in property at the commencement of the case continue in bankruptcy-no more, no less.")

27.     Here, pursuant to the USHE Agreement, USHE has maintained at all times and continues to maintain sole and exclusive title to the Video Devices. The Debtor was given mere possession of the Video Devices and a limited license to sell the Video Devices pursuant to the terms and restrictions of the USHE Agreement. The Debtor's license, as well as its possessory rights, was terminated effective as of June 18, 2015, approximately two months before the Petition Date, leaving the Debtor with no rights whatsoever in the Video Devices. Notwithstanding these facts, the Debtor has wrongfully retained possession of USHE's property for the past five months and even attempted to sell it without any ownership rights to the Video Devices.

28.     Where a debtor's interest in property terminates prepetition, that property is not part of the bankruptcy estate, and the automatic stay does not apply to postpetition disposition of such property. *See In re Pettit*, 217 F.3d 1072, 1077 (9th Cir. 2000) (holding that a creditor's pre-petition termination of an agreement removed any legal or equitable interest of the Debtor to property, which therefore never became property of the estate and was not subject to the automatic stay). *In re Robotic Vision Sys., Inc.*, 322 B.R. 502, 508 (Bankr. D.N.H. 2005)

- 9 -

(denying a debtor's sale motion, finding that "any rights the Debtor may have had in the [property], be they pursuant to a license or an assignment, were terminated prior to the Petition Date."); *see also In re M.J. & K. Co.*, 161 B.R. 586, 591 (Bankr. S.D.N.Y. 1993) (granting relief from stay to licensor where license to operate bookstore terminated, under its own terms, postpetition); *In re Varisco*, 16 B.R. 634, 637 (Bankr. M.D. Fla. 1981) (finding that a debtor would have no rights under a franchise agreement if the rights thereunder were terminated prepetition).

29. Because the Video Devices are not property of its estate, the Debtor is not entitled to the protections of the automatic stay in its continued possession of the Video Devices.

**B.    USHE is Entitled to Relief From Stay**

30. Assuming *arguendo* that the Court finds that the provisions of the automatic stay nevertheless apply to the Video Devices, USHE is entitled to relief from the automatic stay with respect to the Video Devices pursuant to 11 U.S.C. § 362(d).  The relevant portions of section 362(d) provide:

> (d) On request of a party interest and after notice and a hearing, the court shall grant relief from the stay provided under section (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
>
> (2) with respect to a stay of an act against property under subsection (a) of this section, if—
>
> > (A) the debtor does not have equity in such property; and
> >
> > (B) such property is not necessary to an effective reorganization.

11 U.S.C. § 362(d).

31.     Section 362(d)(1) and 362(d)(2) operate in the disjunctive, "the Court *must* lift the stay if the Movant prevails under either of the two grounds." *In re Kaplan Breslaw Ash*, 264 B.R. 309, 321 (Bankr. S.D.N.Y. 2001) (emphasis added); *see also In re JII Liquidating, Inc.*, 344 B.R. 875, 881 (Bankr. N.D. Ill. 2006) (noting the alternative grounds for stay relief).

32.     In the present case, USHE is entitled to stay relief under Bankruptcy Code Section 362(d)(1) because USHE's interest in the Video Devices is not adequately protected. Additionally, USHE is entitled to relief from the stay under § 362(d)(2) of the Bankruptcy Code because the Debtor has no equity or other ownership right in the Video Devices, and the Video Devices are not necessary to the Debtor's effective reorganization.

### 1.  Cause Exists for Relief From the Automatic Stay Under Section 362(d)(1)

33.     Section 362(d)(1) of the Bankruptcy Code provides for relief from the automatic stay "for cause," and a movant bears the initial burden to demonstrate that cause exists. 11 U.S.C. § 362(d)(1). As one court explained, "on a motion to lift or modify the automatic stay, the burden of proof is a shifting one" with the movant having the burden of making an initial showing of 'cause,' and the debtor having the ultimate burden of proof on all issues other than debtor's equity in property. *In re Telegroup, Inc.*, 237 B.R. 87, 91 (Bankr. D.N.J. 1999); *see also* 11 U.S.C. § 362(g).

34.     A debtor's failure to provide adequate protection of a creditor's interest is a classic basis for granting relief from the stay for cause. *See In re McGaughey*, 24 F.3d 904, 906 (7th Cir. 1994); *see also, e.g.*, *In re Telegroup*, 237 B.R. at 91. A creditor can establish its case quantitatively, i.e., by demonstrating the decline in the value of the creditor's interest in the debtor's property.

35. In the instant case, USHE is entitled to immediate possession of the Video Devices as provided by the USHE Agreement, which was terminated pursuant to and in accordance with its express terms. The Debtor has not offered USHE adequate protection in any form and the Video Devices continues to depreciate in value upon the passage of time. [Roussey Decl., ¶ 6.] Accordingly, absent adequate protection, cause exists to lift the automatic stay so that USHE may exercise its non-bankruptcy rights with respect to the Video Devices.

36. The Debtor finally agreed, on October 27, 2015, to turn over the Video Devices owned by USHE. When USHE inquired about the sale, the Debtor informed USHE that no parties were interested in purchasing the Video Devices and that USHE should retrieve them. [Rivas Decl, ¶¶ 5, 6.]

37. Three days later, however, the Debtor suddenly and inexplicably sought to delay USHE's retrieval, informing USHE that it could not pick up the Video Devices until after the sale hearing, and only after executing a stipulation regarding the automatic stay. This was a change in the Debtor's prior position and appeared to be nothing more than a delay tactic, and when USHE pressed the Debtor on the delays, the Debtor finally admitted that a prospective bidder might be interested in the Video Devices and that the Debtor would not be turning over the Video Devices. [Rivas Decl., ¶¶ 7, 9.]

### 2. Grounds Exist for Relief From the Automatic Stay Under Section 362(d)(2)

38. Stay relief is also appropriate under § 362(d)(2). Relief from stay must be granted if the Debtor does not have an equity interest in property and the property is not necessary for an effective reorganization. *See In re McGaughey*, 24 F.3d at 906. Both conditions are met in this case.

39. Under § 362(d)(2)(A) of the Bankruptcy Code, "equity" means the difference between the value of the property and the total amount of claims that it secures. *Matter of Cardell*, 88 B.R. 627, 631 (Bankr. D. N.J. 1988); *see also In re Elmira Litho, Inc.*, 174 B.R. 892, 901 (Bankr. S.D.N.Y. 1994) (citing *In re Diplomat Electronics*, 82 B.R. 688, 692 (Bankr. S.D.N.Y. 1988)). Putting aside the fact that by virtue of the termination of the USHE Agreement the Debtor has no ownership interest in the Video Devices at all, the Debtor does not have an equity in the Video Devices, either.

40. The Debtor was granted a limited license to distribute the Video Devices pursuant to the express terms and limitations of the USHE Agreement. The Debtor may not distribute the Video Devices except pursuant to such terms and limitations, which the Debtor is unable to comply with on the basis of the USHE Agreement's termination. Without the ability to sell the Video Devices, and without USHE's consent to sell such Video Devices, the Debtor lacks any equity interest whatsoever in the Video Devices. Accordingly, USHE has satisfied the first prong for stay relief under § 362(d)(2)(A) of the Bankruptcy Code.

41. Once a debtor's lack of equity in the property has been demonstrated, "the debtor must establish that the [property] is necessary for an effective reorganization, not by showing that, absent retention of the property, no reorganization is possible, but by proving 'the property is essential for an effective reorganization that is in prospect.'" *United Sav. Ass'n of Texas v. Timbers of Inwood Forest Assoc., Ltd.*, 484 U.S. 365, 375–76 (1988) (addressing the requirements for proof under 11 U.S.C. § 362 (d)(2)).

42. In the matter at hand, the Debtor cannot sustain its burden of demonstrating that the Video Devices are necessary for an effective reorganization. Accordingly, USHE has satisfied the second prong for stay relief under § 362(d)(2) of the Bankruptcy Code.

43.     Where a debtor lacks equity in property, and the property is not necessary for an effective reorganization, there "may be no reason to make the creditor wait until the final distribution of the estate to get what it bargained for, and indeed early release of the collateral may aid administration of the estate by allowing a quicker determination of the amount of the undersecured creditor's unsecured claim." *In re Vitreous Steel Prods. Co.*, 911 F.2d 1223, 1231–32 (7th Cir. 1990) (discussing the purpose of § 362(d)).  USHE is, therefore, entitled to immediate relief from the automatic stay in order to exercise its non-bankruptcy rights including those rights stated in the USHE Agreement.

## NO PRIOR APPLICATION

44.     No prior application for the relief sought herein has been made to this or any other Court.

WHEREFORE, for the reasons stated herein, USHE respectfully requests that this Court enter an Order: (i) granting relief from stay in order to permit USHE to pursue its state law rights and remedies against certain Video Devices (as that term is defined below); (ii) waiving any stay of the effectiveness of a stay relief order that might arise pursuant to Rule 4001 of the Bankruptcy Rules; and (iii) ordering the Debtor to provide statements reflecting which Video Devices have been sold on or after July 1, 2015 (the last time the Debtor provided such a report), in order to ensure that USHE has been returned all remaining Video Devices; (iv) instructing the Debtor to cooperate with USHE's recovery of the Video Devices and to grant USHE reasonable access to do so; and (v) granting any other relief as may be appropriate under the circumstances.

| | |
|---|---|
| Dated: New York, New York<br>November 16, 2015 | REED SMITH LLP<br><br>By: /s/ Christopher A. Lynch<br>Christopher A. Lynch, Esq.<br>599 Lexington Avenue<br>New York, NY  10022<br>Telephone:  (212) 521-5400<br>Facsimile:  (212) 521-5450<br>E-mail:  clynch@reedsmith.com<br><br>Marsha A. Houston, Esq. (admitted *pro hac vice*)<br>Christopher O. Rivas, Esq. (admitted *pro hac vice*)<br>355 S. Grand Ave., Suite 2900<br>Los Angeles, CA  90071<br>Telephone:     (213) 457-8000<br>Facsimile:     (213) 457-8080<br><br>*Attorneys for Universal Studios Home Entertainment LLC* |