**REED SMITH LLP**
Christopher A. Lynch, Esq.
599 Lexington Avenue, 22nd Floor
New York, NY  10022
Telephone:  (212) 521-5400
Facsimile:  (212) 521-5450

Marsha A. Houston, Esq. (admitted *pro hac vice*)
Christopher O. Rivas, Esq. (admitted *pro hac vice*)
355 S. Grand Ave., Suite 2900
Los Angeles, CA  90071
Telephone:     (213) 457-8000
Facsimile:     (213) 457-8080

*Attorneys for Universal Studios Home Entertainment LLC*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x
| | : | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| FILMED ENTERTAINMENT INC., | : | Case No. 15-12244 (SCC) |
| | : | |
| Debtor. | : | |
| | : | |

----------------------------------------------------------------x

### *EX PARTE* MOTION OF UNIVERSAL STUDIOS HOME ENTERTAINMENT LLC FOR ENTRY OF AN ORDER AUTHORIZING IT TO FILE CONFIDENTIAL EXHIBIT TO  DECLARATION OF JOHN ROUSSEY UNDER SEAL

Universal Studios Home Entertainment LLC ("USHE"), by its undersigned counsel, hereby files this *ex parte* motion (the "Sealing Motion") requesting entry of an order authorizing USHE to file under seal a confidential exhibit to the Declaration of John Roussey.  In support of this Sealing Motion, USHE states as follows:

**JURISDICTION**

1. This Court has jurisdiction over this Sealing Motion under 28 U.S.C. § 1334. Venue of this case and this Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. The statutory bases for the relief requested in this Sealing Motion are sections 105(a) and 107(b) of title 11 of the United States Code (the "Bankruptcy Code"), rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Bankruptcy Rule 9077-1.

**BACKGROUND**

3. On August 10, 2015, Filmed Entertainment Inc., a/k/a BMG Columbia House, Bertelsmann Direct North America, Inc., Direct Group North America, Inc. and Direct Brands, Inc. (the "Debtor") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

4. Debtor and USHE are parties to that certain Agreement dated as of December 16, 2004 (as extended and amended from time-to-time, the "USHE Agreement"), pursuant to which USHE agreed to license to the Debtor, on a limited basis, certain personal property -- including DVDs, Blu-Rays and other physical media, or any other materials provided by USHE to the Debtor (collectively, the "Video Devices"). In consideration for the licenses granted under the USHE Agreement, the Debtor agreed, among other things, to pay royalties to USHE and to provide USHE with quarterly accounting statements setting forth which Video Devices were sold.

5. The USHE Agreement requires the parties thereto to maintain confidentiality regarding its terms, and includes sensitive trade secrets and commercial information regarding the parties' business relationship.

6.     The Declaration of John Roussey (the "Roussey Declaration") submitted in support of USHE's concurrently filed Motion for Relief from the Automatic Stay (the "Motion") attaches as **Exhibit A** the confidential USHE Agreement and amendments thereto, which contains USHE's trade secrets and highly confidential commercial information.

7.     USHE is filing the Motion based, in part, upon the USHE Agreement, and seeks to file the USHE Agreement (the "Confidential Information") under seal.

8.     Pursuant to Local Bankruptcy Rule 9077-1, the declaration by John Roussey in support of this *Ex Parte* Motion is submitted herewith as Exhibit B.

## ARGUMENT

9.     The Court may authorize USHE to file the Confidential Information under seal pursuant to section 107(b) of the Bankruptcy Code.  Section 107(b) provides as follows:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or
>
> (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

11 U.S.C. § 107(b).

10.     Bankruptcy Rule 9018 sets forth the procedure by which USHE may seek to file the USHE Agreement under seal. It provides as follows:

> On motion or on its own initiative, **with or without notice**, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other **confidential** research, development, or **commercial information**, (2) to protect any entity against scandalous or defamatory matter contained in any paper filed in a case under the Code, or (3) to protect governmental matters that are made confidential by statute or regulation. If an order is entered under this rule without notice, any

>   entity affected thereby may move to vacate or modify the order,
>   and after a hearing on notice the court shall determine the motion.

Fed. R. Bankr. P. 9018 (emphasis added).

11.     Moreover, section 105(a) of the Bankruptcy Code grants the Court the power to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of" the Bankruptcy Code. *See* 11 U.S.C. § 105(a).

12.     If a party in interest requests that a bankruptcy court authorize it to file information under seal, and the bankruptcy court determines that the information fits any of the categories specified in section 107(b) of the Bankruptcy Code, "the court is required to protect a requesting interested party and has no discretion to deny the application." *Video Software Dealers Assoc. v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994).

13.     "Commercial information" is one of the protected categories of information. *See* 11 U.S.C. § 107(b)(1); Fed. R. Bankr. P. 9018(1); *In re Global Crossing Ltd.*, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003) ("The whole point of that provision is to protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury."). "Commercial information has been defined as information which would cause 'an unfair advantage to competitors by providing them information as to the commercial operations of the debtor.'" *In re Orion Pictures Corp.*, 21 F.3d at 27 (*quoting Ad Hoc Protective Comm. For 10 1/2% Debenture Holders v. Itel Corp. (In re Itel Corp.)*, 17 B.R. 942, 944 (9th Cir. BAP 1982)). "Commercial information" need not rise to the level of a trade secret to be protected by section 107(b). *Id.* at 28.

14.     The Confidential Information contains confidential "commercial information" that is protected by section 107(b) of the Bankruptcy Code. *See In re Orion Pictures Corp.*, 21 F.3d at 27 (holding that in order to have information sealed under section 107(b) of the

Bankruptcy Code the moving party "had to show only that the information it sought to seal was 'confidential' and 'commercial' in nature."). The USHE Agreement sets forth the details of the commercial relationship between the Debtor and USHE. The USHE Agreement explicitly provides that its terms and conditions are confidential and further governs dissemination of any "Confidential Information" related to the USHE Agreement or received by either party in accordance with the USHE Agreement. Thus, the Debtor and USHE have explicitly designated the USHE Agreement as confidential.

15. The terms of the USHE Agreement support the position taken by USHE in its concurrently filed Motion for Relief from the Automatic Stay that USHE is the sole and exclusive owner of the Video Devices (as such term is defined in the USHE Agreement), and the Official Committee of Unsecured Creditors supports USHE's efforts to recover the Video Devices.

16. USHE has maintained the confidentiality of the USHE Agreement. In response to inquiries by the Debtor's lender HCL America, Inc. ("HCL"), and with the Debtor's permission, USHE provided a redacted version of the USHE Agreement to HCL's counsel, but only after HCL executed a confidentiality agreement.

17. As such, public dissemination of the USHE Agreement would disadvantage both the Debtor and USHE in commercial negotiations with other persons or entities by disclosing the terms of the commercial relationship between the Debtor and USHE. A similar factual situation was discussed in the Second Circuit's *In re Orion Pictures Corp.* decision, in which the Second Circuit affirmed the lower court's denial of a motion to modify a protective order that had sealed all documents relating to a promotional agreement between the debtor ("Orion") and McDonald's Corporation ("McDonald's"). *Orion Pictures*, 21 F.3d at 25. The court had previously approved the promotional agreement, including a license from Orion granting McDonald's the right to reproduce, manufacture, distribute, and sell videocassettes of three

Pg 6 of 7

films. *See id.* Another distributor of videocassettes sought to unseal all of the documents related to the promotional agreement after discovering the terms of the parties' transaction with respect to licensing of the film "Dances with Wolves." *See id.* at 26. The court denied the competing distributor's motion. In affirming the lower court's ruling, the Second Circuit specifically adopted the court's finding that "'[d]isclosing the sealed information, including the overall structure, terms and conditions of the McDonald's Agreement, renders very likely a direct and adverse impairment to Orion's ability to negotiate favorable promotion agreements, thereby giving Orion's competitors an unfair advantage.'" *Id.* at 28 (alterations in original).

18. Here, the USHE Agreement sets forth the terms of the royalty payment arrangement regarding the license of USHE's Video Devices to the Debtor, and the calculation of payments to USHE thereunder. Disclosure of this Confidential Information would have a direct and negative impact to both the Debtor and USHE's ability to negotiate favorable agreements, thereby giving both the Debtor and USHE's competitors an unfair advantage.

19. On the other hand, there would be no negative impact if the USHE Agreement is filed under seal. The Debtor already has a copy of the USHE Agreement, as does counsel to the Debtor's lender, HCL (in redacted form).

20. Therefore, an order allowing USHE to file the Confidential Information under seal is appropriate.

**NOTICE**

21. Pursuant to Bankruptcy Rule 9018, USHE submits that no notice of this Sealing Motion need be provided.

## **NO PRIOR APPLICATION**

22. No prior application for the relief sought herein has been made to this or any other Court.

WHEREFORE, for all the foregoing reasons, USHE respectfully requests that the Court enter an order substantially in the form submitted herewith as Exhibit A authorizing USHE to file the Confidential Information under seal.

Dated: New York, New York
       November 16, 2015

REED SMITH LLP

By: /s/ Christopher A. Lynch
Christopher A. Lynch, Esq.
599 Lexington Avenue
New York, NY  10022
Telephone:  (212) 521-5400
Facsimile:  (212) 521-5450
E-mail:  clynch@reedsmith.com

Marsha A. Houston, Esq. (admitted *pro hac vice*)
Christopher O. Rivas, Esq. (admitted *pro hac vice*)
355 S. Grand Ave., Suite 2900
Los Angeles, CA  90071
Telephone:     (213) 457-8000
Facsimile:     (213) 457-8080

*Attorneys for Universal Studios Home Entertainment LLC*