| | |
|---|---|
| Amish R. Doshi, Esq.<br>**MAGNOZZI & KYE, LLP**<br>23 Green Street, Suite 302<br>Huntington, New York 11743<br>Telephone:  (631) 923-2858<br>Facsimile:   (631) 923-2860<br>Email:          adoshi@magnozzikye.com | Hearing Date: November 23, 2015<br>Hearing Time: 11:00 AM<br>Objection Date: November 19, 2015 |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>**FILMED ENTERTAINMENT, INC.**<br><br>Debtors. | Chapter 11<br><br>Case No.   15-12244 (SCC) |

**ORACLE'S RIGHTS RESERVATION REGARDING (1) NOTICE OF SALE HEARING AND (2) DEBTOR'S MOTION FOR ENTRY OF: (I) AN ORDER (A) APPROVING BIDDING PROCEDURES FOR THE SALE OF SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS, (B) SCHEDULING AN AUCTION AND A SALE HEARING RELATED THERETO, AND (C) APPROVING THE FORM OF NOTICE OF THE AUCTION AND SALE HEARING; AND (II) AN ORDER (A) APPROVING SUCH SALE FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS, (B) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH THE SALE, AND (C) GRANTING RELATED RELIEF ("RIGHTS RESERVATION")**

Oracle America, Inc., successor in interest to Endeca and Art Technology Group Inc. (collectively, "Oracle"), a creditor and contract counter-party in the above-captioned Chapter 11 case, submits this Rights Reservation in response to (1) the Notice of Sale Hearing ("Sale Notice") and (2) Debtor's Motion for Entry of: (I) An Order (A) Approving Bidding Procedures for the Sale of Substantially all of the Debtor's Assets, (B) Scheduling an Auction and a Sale Hearing Related Thereto, and (C) Approving the Form of Notice of the Auction and Sale Hearing; and (II) An Order (A) Approving Such Sale Free and Clear of Liens, Claims, Encumbrances and Other Interests, (B) Authorizing the Assumption and Assignment of Certain

Executory Contracts and Unexpired Leases in Connection With the Sale, and (C) Granting Related Relief ("Sale Motion"), filed by Filmed Entertainment Inc. ("Debtor") and states:

## I.    INTRODUCTION

1. By the Sale Motion, the Debtor seeks Bankruptcy Court authority to, among other things, assume and assign certain executory contracts in connection with the sale of the Debtor's assets.

2. Although the Debtor has not, at this time, expressly identified any Oracle agreements targeted for assumption and assignment, Oracle files this Rights Reservation in the event any Oracle agreement is subsequently so identified.

3. To the extent the Sale Motion operates to authorize the Debtor to assume and assign or transfer any Oracle software license agreement, Oracle does not consent to such assumption and assignment, for the following reasons.

4. First, Oracle's agreements are, or pertain to, licenses of intellectual property that are not assignable absent Oracle's consent, pursuant to both the underlying license agreements and applicable law.

5. In addition, the Debtor requests a judicial determination that any anti-assignment provision in contracts to be assumed and assigned is unenforceable and void. Oracle objects to this sweeping determination being made regarding its agreements with the Debtor.

6. Second, the Sale Motion and APA (defined below) do not provide Oracle with adequate assurance regarding the purchaser's ability to perform the terms of Oracle's contracts.

7. Third, because the Sale Motion and APA do not currently describe any Oracle contracts, it is impossible for Oracle to assess whether the agreements are assignable.

8. Finally, if assumption and assignment is contemplated, the Debtor must cure all defaults with respect to Oracle's agreements.

9. Accordingly, Oracle submits this Rights Reservation in order to timely preserve all of its rights with respect to the Sale Motion.

## II. FACTUAL BACKGROUND

10. The above captioned case was filed on August 10, 2015. On September 10, 2015, the Debtor filed its Sale Motion.

11. On September 28, 2015 the Court entered the Order (A) Approving Bidding Procedures for the Sale of Substantially all of the Debtor's Assets; (B) Scheduling an Auction and a Sale Hearing Related thereto; and (C) Approving the Form of Notice of the Auction and Sale Hearing ("Bidding Procedures Order").

12. Pursuant to the Bidding Procedures Order, the Debtor is to file an Assumption Schedule[1] with the Court no later than five business days <u>after</u> the Sale Hearing, currently scheduled for November 23, 2015.

13. The Bidding Procedures Order authorizes the Debtor to remove or add contracts to the Assumption Schedule up to ten days before the closing of the sale.

14. As of the date of this Rights Reservation, no Assumption Schedule has been filed.

15. On November 16, 2015, three days prior to the date of this Rights Reservation, the Debtor filed the Sale Notice indicating that Edge Line Ventures, LLC ("Edge Line") is the successful bidder for the Debtor's assets.

---

[1] Capitalized terms used herein but not otherwise defined shall have the meaning ascribed to them in the Sale Motion

- 3 -

16. The proposed Sale Order is attached to the Sale Notice as Exhibit "1". The Asset Purchase Agreement ("APA") entered into between the Debtor and Edge Line is attached as Exhibit "1" to the Sale Order.

17. Schedule 2.3(a) to the APA identifies those contracts that the Debtor intends to assume and assign. No Oracle agreements are currently identified.[2]

18. However, Schedule 2.1 to the APA provides that "[a]ll Assigned Contracts identified by Buyer will be listed on Schedule 2.3(a) which Schedule shall be delivered in final form by Buyer to Seller prior to the Closing …".

19. This suggests that the Buyer may amend Schedule 2.3(a) to include Oracle's agreements at a later time, consistent with the Debtor's ability to amend the Assumption Schedule up to ten days prior to the close of the sale pursuant to the Bidding Procedures Order.

20. The APA also includes a catch-all provision that provides for the transfer of "all other assets of the Seller" apart from the limited Excluded Assets identified in section 2.2 of the APA (*see* Schedule 2.1).

21. Further, section 4.7(b) of the APA defines "Material Contracts" as "all Contracts that are material to the Acquired Assets."

22. Section 4.7(d)(i) of the APA provides that "[t]o the extent Seller has the right to assign to Buyer each of the Material Contracts on the Closing Date under section 365 of the Bankruptcy Code and upon such assignment at Closing in the manner contemplated by this Agreement, Buyer shall have all of the rights of Seller thereunder."

---

[2] Oracle is aware that the Debtor has until ten days prior to the sale closing to add or delete contracts from the Assumption Schedule, thereby triggering a subsequent deadline for Oracle to object in the event its agreements are identified. However, in order to save duplicate filings, Oracle files this Rights Reservation and reserves its rights to be heard in the instance its contracts are subsequently identified on the Assumption Schedule.

23. Oracle objects to these broad provisions of the APA to the extent they operate to transfer Oracle's software and related license agreements to the purchaser.

### III. ARGUMENT

#### A. The Debtor May Not Assume And Assign Any Oracle Agreement Absent Oracle's Consent Because Oracle Agreements Pertain To Licenses Of Intellectual Property.

24. Section 365(c) of the Bankruptcy Code provides, in relevant part:

> The trustee may not assume or assign any executory contract ... of the debtor ... if (1)(A) applicable law excuses a party, other than the debtor, to such contract or lease from accepting performance from or rendering performance to an entity other than the debtor ..., whether or not such contract or lease prohibits or restricts assignment of rights or delegation of duties; and (B) such party does not consent to such assumption or assignment.

25. Federal law makes non-exclusive patent licenses non-assignable absent consent of the licensor. *See In re Catapult Entertainment, Inc.*, 165 F.3d 747 (9th Cir. 1999), *cert. dismissed*, 528 U.S. 924 (1999) (patent law renders non-exclusive patent licenses personal and non-assignable under Bankruptcy Code § 365(c)(1)); *see also In re Trump Entm't Resorts, Inc.*, 2015 Bankr. LEXIS 523 (Bankr. D. Del. Feb. 20, 2015) ("Non-exclusive patent and copyright licenses create only personal and not property rights in the licensed intellectual property and so are not assignable."). *See, In re Patient Educ. Media,* 210 B.R. 237, 243 (Bankr. S.D.N.Y 1997); *See, In re Adelphia Communications Corp, et al.,* 359 B.R. 65 (Bankr. S.D.N.Y. 2007).

26. The Debtor must obtain Oracle's consent before seeking to assume and assign any of its agreements with Oracle, which are integrated agreements for the licensing of non-exclusive, patented software.

27. At this time, for the reasons discussed below, Oracle does not consent to any such assignment.

- 5 -

28. In addition, the proposed Sale Order requests a blanket determination by the Court that any anti-assignment provision in contracts to be assumed and assigned is unenforceable and void.

29. The request is framed by the Debtor as follows:

> Any provision in any Assumed Contract or Lease that prohibits or conditions the assignment of such contract or lease, or allows the counterparty to such contract or lease to terminate, recapture, impose any penalty, condition renewal or extension, or modify any term or condition upon the assignment of such contract or lease, constitutes an unenforceable anti-assignment provision, and is void and of no force and effect.

Proposed Sale Order ¶ 5.

30. Oracle objects to this proposed finding as to Oracle's agreements because, as discussed above, the agreements involve the licensing of non-exclusive, patented software, which are non-assignable in the absence of Oracle's consent.

31. Because Bankruptcy Code section 365 expressly preserves Oracle's right to consent to any assignment of its license agreements, the Debtor may not unilaterally nullify the anti-assignment provisions of any Oracle agreement.

32. Accordingly, Oracle requests that the Debtor be denied this blanket authorization to assume and assign or transfer any Oracle agreement.

**B.  The Debtor Has Not Provided Adequate Assurance Of Future Performance By The Purchaser.**

33. Before assuming and assigning any executory contract, the Debtor must provide adequate assurance of future performance. 11 U.S.C. § 365(b)(1).

34. The Sale Notice identifies Edge Line as the successful bidder. However, no adequate assurance information has been provided.

35. As a result, Oracle cannot evaluate Edge Line's acceptability as an assignee, or whether the prerequisites of 11 U.S.C. § 365(b) will be met.

36. To satisfy section 365(b), to the extent the Debtor seeks to assume and assign Oracle's agreements, Oracle requests that the Debtor provides the following information about Edge Line: (a) financial bona fides; (b) confirmation that Edge Line is not an Oracle competitor; and (c) confirmation that Edge Line will (i) execute an Oracle Assignment Agreement and related documentation which identifies <u>all</u> of the Oracle executory contracts to be assigned, and (ii) if appropriate, enter into an Oracle Master Licensing Agreement.

37. Absent these assurances, Oracle cannot determine Edge Line's creditworthiness, its suitability as an Oracle customer, or its ability to adequately perform the terms of the agreements.

38. Until the information described above is provided, the Debtor has not complied with the requirements of section 365(b)(1)(C) and the Sale Motion must be denied to the extent it seeks to authorize the Debtor to assume and assign or transfer any Oracle agreement.

**C.     The Debtor Has Not Adequately Identified Any Oracle Agreement To Assume and Assign.**

39. At this time the Sale Motion and APA do not expressly identify any Oracle agreement to be assumed and assigned, and Oracle therefore cannot evaluate whether the Sale Motion and the APA are appropriate.

40. To the extent the Debtor ultimately seeks to assume and assign any Oracle agreement, Oracle requests that the Debtor provides a specific (a) contract name; (b) contract identification number; (c) contract date; (d) whether the targeted contract pertains to support or support renewals; and (e) the governing license agreement for each contract.

41. This information will enable Oracle to evaluate whether the agreements are assignable, whether the Debtor is in default and, if so, what the appropriate cure amount is, and whether Oracle may accept performance from an entity other than the Debtor.

42. Oracle reserves its right to be heard on this issue after any contracts the Debtor seeks to assume and assign are identified with greater specificity.

**D.    To The Extent the Debtor Seeks To Assume And Assign Oracle Agreements, An Adequate Cure Amount Must Be Provided.**

43. If the object of the Sale Motion and the APA is to authorize the Debtor to assume and assign Oracle agreements, the Debtor cannot accomplish this unless all defaults are cured.

44. At present, there may be amounts owed under Oracle's agreements with the Debtor, and Oracle has no assurance that the Debtor or Edge Line intend to pay the required cure amounts.

45. The Debtor cannot assume and assign any Oracle agreement unless all arrearages are cured.

46. Oracle reserves its right to object to the cure amount in the event the Debtor seeks to assume and assign or transfer any Oracle agreements.

## IV. CONCLUSION

47. For the foregoing reasons, Oracle respectfully requests that the Court deny the Sale Motion to the extent it seeks to authorize the Debtor to assume and assign or transfer any Oracle agreement, and Oracle reserves all of its rights as set forth herein.

Dated: November 19, 2015
       Huntington, New York

Respectfully submitted,

By: /s/ Amish R. Doshi
Amish R. Doshi, Esq.
**Magnozzi & Kye LLP**
23 Green Street, Suite 302
Huntington, New York 11743
Telephone: (631) 923-2858
Email: adoshi@magnozzikye.com

Shawn M. Christianson (CSB # 114707)
**Buchalter Nemer, P.C.**
A Professional Corporation
55 Second Street, 17th Floor
San Francisco, California 94105-2130
Telephone: (415) 227-0900

Deborah Miller (CSB# 95527)
Lillian Park (CSB #273966)
**Oracle America, Inc.**
500 Oracle Parkway
Redwood City CA 94065
Telephone: (650) 506-5200

**Attorneys for Creditor**
**Oracle America, Inc.**