**Hearing Date:  December 29, 2015 at 10:00 a.m. (New York Time)**
**Objection Deadline: December 22, 2015 at 4:00 p.m. (New York Time)**

**GRIFFIN HAMERSKY P.C.**
485 Madison Avenue, 7th Floor
New York, New York 10022
Telephone: (212) 710-0338
Facsimile:  (212) 710-0339
Scott A. Griffin
Michael D. Hamersky

Counsel for the Debtor
and Debtor in Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
                                                               :
In re:                                                         :    Chapter 11
                                                               :
FILMED ENTERTAINMENT INC.,                                     :
                                                               :    Case No. 15-12244 (SCC)
                                   Debtor.[1]                  :
                                                               :
---------------------------------------------------------------x

**DEBTOR'S MOTION FOR AN ORDER PURSUANT TO SECTION 1121(d)
OF THE BANKRUPTCY CODE EXTENDING EXCLUSIVE PERIODS TO FILE
CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF**

TO THE HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE:

The debtor and debtor in possession in the above-captioned case (the "Debtor") hereby moves (the "Motion") for entry of an order pursuant to section 1121(d) of title 11 of the United States Code (the "Bankruptcy Code") extending the the Debtor's exclusive periods to file a chapter 11 plan and to solicit acceptances thereof.  In support of this Motion, the Debtor respectfully states as follows:

**Jurisidiction and Venue**

1.     This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue of this case and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

---
[1]    The last four digits of the Debtor's federal tax identification number are 3867.

2. The statutory predicates for the relief requested herein are section 1121(d) of the Bankruptcy Code, Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure, and Rule 9006-2 of the Local Bankruptcy Rules for the Southern District of New York.

### Background

A. The Chapter 11 Case

3. On August 10, 2015, the Debtor filed a voluntary petition (the "Chapter 11 Case") in this Court for relief under Chapter 11 of the Bankruptcy Code.[2]

4. The Debtor continues to manage and operate its business as a debtor in possession under sections 1107 and 1108 of the Bankruptcy Code. As of the date hereof, no trustee or examiner has been appointed in the Chapter 11 Case.

5. On August 18, 2015, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the official committee of unsecured creditors (the "Committee") [Dkt. No. 34].

6. The factual background regarding the Debtor, including its operations, its capital and debt structure, and the events leading to the filing of this Chapter 11 Case, is set forth in detail in the Affidavit of Glenn Langberg, filed under Local Bankruptcy Rule 1007-2 in support of the Debtor's chapter 11 petition and various first day applications and motions (the "Affidavit") [Dkt. No. 2], and is incorporated herein by reference.

7. On September 8, 2015, the Debtor filed its schedules of assets and liabilities and statement of financial affairs (collectively, the "Schedules and Statements") [Dkt. Nos. 65 and 66, respectively].

8. On October 8, 2015, the Debtor filed a motion for an order establishing deadlines for filing of proofs of claim, which was approved by Order of this Court on October

---

[2] Capitalized terms used herein, but not otherwise defined, shall have the meanings ascribed to them in the order approving, among other things, bidding procedures in connection with the sale of substantially all of the Debtor's assets, including all exhibits thereto (the "Bidding Procedures Order") [ Dkt. No. 101].

16, 2015 [Dkt. No. 113]. The last day to file claims, other than governmental claims, was November 30, 2015 (the "Claims Bar Date"). The last day to file governmental claims is February 6, 2016.

B. Sale Process

9. On September 10, 2015, the Debtor filed a motion seeking, among other things, (a) approval of bidding procedures in conjunction with a sale of substantially all of its assets, (b) the sale of those assets free and clear of liens, claims, encumbrances and other interests, and (c) authorization to assume and assign certain executory contracts and unexpired leases in connection with the Sale (the "Sale Motion") [Dkt. No. 80].

10. On September 28, 2015, the Court entered the Bidding Procedures Order in connection with the Sale Motion.

11. In conjunction with the Bidding Procedures Order, the Debtor selected the bid of Edge Line Ventures LLC (the "Buyer") as the Successful Bid for substantially all of the Debtor's assets.[3]

12. On November 16, 2015, the Committee filed the Conversion Motion [Dkt. No. 130].

13. On November 16, 2015, the Debtor filed the Notice of Sale Hearing (the "Notice of Sale Hearing") [Dkt No. 138], which attached the asset purchase agreement between the Debtor and the Buyer, dated as of November 16, 2015 (the "Modified Purchase Agreement").

14. On November 24, 2015, the Committee filed an objection to the Sale (the "Sale Objection") [Dkt. No. 152].

---

[3] A detailed account of the Debtor's prepetition and postpetition marketing efforts and its decision to select the Buyer as the Successful Bidder are set forth in the Debtor's Opposition to Motion (the "Conversion Motion") of Official Committee of Unsecured Creditors to (I) Convert the Chapter 11 Case To A Case Under Chapter 7 of the Bankruptcy Code; or, in the Alternative, (II) for An Order Authorizing the Committee to Prosecute Certain Causes of Action on Behalf of the Debtor's Estate [Dkt. No. 154].

15. On December 2, 2015, this Court held the Sale Hearing to consider approval of the Modified Purchase Agreement and the Committee's Sale Objection thereto. The Sale Hearing has been continued to December 14, 2015 at 2:00 p.m. (New York Time) (the "Continued Sale Hearing").

16. The Debtor, the Buyer and the Committee are currently in active discussions to resolve the Committee's Conversion Motion and Sale Objection.

**Relief Requested**

17. By this Motion, the Debtor seeks entry of an order, substantially in the form of the proposed order attached hereto as Exhibit "A," extending (a) the Exclusive Filing Period (as defined below) by sixty (60) days, through and including February 6, 2016; and the Exclusive Solicitation Period (as defined below) by sixty (60) days, through and including April 6, 2016. Unless extended, the Debtor's initial Exclusive Filing Period will expire on December 8, 2015 and the Debtor's initial Exclusive Solicitation Period will expire on February 6, 2016. The Debtor also requests that such extensions be without prejudice to the Debtor's rights to request further extensions of the Exclusive Periods (as defined below) or to seek other appropriate relief.

**Basis for Relief**

18. Section 1121(b) of the Bankruptcy Code provides for an initial period of one hundred twenty (120) days following the petition date during which a debtor has the exclusive right to file a chapter 11 plan (the "Exclusive Filing Period"). *See* 11 U.S.C. § 1121(b). Section 1121(c)(3) of the Bankruptcy Code provides that, if a debtor files a chapter 11 plan within the Exclusive Filing Period, then it has an initial period of one hundred eighty (180) days after the petition date to solicit acceptances of such plan (the "Exclusive Solicitation Period," together with the Exclusive Filing Period, the "Exclusive Periods"). *See* 11 U.S.C. § 1121(c)(3).

4

19. Section 1121(d) of the Bankruptcy Code, however, allows the Court to extend a debtor's Exclusive Periods for "cause." Specifically, section 1121(d)(1) provides, in relevant part:

> "[o]n request of a party in interest . . . and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section."

11 U.S.C. § 1121(d)(1). Section 1121 further provides, however, that the 120-day period to file a chapter 11 plan "may not be extended beyond a date that is 18 months after the [petition] date," and the 180-day period to solicit acceptances of a filed plan "may not be extended beyond a date that is 20 months after the [petition date]." *See* 11 U.S.C. § 1121(d)(2).

20. Although the Bankruptcy Code does not define the term "cause" or provide factors for consideration, the legislative history of section 1121 suggests that it is intended to be a flexible standard, which balances the competing interests of debtors and creditors. *See* H.R. Rep. No. 95-595, at 231-232 (1978), reprinted in 1978 U.S.C.C.A.N. 593; *see also In re McLean Indus., Inc.*, 87 B.R. 830, 833 (Bankr. S.D.N.Y. 1987) (quoting the House Report for the proposition that Congress intended to provide great flexibility to protect a debtor's interest by allowing the debtor the opportunity to negotiate settlements of debts without interference from other parties); *In re Amko Plastics, Inc.*, 197 B.R. 74, 77 (Bankr. S.D. Ohio 1996) (noting that Congress intended courts to have flexibility in dealing with extensions of exclusivity).

21. Indeed, it is well settled that a court's decision to extend the Exclusive Periods should be based upon the facts and circumstances of each particular case, and courts have broad discretion to consider a variety of factors in determining whether cause exists to extend such periods. *See In re Borders Grp., Inc.*, 460 B.R. 818, 821-22 (Bankr. S.D.N.Y. 2011) (citations omitted) ("The determination of cause under section 1121(d) is a fact-specific inquiry and the court has broad discretion in extending or terminating exclusivity."); *In re Adelphia*

5

*Commc'ns Corp.*, 352 B.R. 578, 586 (Bankr. S.D.N.Y. 2006) ("A decision to extend or terminate exclusivity for cause is within the discretion of the bankruptcy court, and is fact specific."); *In re Texaco Inc.,* 76 B.R. 322, 326 (Bankr. S.D.N.Y 1987); *In re Gibson & Cushman Dredging Corp.*, 101 B.R. 405, 409 (E.D.N.Y. 1989). The factors routinely considered by courts in determining whether cause exists to extend the Exclusive Periods include, but are not limited to:

- the size and complexity of the case;

- the necessity of sufficient time to permit the debtor to negotiate a chapter 11 plan and prepare adequate information;

- the existence of good faith progress towards reorganization;

- whether the debtor is paying its debts as they become due;

- whether the debtor has demonstrated reasonable prospects for filling a viable plan;

- whether the debtor has made progress in negotiating with its creditors;

- the amount of time that has elapsed in the case;

- whether the debtor is seeking an extension of exclusivity to pressure creditors to submit to the debtor's reorganization demands; and

- whether an unresolved contingency exits.

*See Adelphia*, 352 B.R at 587 (noting that these factors have been used historically in making the decision whether to extend exclusivity); *In re McLean Indus., Inc.*, 87 B.R. at 834; *accord In re Express One Int'l, Inc.,* 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996) (identifying the nine relevant factors).

  22. In applying these factors, "the hallmark of . . . section [1121(d)] is flexibility." *In re Perkins*, 71 B.R. 294, 297 (W.D. Tenn. 1987). Accordingly, not every factor is relevant in every case; and a finding that any one of these factors exists may justify extending the Exclusive Periods. *See In re Express One Int'l, Inc.*, 194 B.R. at 100; *In re Dow Corning*

*Corp.*, 208 B.R. 661, 664-65 (Bankr. E.D. Mich. 1997).  However, no one factor is dispositive, and the court is not restricted to counting factors.  *In re Dow Corning Corp.*, 208 B.R. at 669-70.

23. For the reasons set forth below, the Debtor respectfully submits that cause exists to extend the Exclusive Periods, especially in light of the considerable progress achieved by the Debtor to date in the Chapter 11 Case.

A. The Debtor Has Made Good Faith Progress In This Chapter 11 Case

24. Exclusivity is intended to provide a chapter 11 debtor with a full and fair opportunity to analyze and sort out its financial affairs.  During the first 120 days of the Chapter 11 Case, the Debtor has made considerable good faith progress in not only the analysis of its financial affairs, but also advancing a Sale of its assets in an effort to submit a viable liquidating chapter 11 plan.

25. Within four months of the commencement of the Chapter 11 Case, the Debtor has, among other things: (i) consensually obtained the use of cash collateral; (ii) filed its Schedules and Statements; (iii) established the Claims Bar Date; (iv) filed the Sale Motion; (v) obtained approval of the Bidding Procedures; (vi) engaged in an extensive marketing process with over 140 Interested Parties; (vii) negotiated the assumption and assignment of an unexpired nonresidential real property lease critical to the Debtor's contemplated plan; and (viii) selected the Buyer's bid as the Successful Bid.

26. Additionally, the Debtor has resolved almost all of the objections to the Sale Motion.  The Debtor continues to negotiate the terms of the Sale Order and Modified Purchase Agreement with Edge Line and the Committee, in advance of the Continued Sale Hearing, in an effort to resolve the Committee's Conversion Motion and Sale Objection.

27. As discussed herein, the Debtor has made substantial progress in the first 120 days of this case.  The requested extensions will further the Debtor's goal of promptly filing

7

a viable liquidating plan upon approval of the Sale. Accordingly, the record supports the requested extensions.

### B. The Debtor Needs More Time to Negotiate A Chapter 11 Plan and Believes It Has Reasonable Prospects of Filing A Viable Plan

28. The Debtor has reasonable prospects of filing a viable chapter 11 plan, and intends to do so shortly following the closing of the Sale. As noted above, the Debtor has filed the Schedules and Statements and established a Claims Bar Date. The passage of the Claims Bar Date will aid the Debtor and Committee in determining which claims will need to be objected to, or otherwise challenged, in connection with the Debtor's chapter 11 plan.

29. Further, the Debtor has been consulting with the Committee at virtually every stage of the Chapter 11 Case. The Debtor and Committee have communicated throughout the Sale process and continue to negotiate the terms of the Modified Purchase Agreement with the Buyer, and have commenced preliminary discussions regarding certain plan provisions. This Court's determination whether to approve the Modified Purchase Agreement will have a direct impact on the terms of the Debtor's chapter 11 plan.

30. The Debtor believes that termination of exclusivity could lead to unnecessary administrative expenses as a result of inefficient disputes over competing plans, with such disputes impairing the Debtor's ability to formulate a chapter 11 plan. An extension of the Exclusive Periods, on the other hand, will afford the Debtor with a meaningful opportunity to propose and confirm a liquidating chapter 11 plan without prejudice to parties in interest in this Chapter 11 Case.

### C. The Debtor Has Made Progress In Negotiations With Its Creditors

31. The Debtor has made extensive progress with its creditors. As noted above, the Debtor is negotiating with the Committee to resolve its Sale Objection and the related Conversion Motion. The Debtor has engaged in discussions with its secured creditor, HCL of America, Inc. ("HCL"), regarding the constructs of a liquidating chapter 11 plan. HCL did not

8

object to the Sale. Additionally, as discussed herein, the Claims Bar Date passed on November 30, 2015, and the Debtor now has a more complete snapshot of the claims pool. The general unsecured claims pool has not varied much from the amounts listed in the Schedules and Statements. The Debtor, however, will need to reconcile certain claims filed by various creditors to properly formulate a chapter 11 plan and will work with the Committee to formulate an efficient claims objection process.

> D. The Debtor Is Not Seeking an Extension of the
>    <u>Exclusive Periods to Pressure Creditors</u>

32. The Debtor does not seek extension of the Exclusive Periods to artificially delay the resolution of this case. Rather, it seeks the extension to provide it with more time to formulate a plan, subject to this Court's determination regarding the approval of the Sale. Upon court approval of the Sale, and its closing, the Debtor promptly will prepare, file, and solicit votes for a liquidating chapter 11 plan. Further, upon the Sale closing, the Debtor anticipates having ample funds to: (i) pay this Chapter 11 Case's administrative costs; (ii) fund a plan that will satisfy the Debtor's secured creditor; and (iii) provide for distribution to the Debtor's unsecured creditors. The Debtor has conducted its affairs in a manner consistent with its fiduciary obligations.

33. Granting an extension of the Exclusive Periods will not provide the Debtor with unfair bargaining leverage over any creditor. In fact, an extension of the Exclusive Periods will provide the Debtor with the time necessary to formulate a liquidating chapter 11 plan that will maximize recovery for all creditors.

> E. <u>The Debtor's Case Has Been Pending For Less Than Four Months</u>

34. The Debtor commenced this Chapter 11 Case on August 10, 2015, less than four months ago. This is the first request that Debtor has made for an extension of the Exclusive Periods. Although the Debtor reserves its right to seek an additional extension of the Exclusive Periods, it does not anticipate that it will need to do so.

F. <u>The Debtor Has Been Paying Its Debts As They Come Due</u>

35. The Debtor continues to pay its undisputed postpetition obligations in the ordinary course of its business. In fact, the Debtor is not delinquent on any undisputed postpetition obligation. Accordingly, the requested extension of the Exclusive Periods will not prejudice the interests of creditors who are due postpetition amounts from the Debtor.

**Notice**

36. Notice of this Motion has been provided either by facsimile, electronic transmission, overnight delivery, or hand delivery to: (i) the U.S. Trustee; (ii) the United States Attorney for the Southern District of New York; (iii) the Internal Revenue Service; (iv) the New York State Department of Taxation and Finance; (v) the Securities and Exchange Commission; (vi) Lowenstein Sandler LLP, counsel to the Committee; (vii) Archer & Greiner, P.C., counsel to HCL America, Inc., the Debtor's secured creditor; and (viii) any parties required to be served under any applicable Bankruptcy Rule or Local Rule. The Debtor submits that, under the circumstances, no other or further notice is necessary.

**No Prior Request**

37. No prior request for the relief requested herein has been made to this or any other Court.

## Conclusion

**WHEREFORE**, the Debtor respectfully requests this Court enter an order, substantially in the form annexed hereto as Exhibit "A," granting the relief requested in this Motion and such other and further relief as may be just and proper.

Dated:  New York, New York
        December 8, 2015

GRIFFIN HAMERSKY P.C.

By: /s/ Scott A. Griffin
Scott A. Griffin
Michael D. Hamersky
485 Madison Avenue, 7th Floor
New York, New York 10022
Telephone:  (212) 710-0338
Facsimile:  (212) 710-0339

Counsel for the Debtor
and Debtor in Possession