UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
                                                               :
In re:                                                         :    Chapter 11
                                                               :
FILMED ENTERTAINMENT INC.,                                     :    Case No. 15-12244 (SCC)
                                                               :
                          Debtor.[1]                           :
                                                               :
---------------------------------------------------------------X

### ORDER PURSUANT TO SECTIONS 105(A), 363 AND 365 OF THE BANKRUPTCY CODE APPROVING SALE OF THE ACQUIRED ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS

Upon the motion (the "Motion")[2] of the Debtor for an Order pursuant to, inter alia, sections 105(a), 363, 365 and 1146(a) of the Bankruptcy Code and Bankruptcy Rules 2002(a)(2), 6004 and 6006 approving (i) the sale of the Acquired Assets (the "Sale"), free and clear of all liens, claims, encumbrances and other interests except as otherwise expressly provided in the Modified Purchase Agreement as Exhibit "1" hereto (the "Modified Purchase Agreement"); (ii) the assumption and assignment of the Assumed Contracts pursuant to the Assignment Procedures; and (iii) for related relief, all as further set forth and defined in the Motion and the Modified Purchase Agreement; and this Court having reviewed the Motion and the Modified Purchase Agreement and upon this Court's prior order, dated September 28, 2015, approving the Bidding Procedures (the "Bidding Procedures Order") [Dkt. No. 101]; and due notice of the Motion, the Bidding Procedures Order and no Auction having been conducted under the Bidding Procedures, as the Debtor having only received one Qualified Bid, the Auction

---

[1]  The last four digits of the Debtor's federal tax identification number are 3867.

[2]  Capitalized terms used herein, but not otherwise defined, shall have the meanings ascribed to them in the Motion.

conducted in connection therewith (the "Auction") having been given to all parties entitled thereto;

**NOW THEREFORE**, upon the entire record of the Bidding Procedures Hearing and the Sale Hearing (each as defined in the Bidding Procedures Order) and this Chapter 11 Case, and after due deliberation thereon and good cause appearing therefor;

**IT IS HEREBY FOUND AND DETERMINED THAT**:[3]

A. <u>Jurisdiction and Venue</u>. The Court has subject matter jurisdiction over the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. section 157(b)(2)(A) and (N). Venue of this case and the Motion in this District is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

B. <u>Notice</u>. Proper, timely, adequate and sufficient notice of the Motion and the relief requested therein, the Auction, the Sale Hearing, the Sale and related transactions collectively described in the Modified Purchase Agreement (all such transactions being collectively referred to as the "Sale Transaction"), has been provided in accordance with sections 102(1) and 363 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004 and 6006 and in compliance with the Bidding Procedures Order, to all Notice Parties, Scheduled and Filed Creditors, and the 2002 Parties, being all of the interested persons and entities required to receive notice, as evidenced by the Affidavit of Service filed with the Court. Such notice was good and sufficient, and appropriate under the particular circumstances.

C. <u>Opportunity to Object and Bid</u>. Creditors, parties in interest and other entities have been afforded a reasonable opportunity to bid for the Acquired Assets. A

---

[3] The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate.

2

reasonable opportunity to object or be heard with respect to the Motion and the relief requested therein has been afforded to all interested persons and entities.

        D.      No Auction and Selection of Successful Bidder.  The Debtor extended the adjourned Bid Deadline and/or adjourned the Auction contemplated under the Bidding Procedures by notices of adjournment filed with the Bankruptcy Court on October 14, 2015 [Dkt. No. 111], and October 22, 2015 [Dkt. No. 119], which resulted in the Debtor ultimately receiving only one Qualified Bid, the Modified Purchase Agreement, from the Buyer.[4]  Because the Debtor received only one Qualified Bid, the Debtor was not required to conduct an Auction under the Bidding Procedures.  The Buyer was selected as the Successful Bidder.  The Debtor's determination (in consultation with the Creditors' Committee) that the Modified Purchase Agreement constitutes the highest and best offer for the Acquired Assets constitutes a valid and sound exercise of the Debtor's business judgment.

        E.      Compliance with Bidding Procedures Order.  The marketing and bidding processes implemented by the Debtor, as set forth in the Motion, the Bidding Procedures Order, and supporting documentation filed in connection therewith, were fair, proper, complete, and reasonably calculated to result in the best value received for the Acquired Assets.

        F.      Corporate Authority.  The Debtor has full corporate power and authority to execute the Modified Purchase Agreement and all other documents contemplated thereby, and to consummate the transactions contemplated in connection therewith.

        G.      Business Justification.  The Debtor has articulated good, sufficient, and sound business reasons for consummating the Modified Purchase Agreement, and the sale of the Acquired Assets outside a plan of reorganization, and it is a reasonable exercise of the Debtor's

---

[4] The Buyer, Edge Line Ventures LLC, is an affiliate of the Debtor.

business judgment to consummate the transactions contemplated by the Modified Purchase Agreement.

H. <u>Best Interests</u>.  Approval of the Modified Purchase Agreement and the consummation of the Sale Transaction are in the best interests of the Debtor, its estate, its creditors and other parties in interest.

I. <u>Highest or Otherwise Best</u>.  The Buyer's bid for the purchase of the Acquired Assets, as set forth in the Modified Purchase Agreement, is (i) fair and reasonable, and (ii) is the highest or otherwise best offer received for the Acquired Assets.

J. <u>Arm's-Length Transaction</u>.  The Modified Purchase Agreement was negotiated, proposed and entered into by the Debtor and the Buyer without collusion, in good faith and from arm's-length bargaining positions.  The Buyer is not an "insider" of the Debtor, as that term is defined in section 101(31) of the Bankruptcy Code.  Neither the Debtor, nor the Buyer have engaged in any conduct that would cause or permit the Modified Purchase Agreement to be avoided under section 363(n) of the Bankruptcy Code.  Specifically, the Buyer has not acted in a collusive manner with any person and the purchase price was not controlled by any agreement among bidders.

K. <u>Free and Clear</u>.  The Debtor has complied with section 363(f) of the Bankruptcy Code because all parties with a claim or interest in the Acquired Assets consent to the sale or could be required to accept a money satisfaction of its interest.  Except as provided in the Modified Purchase Agreement, the transfer of the Acquired Assets will be a legal, valid, and effective transfer of the Acquired Assets, and will vest the Buyer with all right, title, and interest of the Debtor in and to the Acquired Assets, pursuant to sections 105(a) and 363(f) of the Bankruptcy Code, free and clear of all liens, claims, interests, obligations, rights and

encumbrances.  Buyer is not taking assignment of any contracts unless specifically identified in the Modified Purchase Agreement.  Except as specifically provided in the Modified Purchase Agreement, and consistent with section 363(f) of the Bankruptcy Code, the Buyer shall have no liability for any claims arising out of or related to the Sale or transfer of the Acquired Assets arising from claims against the Debtor or its estate or any liabilities or obligations of the Debtor and/or its estate, under the laws of the United States, any state, territory, or possession thereof, based, in whole or in part, directly or indirectly, in any theory of law or equity including, without limitation, any laws affecting antitrust, successor, transferee or vicarious liability.  All persons and entities asserting or holding any claims or interests in or with respect to the Acquired Assets (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or non-contingent, senior or subordinated), howsoever arising, shall be forever barred, estopped, and permanently enjoined from asserting, prosecuting or otherwise pursuing such claims or interests against the Buyer.

        L.    <u>HCL America, Inc. Lien Challenge Period</u>.  The Challenge Period Expiration Date (as defined in the Third Interim Order Pursuant to Sections 105, 361, 362, 363, 507 and 552 of the Bankruptcy Code, Bankruptcy Rules 2002, 4001, 6003, 6004 and 9014, and Local Rule 4001-2 (i) Authorizing the Debtor to Use Cash Collateral; (ii) Granting Adequate Protection; and (iii) Scheduling a Final Hearing [Dkt. No. 157]) applicable to the Debtor and the Creditors' Committee is hereby terminated with respect to HCL America, Inc. only.

        M.    <u>Legal and Factual Bases</u>.  The legal and factual bases set forth in the Motion and at the Sale Hearing establish just cause for the relief granted herein.

**NOW THEREFORE, IT IS HEREBY ORDERED THAT:**

**General Provisions**

1.    <u>Findings of Fact; Conclusions of Law</u>.  The findings of fact set forth above and conclusions of law stated herein shall constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.  To the extent any finding of fact later shall be determined to be a conclusion of law, it shall be so deemed and deemed so ordered, and to the extent any conclusion of law shall be determined to be a finding of fact, it shall be so deemed and deemed so ordered.

2.    <u>Objections</u>.  All objections, if any, to the Motion have been withdrawn, settled or waived.

3.    <u>Sale Approval</u>.  The Sale, and all of the terms and conditions and transactions contemplated by the Modified Purchase Agreement are hereby authorized and approved pursuant to, <u>inter alia</u>, sections 105(a), 363(b) and 365(a) of the Bankruptcy Code.  The Buyer is a good faith purchaser within the meaning of section 363(m) of the Bankruptcy Code.  Pursuant to section 363(b) of the Bankruptcy Code, the Debtor is authorized and directed to consummate the Sale Transaction pursuant to and in accordance with the terms and conditions of the Modified Purchase Agreement.  The Debtor is authorized and directed to execute and deliver, and empowered to perform under, consummate, and implement the Modified Purchase Agreement, together with all additional instruments and documents that may be reasonably necessary or desirable to implement the Modified Purchase Agreement and effectuate the provisions of this Order and the transactions approved hereby.

4.    <u>Surrender of Assets</u>.  All entities who are presently, or who as of the Closing may be, in possession of some or all of the Acquired Assets hereby are directed to surrender possession of the Acquired Assets to the Buyer as of the Closing.

5.      <u>Assumption and Assignment of Assumed Contracts</u>.  Pursuant to sections 365(b), (c) and (f) of the Bankruptcy Code, the Debtor is authorized to assume and assign the Assumed Contracts designated for assignment to the Buyer pursuant to the Modified Purchase Agreement, subject to the Assignment Procedures approved in the Bidding Procedures Order; <u>provided</u>, <u>however</u>, that there shall be no assumption of any such contract absent simultaneous assignment thereof to the Buyer.  The Buyer shall be deemed to be substituted for the Debtor as a party to each of the Assumed Contracts, and pursuant to section 365(k) of the Bankruptcy Code, the Debtor and its estate shall be relieved from any liability for breach of any such Assumed Contract after assignment of such Assumed Contract to the Buyer.  In accordance with sections 365(b)(2) and (f) of the Bankruptcy Code, upon transfer of the Assumed Contracts to the Buyer, (a) the Buyer shall have all of the rights of the Debtor thereunder and each provision of such Assumed Contracts shall remain in full force and effect for the benefit of the Buyer notwithstanding any provision in any such contract, lease, or in applicable law that prohibits, restricts or limits in any way such assignment or transfer; and (b) none of the Assumed Contracts may be terminated, or the rights of any party modified in any respect, including pursuant to any "change of control" clause, by any other party thereto as a result of the consummation of the transactions contemplated by the Modified Purchase Agreement.  There shall be no rent accelerations, assignment fees, increases or any other fees charged or chargeable to the Buyer as a result of the assumption, assignment and sale of the Assumed Contracts.  Any provision in any Assumed Contract or Lease that prohibits or conditions the assignment of such contract or lease, or allows the counterparty to such contract or lease to terminate, recapture, impose any penalty, condition renewal or extension, or modify any term or condition upon the assignment of such contract or lease, constitutes an unenforceable anti-assignment provision, and is void and of no

force and effect. The validity of the assumption, assignment and sale of the Assumed Contracts to the Buyer shall not be affected by any existing dispute between the Debtor and any counterparty to an Assumed Contract. Any party that may have had the right to consent to the assignment of its Assumed Contract is deemed and determined to have consented to the assignment for the purposes of section 365(e)(2)(A)(ii) of the Bankruptcy Code. Notwithstanding anything to the contrary in this Order or otherwise, none of the agreements ("Oracle Agreements") between Oracle America, Inc. ("Oracle"), and the Debtor shall be assumed and assigned to Buyer, absent a further order of Court or agreement between the parties. The provision of Paragraph 5 of this Order shall be inapplicable to any Oracle agreement, to the extent that the Debtor later attempts to assume and assign any Oracle Agreements.

      6.    <u>Payment of Undisputed Cure Amounts</u>. On or as promptly after the Closing as practical, the Cure Amounts to which no objections have been filed, or to which the Debtor and applicable non-debtor contract party have agreed as to the allowed Cure Amount(s), shall be paid.

      7.    <u>Disputed Cure Amounts</u>. A further hearing shall be held on January 19, 2016 at 2:00 p.m. to consider any unresolved objections to the Cure Amounts set forth in the schedule of executory contracts pursuant to section 365 of the Bankruptcy Code and the Assignment Procedures. With respect to Cure Amounts to which objections have been raised and not resolved, and solely relating to a proposed Cure Amount, the Debtor shall have the right to have the Assigned Contract assumed and assigned to the Successful Bidder, as applicable, with the amount asserted by the objecting party as the proper Cure Amount, or a different amount set by this Court, to be held in escrow pending further order of this Court or mutual

8

agreement of the parties as to the proper Cure Amount for that Assigned Contract. The Debtor shall be authorized to settle, compromise or otherwise resolve any disputed Cure Amounts without the need for further Court Order or notice to other parties, other than notice to the Creditors' Committee. For Assumption Objections relating to proposed Cure Amounts that have not been resolved by the parties, any Cure Amounts related to such objections shall be paid by the Debtor within five (5) business days after entry of a final, non-appealable Order allowing the Cure Amounts.

8. <u>Cure Payments</u>. The Debtor's and/or Buyer's payment of the undisputed Cure Amounts shall be deemed to discharge all obligations of the Debtor: (a) to cure any defaults under the Assumed Contracts; and (b) compensate, or provide adequate assurance that the Buyer or the Debtor, as applicable, will promptly compensate, any non-debtor party to the Assumed Contracts for any actual pecuniary loss resulting from any default under the Assumed Contracts. Pursuant to section 365(k) of the Bankruptcy Code, the Debtor shall have no liabilities for any claims arising or relating to or accruing post-Closing under any of the Assumed Contracts.

9. <u>Settlement with the Creditors' Committee</u>. To resolve the Creditors' Committee's objection to the Motion [Dkt. No. 152] and the Creditors' Committee's Motion (I) to Convert the Chapter 11 Case to a Case Under Chapter 7 of the Bankruptcy Code (the "Motion to Convert") [Dkt. No. 130], the Debtor and Buyer agreed to further amend the Modified Purchase Agreement as reflected in Exhibit 1 to this Order. For the avoidance of doubt, no releases of liability are being approved by the Court in connection with the Court's approval of the Motion. In addition, the Debtor, Buyer, and Creditors' Committee (collectively, the "Settlement Parties"), intending to be legally bound, agree as follows:

a) On or before January 31, 2016, the Debtor shall use its reasonable best efforts to file a disclosure statement (the "Disclosure Statement") and liquidating plan of reorganization (the "Plan"), in form and substance acceptable to the Creditors' Committee: (i) creating, for the benefit of general unsecured creditors of the Debtor, a Litigation Trust (the "Trust"); (ii) transferring to the Trust (1) all causes of action, lawsuits, judgments, claims, refunds, rights of recovery, rights of set-off, counterclaims, defenses, demands, warranty claims, rights to indemnification, contribution, advancement of expenses or reimbursement, or similar rights (at any time or in any manner arising or existing, whether choate or inchoate, known or unknown, now existing or hereafter acquired, contingent or contingent (collectively, the "Retained Claims"), which include, but are not limited to, the (x) acquisition and subsequent operation of the Debtor by JMCK Corp. in 2008, (y) acquisition and subsequent operation of the Debtor by Pride Tree Holdings, Inc. in 2012, and (z) all claims and causes of action arising under Chapter 5 of the Bankruptcy Code, (2) a right to copies and access to all books and records of the Debtor within the possession or control of the Debtor or the Buyer Parties (defined below) relating to the Retained Claims and any disputed proof of claim, (3) in connection with the Retained Claims and any disputed proof of claim, any attorney-client privilege, work-product privilege, or other privilege or immunity available to the Debtor attaching to any documents or communications related thereto, which shall be deemed to exist and be retained for the benefit of the Trust and vest in the Trustee and its representatives and be preserved for the estate for the benefit of the estate and the Trust without prejudice to any rights or privileges to which any Buyer Party may be entitled or may possess, and (4) the Trust Expense Fund (defined below); (iii) appointing a trustee (the "Trustee") of the

10

    Trust, selected by the Committee subject to the consent of the Debtor's Independent Director, which consent will not be unreasonably withheld, whose duties and authority shall be subject to a trust agreement (the "Trust Agreement"), in form and substance acceptable to the Creditors' Committee and reasonably acceptable to the Debtor and Buyer Parties, to be annexed to the Plan for purposes of disclosing the terms of the Trust to all parties in interest in connection with solicitation of acceptances of the Plan; (iv) designating the Trustee as the exclusive representative of the Debtor's estate upon the effective date of the Plan, and vesting the Trustee with the exclusive authority and standing to investigate, make demand for, litigate, and settle, on behalf of the Trust, the Retained Claims and objections to any proof of claim; and (v) providing for the net proceeds of the Trust, after litigating and/or settling claims and causes of action and resolving any disputes with respect to proof(s) of claim, to be distributed by the Trust to holders of allowed general unsecured claims, provided that the Buyer Parties (defined below) waive their rights to receive any distributions from net proceeds of the Trust to which they would otherwise be entitled on account of their general unsecured claims to the extent such net proceeds are attributable to recoveries received from the Buyer Parties.

b) The Debtor shall segregate $25,000 of the Purchase Price (the "Trust Expense Fund").

c) Neither the Buyer nor any person or entity affiliated with the Buyer or its directors, officers, members, managers, or agents (collectively, the "Buyer Parties"), shall directly or indirectly object to, oppose, contest or take any action contrary to, the approval of the Disclosure Statement or confirmation of the Plan by the Court.

d) The Debtor shall not agree to, enter into, or seek Court approval of, any agreement providing for the release of, waiver of any claims against, or assume any agreement with any of the Buyer Parties except as expressly set forth in the Modified Purchase Agreement.

e) Upon the entry of this Order by the Court, the Motion to Convert shall be deemed withdrawn without prejudice. In the event the Creditors' Committee renews its motion to convert, it shall not assert as cause, challenge or interfere with the Sale; provided, however, that the Creditors' Committee may assert facts relating to the Sale as cause if the Sale does not close by the applicable deadline in the Modified Purchase Agreement, including any extension(s) of such deadline.

f) To the extent of any inconsistency relating to this Settlement with the Creditors' Committee and the Modified Purchase Agreement, the provisions of this paragraph 9 shall govern.

g) The Settlement Parties intend that the Disclosure Statement and Plan shall be subject to the approval of the Court in accordance with the Bankruptcy Code and nothing in this order is, or shall be deemed to constitute, the Court's approval or endorsement of the Plan.

**Additional Provisions**

10. <u>Additional Documents</u>.  Prior to or upon the Closing of the Sale Transaction, the Debtor's creditors are directed to execute such documents and take all other actions as may be necessary to release their interests, if any, in the Acquired Assets as such Interests, Liens, claims and/or other encumbrances may have been recorded or may otherwise exist.

11. <u>Financing Statements</u>.  If any person or entity that has filed financing statements, mortgages, mechanic's liens, *lis pendens* or other documents or agreements evidencing interests with respect to the Debtor and/or the Acquired Assets shall not have delivered to the Debtor prior to the Closing, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of all interests which the person or entity has with respect to the Debtor, the Acquired Assets or otherwise, then (a) the Debtor is hereby authorized to execute and file such statements, instruments, releases and other documents on behalf of the person or entity with respect to the Acquired Assets; and (b) Buyer and/or the Debtor is hereby authorized to file, register, or otherwise record a certified copy of this Order, which, once filed, registered, or otherwise recorded, shall constitute conclusive evidence of the release of all interests and Liens in, against or with respect to the Debtor and/or the Acquired Assets.  This Order is deemed to be in recordable form sufficient to be placed in the filing or recording system of each and every federal, state, and local governmental agency, department, or office.

12. <u>Modifications</u>.  The Modified Purchase Agreement and any related agreements, documents, or other instruments may be modified, amended, or supplemented by the parties thereto, in a writing signed by both parties, and in accordance with the terms thereof, without further order of this Court, provided that any such modification, amendment or supplement does not (a) materially change the terms of the Modified Purchase Agreement; (b) modify the express terms of this Order; and (c) have a material adverse effect on the Debtor's estate, and Debtor shall provide three (3) business days advance notice of any such modification to counsel for the Creditors' Committee and the United States Trustee.  If either the Creditors' Committee or the Office of the United States Trustee views the proposed modification,

13

amendment, or supplement as violating items (i), (ii) or (iii) in this paragraph, such party shall be entitled to file a motion with the Court on shortened notice seeking appropriate relief.

13. <u>Automatic Stay</u>. The automatic stay pursuant to section 362 of the Bankruptcy Code is hereby lifted with respect to the Debtor to the extent necessary, without further order of the Court to allow the Buyer to (a) give the Debtor any notice provided for in the Modified Purchase Agreement; and (b) take any and all actions permitted by the Modified Purchase Agreement and ancillary agreements in accordance with the terms and conditions thereof.

14. <u>Recording</u>. Each and every federal, state, and local governmental agency, recording office or department and all other parties, persons or entities is hereby directed to accept this Order and any and all documents and instruments necessary and appropriate for recordation as conclusive evidence of the free and clear and unencumbered transfer of title to the Acquired Assets conveyed to the Buyer.

15. <u>Bulk Sales</u>. No bulk sales law, or similar law of any state or other jurisdiction shall apply in any way to the transactions contemplated by the Modified Purchase Agreement, the Motion and this Order.

16. <u>Successors, Assigns</u>. The terms and provisions of the Modified Purchase Agreement and this Order shall be binding in all respects upon, and shall inure to the benefit of, the Debtor, its estate, its creditors, the Buyer, and any of such parties' respective affiliates, designees, successors, and assigns, and shall be binding in all respects upon all of the Debtor's creditors, all prospective and actual bidders for some or all of the Acquired Assets, and all persons and entities receiving notice of the Motion, the Auction and/or the Sale Hearing notwithstanding any subsequent appointment of any trustee, examiner, or receiver under any

Chapter of the Bankruptcy Code or any other law, and all such provisions and terms shall likewise be binding on such trustee, examiner, or receiver and shall not be subject to rejection or avoidance by the Debtor, its estate, its creditors, or any trustee, examiner, or receiver.

17. <u>Non-Severability/Failure to Specify</u>.  The provisions of this Order are non-severable and mutually dependent.  The failure specifically to include any particular provision of the Modified Purchase Agreement in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of this Court that the Modified Purchase Agreement be authorized and approved in its entirety.

18. <u>Order Immediately Effective</u>.  As provided by Bankruptcy Rules 6004(h), 6006(d) and 7062, this Order shall be effective and enforceable immediately upon its entry, and the sale approved by this Order may close immediately upon entry of this Order, notwithstanding any otherwise applicable waiting periods.

19. <u>Retention of Jurisdiction</u>.  This Court retains jurisdiction on all matters pertaining to the relief granted herein, including to interpret, implement, and enforce the terms and provisions of this Order and the Modified Purchase Agreement, all amendments thereto, any waivers and consents thereunder, and of each of the agreements executed in connection therewith in all respects.

Dated:   New York, New York
         December 15, 2015

                                        <u>/S/ Shelley C. Chapman</u>
                                        UNITED STATES BANKRUPTCY JUDGE

15