UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X
                                 :
In re:                               :         Chapter 11
                                   :
FILMED ENTERTAINMENT INC.,     :         Case No. 15-12244 (SCC)
                                   :
                   Debtor.[1]    :
                                   :
-----------------------------------------------------------------X

### ORDER CONFIRMING FOURTH AMENDED CHAPTER 11 PLAN OF LIQUIDATION OF FILMED ENTERTAINMENT INC. DATED FEBRUARY 9, 2017

**HONORABLE SHELLEY C. CHAPMAN**
**UNITED STATES BANKRUPTCY JUDGE**

WHEREAS Filmed Entertainment Inc., as debtor and debtor in possession (the "Debtor") in the above-captioned case, and as proponent of the Plan, filed the Fourth Amended Chapter 11 Plan of Liquidation of Filmed Entertainment Inc. dated February 9, 2017 (the "Plan")[2] [Docket No. 301] in accordance with section 1121 of title 11 of the United States Code (the "Bankruptcy Code"), which modified the First, Second, and Third Amended Chapter 11 Plans of the Debtor dated April 7, 2016 [Docket No. 233], June 21, 2016 [Docket No. 260], and August 25, 2016 [Docket No 283], respectively, which modified the Chapter 11 Plan of the Debtor dated March 7, 2016 [Docket No. 211] and related First Amended Disclosure Statement (the "Disclosure Statement") [Docket No. 234], which modified the Disclosure Statement Relating to the Chapter 11 Plan of the Debtor dated March 7, 2016 [Docket No. 212];

WHEREAS on April 13, 2016, the Bankruptcy Court entered an order approving, among other things, the (a) Disclosure Statement, (b) procedures for the solicitation and tabulation of

---

[1]     The last four digits of the Debtor's federal tax identification number are 3867.

[2]     All Capitalized terms used herein, but not otherwise defined, shall have the meanings ascribed to them in the Plan and Disclosure Statement.

votes to accept or reject the Plan, (c) deadlines for voting on, and objecting to, the Plan, and (d) the date for the hearing to consider confirmation of the Plan (the "Confirmation Hearing") (the "Disclosure Statement Order") [Docket No. 241];

WHEREAS on June 23, 2016, a Notice of Adjournment was entered, notifying the parties that, among other things, the Confirmation Hearing was adjourned to August 23, 2016 [Docket No. 261];

WHEREAS on June 29, 2016, a subsequent Notice of Adjournment was entered, notifying the parties that, among other things, the Confirmation Hearing was further adjourned from August 23, 2016 to September 6, 2016 [Docket No. 265];

WHEREAS the affidavit of Pierre Labissiere, sworn to on April 25, 2016, was filed evidencing publication of the Notice of (I) Approval of First Amended Disclosure Statement; (II) Hearing on Confirmation of First Amended Plan of Liquidation; (III) Deadline for Filing Objections to Confirmation of the First Amended Plan; and (IV) Voting Deadline for Receipt of Ballots in *USA Today* on April 21, 2016 in accordance with the Disclosure Statement Order (the "Publication Affidavit") [Docket No. 247];

WHEREAS the affidavit of Pierre Labissiere, sworn to on April 27, 2016, was filed evidencing, in accordance with the Disclosure Statement Order: (a) the transmittal of the notice of the Confirmation Hearing; (b) the service of the Solicitation Packages to holders of Claims and Interests and other parties in interest; and (c) all other notices, ballots, and documents to be served in connection with the Confirmation Hearing, voting on the Plan, and all related matters (the "Solicitation Affidavit") [Docket No. 249];

WHEREAS on August 30, 2016, the Debtor filed the Liquidation Trust Agreement with respect to the Plan (as the documents contained therein may have been or may be further amended or supplemented) (the "Liquidation Trust Agreement") [Docket No. 285];

WHEREAS no objections or responses having been filed as to Confirmation of the Plan; and the U.S. Trustee, the Committee, the Secured Creditor and the New York State Department of Taxation and Finance provided comments to the Plan which have been incorporated therein;

WHEREAS on August 30, 2016 the Debtor filed (i) its Memorandum of Law in Support of Confirmation of the Debtor's Amended Chapter 11 Plan of Liquidation of Filmed Entertainment Inc. (the "Confirmation Brief") [Docket No. 287], and (ii) the Declaration of Glenn Langberg in Support of Plan Confirmation (the "Langberg Declaration") [Docket No. 286];

WHEREAS the Declaration of James Daloia of Prime Clerk LLC, Regarding the Solicitation of Votes and Tabulation of Ballots Cast on the Second Amended Plan of Liquidation of Filmed Entertainment Inc. sworn to on August 16, 2016, was filed attesting and certifying the method and results of the tabulation of votes on the Plan (the "Tabulation Declaration") [Docket No. 281];

WHEREAS the Confirmation Hearing was held on March 8, 2017, at which time the Bankruptcy Court considered (a) confirmation of the Plan, (b) the establishment and administration of the Liquidation Trust (as defined in the Plan) and (c) approval of the Plan's injunctive, release, and exculpation provisions, and the record was closed;

WHEREAS notice of the Confirmation Hearing was deemed good and sufficient notice of the Plan;

NOW, THEREFORE, based on the Publication Affidavit, the Solicitation Affidavit, the Confirmation Brief, the Langberg Declaration, and the Tabulation Declaration; and upon the entire record of the Chapter 11 Case, including, without limitation, the record made at the Confirmation Hearing; and after finding that due, sufficient and adequate notice of the Confirmation Hearing has been provided to holders of Claims, Interests and to all other parties in interest herein; and after due deliberation and good and sufficient cause appearing therefor

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

**IT IS HEREBY FOUND AND DETERMINED THAT:**

1.    <u>Findings of Fact and Conclusions of Law</u>.  The findings and conclusions set forth herein, together with the findings of fact and conclusions of law set forth in the record of the Confirmation Hearing, constitute the Bankruptcy Court's findings of fact and conclusions of law pursuant to the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

2.    <u>Exclusive Jurisdiction; Venue; Core Proceeding</u>.  The Bankruptcy Court has jurisdiction over the Chapter 11 Case pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper under 28 U.S.C. §§ 1408 and 1409.  Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L), and the Bankruptcy Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed.

3.      Chapter 11 Petition.   On August 10, 2015, the Debtor commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code (the "Chapter 11 Case"). The Debtor is an eligible debtor under section 109 of the Bankruptcy Code, and the Debtor is a proper plan proponent under sections 1121(a) and (c) of the Bankruptcy Code.   The Debtor is authorized to continue to operate its business and manage its property as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.   No trustee or examiner has been appointed pursuant to section 1104 of the Bankruptcy Code.

4.      Burden of Proof.   As the proponent of the Plan, the Debtor has the burden of proving that the elements of sections 1129(a) and 1129(b) of the Bankruptcy Code have been met by a preponderance of the evidence.   The Debtor has met such burden by a preponderance of the evidence.

5.      Bankruptcy Rule 3016(a).   In accordance with Bankruptcy Rule 3016(a), the Plan is dated and identifies the Debtor as proponent of the Plan.

6.      Transmittal and Mailing of Materials; Notice.   Due, timely, sufficient and adequate notice of the Plan, any Modifications of the Plan, the Confirmation Hearing, and the deadlines for voting on and filing objections to the Plan has been given to all known holders of Claims or Interests and other parties in interest in accordance with the procedures established by the Disclosure Statement Order, the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), and all other applicable laws, rules and regulations.

7.      Adequacy of Voting Procedures.   All Classes of Claims and Interests are impaired under the Plan.   The solicitation by the Debtor of votes to accept or reject the Plan was proposed and conducted in good faith and complied with sections 1125 and 1126 of the Bankruptcy

Code, Bankruptcy Rules 3017 and 3018, the Disclosure Statement Order, all other applicable provisions of the Bankruptcy Code and all other applicable laws, rules, and regulations.

8. _Good Faith Solicitation_. The procedures by which the Ballots were transmitted to the holders of Claims in Classes designated under the Plan as Class 1 – Secured Claims and Class 2 – General Unsecured Claims, which were entitled to vote on the Plan, and the procedures for tabulating the votes were fair and properly conducted in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Disclosure Statement Order, and all other applicable laws, rules, and regulations.

9. _Voting Results_. Pursuant to the Tabulation Declaration, Class 1 – Secured Claims and Class 2 – General Unsecured Claims have voted to accept the Plan. Class 3 – Interests will receive no Distributions or property under the Plan. Accordingly, this Class is deemed to have rejected the Plan pursuant to section 1126(g) of the Bankruptcy Code.

10. _Classification of Claims_. The classification scheme of Claims and Interests in the Plan is reasonable and complies with the requirements of sections 1122 and 1123 of the Bankruptcy Code. Claims or Interests in each particular Class are substantially similar to other Claims or Interests contained in such Class.

11. _Unclassified Claims_. Pursuant to section 1123(a)(1) of the Bankruptcy Code, Administrative Claims and Priority Tax Claims are not classified under the Plan and shall instead be treated separately as Unclassified Claims on the terms set forth in Article IV of the Plan.

12. _Treatment of Claims_. As required by and in compliance with sections 1123(a)(1) and (a)(3) of the Bankruptcy Code, the Plan identifies the Classes of Claims against or Interests in the Debtor and specifies the treatment of each Class of Claims or Interests under the Plan. Section 1123(a)(2) is inapplicable as all Classes of Claims and Interests are specified as Impaired

under the Plan.  Consistent with section 1123(a)(4) of the Bankruptcy Code, the Plan provides the same treatment for each Claim or Interest within a particular Class.

13.    <u>Implementation</u>.  As required by section 1123(a)(5) of the Bankruptcy Code, the Plan contemplates adequate means for its execution and implementation including, but not limited to:  (a) the establishment of the Liquidation Trust to, *inter alia*, distribute the Liquidation Trust Assets; (b) the Distribution of the proceeds derived from the Estate's Assets, including the Sale Proceeds, Cash, and the Madison Avenue Sublease Profits; (c) the procedures governing the Allowed Claims and Distributions; and (d) the dissolution of the Debtor.

14.    <u>No Issuance of Securities</u>.  The Plan is a liquidating Plan, and the Debtor will not be issuing equity securities.  Therefore, section 1123(a)(6) of the Bankruptcy Code is inapplicable in the Chapter 11 Case.

15.    <u>Liquidation Trustee</u>.    In conjunction with section 1123(a)(7) of the Bankruptcy Code, the Plan provides for Edward P. Bond (the "Liquidation Trustee") to be appointed as the Liquidation Trustee to administer the Liquidation Trust in accordance with the Liquidation Trust Agreement.

16.    <u>Impaired Classes</u>.  Consistent with section 1123(b) of the Bankruptcy Code, the Plan provides for the (a) impairment of all Classes of Claims and Interests, (b) rejection of executory contracts and unexpired leases, (c) retention of all Causes of Action, except those expressly released under the Plan, and (d) release, injunction and/or exculpation of certain parties.

17.    <u>Executory Contracts and Unexpired Leases</u>.    Consistent with section 1123(b)(2) of the Bankruptcy Code, the Plan provides for the rejection of each of the Debtor's executory contracts and unexpired leases, to the extent they have not been previously assumed or rejected, or have not been assumed or assigned to the Buyer, pursuant to section 365 of the

Bankruptcy Code by prior order of the Bankruptcy Court, as of the Effective Date of the Plan. In accordance with Article IX of the Plan, to the extent not previously rejected, on the Confirmation Date, all executory contracts and unexpired leases of the Debtor entered into prior to the Petition Date that have not been previously assumed or rejected or have not been assumed or assigned to Buyer, shall be deemed rejected by the Debtor pursuant to the provisions of section 365 of the Bankruptcy Code.

18.    <u>Rejection Damages.</u>  Claims created by the rejection of executory contracts or unexpired leases pursuant to Section 9.2 of the Plan must be filed with the Clerk of the Bankruptcy Court and served upon the Debtor and the Liquidation Trustee, as applicable, not later than thirty (30) days after the date of service of notice of entry of the Confirmation Order, or such other period set by the Bankruptcy Court. Any such Claims for which a proof of claim is not filed and served within such time will be forever barred from assertion and shall not be enforceable against the Debtor, its Estate, and the Liquidation Trustee.

19.    <u>No Objection to Deemed Rejection of Contracts and Leases</u>.  No party to an executory contract or unexpired lease to be rejected by the Debtor pursuant to the Plan has objected to such rejection.

20.    <u>Plan Compliance with Bankruptcy Code – 11 U.S.C. § 1129(a)(1)</u>.  As required by section 1129(a)(1) of the Bankruptcy Code, the Plan complies with all applicable provisions of the Bankruptcy Code. As set forth in the Confirmation Brief and discussed herein, (a) the Claims and Interests are properly classified in accordance with sections 1122 and 1123(a)(1) of the Bankruptcy Code; (b) unimpaired classes are specified as required under section 1123(a)(2) of the Bankruptcy Code; (c) treatment of impaired classes is specified pursuant to section 1123(a)(3) of the Bankruptcy Code; (d) the Plan provides for the same

treatment for each Claim or Interest in each respective Class unless the holder of a particular Claim or Interest has agreed to a less favorable treatment of such Claim or Interest, thereby satisfying section 1123(a)(4) of the Bankruptcy Code; (e) the Plan provides an adequate and proper means for its implementation as required under section 1123(a)(5) of the Bankruptcy Code; and (f) the Plan's additional provisions are appropriate and not inconsistent with the applicable provisions of the Bankruptcy Code.    Sections 1123(a)(6) and 1123(a)(8) of the Bankruptcy Code are inapplicable in this Chapter 11 Case.

21.    <u>Debtor's Compliance with Bankruptcy Code – 11 U.S.C. § 1129(a)(2)</u>.    As required by section 1129(a)(2), the plan proponent, the Debtor, has complied with all of the applicable provisions of the Bankruptcy Code, including, without limitation, the disclosure and solicitation requirements of sections 1125 and 1126 of the Bankruptcy Code.    Except as provided for in the Disclosure Statement Order, the Debtor transmitted solicitation materials, including Ballots, to the holders of Claims in Class 1 – Secured Claims and Class 2 – General Unsecured Claims entitled to vote on the Plan, and non-voting materials to holders of Disputed Claims, Unclassified Claims, and Class 3 – Interests only after the Bankruptcy Court approved the Disclosure Statement as containing adequate information.    Such materials were distributed in compliance with the requirements of the Disclosure Statement Order, the Bankruptcy Code, and the Bankruptcy Rules.

22.    <u>Plan Proposed in Good Faith – 11 U.S.C. § 1129(a)(3)</u>.    As required by section 1129(a)(3), the Plan has been proposed in good faith and not by any means forbidden by law.    The Debtor has valid and legitimate business reasons in proposing the Plan including, *inter alia*, providing recoveries in satisfaction of Claims to its various stakeholders.

23.     <u>Payments for Services or Costs and Expenses – 11 U.S.C. § 1129(a)(4)</u>.  As required by section 1129(a)(4) of the Bankruptcy Code, any payment made or to be made by the Debtor for services or for costs and expenses in connection with the Chapter 11 Case, or in connection with the Plan, other than those incurred in the ordinary course of business, has been approved, or is subject to the approval of, the Bankruptcy Court, as reasonable.  Each Professional who holds or asserts a Professional Fee Claim for services rendered before the Effective Date is required to file an application for final allowance of compensation and reimbursement no later than 45 days after the Effective Date.

24.     <u>Directors, Officers and Insiders – 11 U.S.C. § 1129(a)(5)</u>.  In accordance with section 1129(a)(5)(A) of the Bankruptcy Code, the Debtor has disclosed the identity of Edward P. Bond as the Liquidation Trustee.  To the extent the Liquidation Trustee would fall within the ambit of section 1129(a)(5), the Plan satisfies the requirements of such section as the Liquidation Trustee has been identified under the Plan.  This appointment is consistent with the interests of creditors and equity security holders and with public policy.

25.     <u>No Rate Changes – 11 U.S.C. § 1129(a)(6)</u>.  Section 1129(a)(6) of the Bankruptcy Code is inapplicable because the Debtor is winding down its affairs and not charging rates that are the subject of any regulatory commission with jurisdiction.

26.     <u>Best Interests of Creditors – 11 U.S.C. § 1129(a)(7)</u>.  As required by section 1129(a)(7) of the Bankruptcy Code, with respect to all Impaired Classes of Claims or Interests, each holder of a Claim or Interest of such Class has either accepted the Plan or will receive or retain under the Plan on account of such Claim property of a value, as of the Effective Date, that is not less than the amount such holder would receive or retain if the Debtor were liquidated on the Effective Date under chapter 7 of the Bankruptcy Code.  Considering the Debtor's alternatives to

confirmation, as discussed in Section XV of the Disclosure Statement, Creditors will likely receive more under the Plan than in a chapter 7 liquidation. For these reasons, the Debtor has demonstrated by a preponderance of the evidence that the Plan satisfies section 1129(a)(7).

27.    <u>Deemed Acceptance or Rejection by Certain Classes – 11 U.S.C. § 1129(a)(8)</u>. The requirements of section 1129(a)(8) of the Bankruptcy Code are satisfied with respect to Classes 1 and 2 which have accepted the Plan. The Plan is fair and equitable with respect to Classes 1 and 2. The rejecting Class consists of Class 3 – Interests. Because Class 3 – Interests will receive no Distributions and retain no property under the Plan, it is deemed to have rejected the Plan. Because the requirements of section 1129(a)(8) are not satisfied with respect to Class 3, the Debtor has requested that the Bankruptcy Court confirm the Plan under section 1129(b) as to that Class. The Plan is fair and equitable with respect to these Interests because no Class junior to Class 2 under the Plan will receive or retain any property under the Plan on account of such junior interest. The Plan does not discriminate unfairly with respect to holders of Interests in Class 3.

28.    <u>Treatment of Administrative, Priority and Tax Claims – 11 U.S.C. § 1129(a)(9)</u>. The Plan provides for the treatment of Allowed Administrative Claims and Allowed Non-Tax Priority Claims pursuant to sections 507(a) of the Bankruptcy Code, in accordance with section 1129(a)(9) of the Bankruptcy Code, except to the extent that the holder of a particular Claim has agreed in writing to a different and less favorable treatment. However, certain holders of Allowed Administrative Claims have agreed to defer payment on all or a portion of their Allowed Administrative Claims, plus interest, until after the Secured Creditor has been paid in full or as otherwise agreed upon between the Debtor and such holders of Allowed Administrative Claims.

29.    <u>Acceptance by Impaired Class – 11 U.S.C. § 1129(a)(10)</u>.  As required by section 1129(a)(10) of the Bankruptcy Code, and as demonstrated by the Tabulation Declaration, at least one Impaired Class of Claims has accepted the Plan (Class 1 – Secured Claims has accepted the Plan), as determined without including any acceptance of the Plan by an insider.

30.    <u>Feasibility – 11 U.S.C. § 1129(a)(11)</u>.  The Debtor has established that the Plan is feasible.  On and after the Effective Date, the Liquidation Trust Assets will be liquidated or converted into Cash and the proceeds distributed to Creditors in accordance with the Plan.  The Plan provides for various Cash payments to be made by the Liquidation Trustee to Creditors.  The Sale Proceeds, Cash, the Madison Avenue Sublease Profits and any other Assets of the Estate, except as expressly set forth by the Plan, will also provide sources for recoveries to Allowed Claims.  As required by section 1129(a)(11) of the Bankruptcy Code, confirmation of the Plan is not likely to be followed by the liquidation or the need for further financial reorganization of the Debtor.

31.    <u>Payment of Fees – 11 U.S.C. § 1129(a)(12)</u>.  As required by section 1129(a)(12) of the Bankruptcy Code, all fees payable pursuant to section 1930 of title 28 of the United States Code, as determined by the Bankruptcy Court on the Confirmation Date, shall be paid by the Debtor, or the Liquidation Trust, as applicable, on the Effective Date.  Any statutory fees accruing after the Confirmation Date shall be paid in accordance with the Plan.

32.    <u>Retiree Benefits – 11 U.S.C. § 1129(a)(13)</u>.  Section 1129(a)(13) is inapplicable to the Chapter 11 Case.  The Debtor's pension plans were terminated by the Pension Benefit Guaranty Corporation effective December 31, 2015.

33.    <u>Domestic Support Obligations, Individuals and Certain Transfers – 11 U.S.C. § 1129(a)(14)-(16)</u>.  Sections 1129(a)(14), (15) and (16) are inapplicable to the Chapter 11 Case.

34.    <u>Fair and Equitable; No Unfair Discrimination – 11 U.S.C. § 1129(b)</u>. Pursuant to section 1129(b) of the Bankruptcy Code, as to any impaired class of unsecured claims or equity interests that rejects a plan, such plan must be "fair and equitable" with respect to each such class.  Class 1 – Secured Claims and Class 2 – General Unsecured Claims are both Impaired under the Plan, but have voted to accept the Plan.  Thus, despite the deemed rejection of the Plan by Class 3 – Interests, the Debtor has satisfied the "cramdown" requirements under section 1129(b) of the Bankruptcy Code.

35.    <u>Only One Plan – 11 U.S.C. § 1129(c)</u>.  Other than the Plan (including previous versions thereof), the Plan is the only chapter 11 plan for the Debtor pending before the Bankruptcy Court or any other court.  No other plan has been filed in this Chapter 11 Case. Accordingly, the requirements of section 1129(c) of the Bankruptcy Code have been satisfied.

36.    <u>Principal Purpose – 11 U.S.C. § 1129(d)</u>.  The primary purpose of the Plan is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act of 1933, as amended (15 U.S.C. § 77e).  No party in interest that is a governmental unit, or any other entity, has requested that the Bankruptcy Court decline to confirm the Plan on the grounds that the principal purpose of the Plan is the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act of 1933.

37.    <u>Conditions Precedent</u>.   Upon entry of the Confirmation Order and occurrence of the Effective Date, all conditions precedent set forth in Article X of the Plan will be satisfied or be duly waived in whole or in part pursuant to Article X of the Plan.

<u>**DECREES**</u>

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

38.    <u>Confirmation</u>.    The Plan, annexed hereto as Exhibit A, is confirmable based upon, *inter alia*, all of the foregoing Findings of Fact and Conclusions of Law, and is approved and confirmed under sections 1129(a) and (b) of the Bankruptcy Code.  The terms of the Plan and all Exhibits thereto, each, as may be modified, are incorporated by reference into and are an integral part of the Plan and this order (the "Confirmation Order").

39.    <u>Objections</u>.    There were no objections pertaining to confirmation of the Plan.  The record of the Confirmation Hearing is closed.

40.    <u>Binding Effect</u>.    Pursuant to section 1141(a) of the Bankruptcy Code, except as provided in section 1141(d)(3), from and after the Confirmation Date, the Plan shall be binding upon the Debtor, all holders of Claims against, and Interests in, and any other party in interest in the Chapter 11 Case and their respective successors and assigns, regardless of whether the Claims or Interests of such holders or obligations of any party in interest have accepted the Plan or filed a proof of claim in the Chapter 11 Case.

41.    <u>Modifications Binding</u>.    In accordance with section 1127 of the Bankruptcy Code and Bankruptcy Rule 3019, the Plan, as modified and amended by this Confirmation Order, and all of its provisions and Exhibits, shall be binding on the Debtor, any entity acquiring or receiving property or a distribution under the Plan, and any holder of a Claim against or Interest in the Debtor, including all governmental entities, whether or not the holder of such Claim or Interest is impaired under the Plan or whether or not the holder of such Claim or Interest has accepted the Plan.

42.    The modifications to the Plan as set forth on Exhibit A attached hereto comply with section 1127 of the Bankruptcy Code and Bankruptcy Rule 3019, are non-material modifications and are hereby approved and incorporated into the Plan.

43.    <u>Solicitation and Notice</u>.    Notice of the Confirmation Hearing complied with the terms of the Disclosure Statement Order, was appropriate and satisfactory based on the circumstances of the Chapter 11 Case, and was in compliance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules.    The solicitation of votes on the Plan complied with the solicitation procedures in the Disclosure Statement Order, was appropriate and satisfactory based upon the circumstances of the Chapter 11 Case, and was in compliance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules.

44.    <u>Plan Implementation Authorization</u>.    The Debtor or the Liquidation Trustee, as applicable, shall be authorized and empowered to execute, deliver, file or record such contracts, instruments, releases, and other agreements or documents and take such actions as are necessary to consummate the Plan.    All actions contemplated by the Plan are authorized and approved in all respects (subject to the provisions of the Plan and the Confirmation Order).    The Liquidation Trustee is hereby authorized to make Distributions and other payments in accordance with the Plan and the Liquidation Trust Agreement.

45.    <u>Appointment of Liquidation Trustee</u>.    As of the Effective Date, Edward P. Bond shall be appointed as the Liquidation Trustee.    The Liquidation Trustee shall be deemed the exclusive representative of the Estate and shall have all powers, authority, and responsibilities specified in the Plan, including, without limitation, the powers of a trustee under sections 704 and 1106 of the Bankruptcy Code.

46.    <u>Creation of Liquidation Trust</u>.    On the Effective Date, the Liquidation Trust shall be formed pursuant to the Plan and established and become effective in accordance with the Liquidation Trust Agreement to liquidate the Liquidation Trust Assets.

15

47.    <u>Administration of the Liquidation Trust</u>.  The Plan will be administered by the Liquidation Trustee and all actions taken under the Plan in the name of the Debtor shall be taken through the Liquidation Trustee; *provided*, *however*, that the Liquidation Trust shall administer the Liquidation Trust Assets contemplated under the Plan pursuant to the Liquidation Trust Agreement.

48.    The Plan, the Liquidation Trust Agreement, all other agreements provided for under the Plan, and all actions, transactions, documents, instruments and agreements referred to therein, contemplated thereunder or executed and delivered in connection with (including the issuance of the Liquidation Trust Interests), and any amendments or modifications thereto in substantial conformity therewith are hereby approved, and the Debtor and the Liquidation Trustee are authorized and directed to enter into and to perform such agreements according to their terms.

49.    <u>Releases, Exculpations, and Injunctions</u>.    The injunction, release, and exculpation provisions as set forth in Article VIII of the Plan are consistent with section 1123(b) of the Bankruptcy Code and are hereby approved and confirmed in all respects and shall be effective as provided in the Plan.  On the Effective Date, the provisions of Article VIII of the Plan shall be valid, binding and effective in all respects, and are hereby approved as integral parts of the Plan as fair, equitable, reasonable and in the best interest of the Debtor, its Estate and Creditors, and other parties in interest in the Chapter 11 Case, without the requirement of any further action.

50.    <u>Approval of Releases</u>.  The releases under the Plan by the Debtor and its Estate are (a) within the jurisdiction of this Court under 28 U.S.C. §§ 1334(a), 1334(b) and 1334(d); (b) are essential means of implementing the Plan pursuant to section 1123(a)(5) of the Bankruptcy Code; (c) are integral elements of the transactions incorporated into the Plan; (d)

confer material benefits on, and are in the best interests of, the Debtor, its Estate, and its Creditors; (e) are important to the overall objectives of the Plan to finally resolve all claims among or against the key parties in interest in the Chapter 11 Case with respect to the Debtor; and (f) are consistent with sections 105, 1123 and 1129 and other applicable provisions of the Bankruptcy Code. The record of the Confirmation Hearing and the Chapter 11 Case is sufficient to support the Injunction, Release, and Exculpation provisions contained in the Plan.

51.     Rejection of Executory Contracts and Unexpired Leases. To the extent not previously rejected, on the Confirmation Date, all executory contracts and unexpired leases of the Debtor entered into prior to the Petition Date that have not been previously assumed or rejected or have not been assumed or assigned to Buyer, shall be deemed rejected by the Debtor pursuant to the provisions of section 365 of the Bankruptcy Code.

52.     Dissolution of the Debtor. Upon the Distribution of all Assets pursuant to the Plan and the filing by the Liquidation Trustee of a certification to that effect with the Bankruptcy Court (which may be included in the application for the entry of the final decree), the Debtor shall be dissolved for all purposes without the necessity for any other or further actions to be taken by or on behalf of the Debtor or payments to be made in connection therewith; *provided*, *however*, that the Liquidation may, but will not be required to, take appropriate action to dissolve the Debtor under applicable law. Further, the Liquidation Trustee's rights to seek authorization from the Bankruptcy Court to destroy books and records of the Debtor prior to the expiration of any statutory period requiring that such records be maintained are preserved.

53.     Payment of Administrative Claims. Pursuant to and in accordance with Section 4.2(b) of the Plan, on the later of (i) the Effective Date and (ii) the first Business Day after the date that is thirty (30) calendar days after the date on which such Administrative Claim

becomes an Allowed Administrative Claim, or as soon thereafter as is reasonably practicable, the Liquidation Trustee shall pay to each holder of an Allowed Administrative Claim, Cash, in an amount equal to such Allowed Claim, except to the extent the holder of an Administrative Claim agrees to a different and less favorable treatment.   However, certain holders of Allowed Administrative Claims have agreed to defer payment on all or a portion of their Allowed Administrative Claims, plus interest, until after the Secured Creditor has been paid in full or as otherwise agreed upon between the Debtor and such holders of Allowed Administrative Claims. As provided in Section 4.2(c)(i) of the Plan, requests for payment of Administrative Claims must be filed no later than thirty (30) days after notice of entry of the Confirmation Order is filed with the Bankruptcy Court or such later date as may be established by order of the Bankruptcy Court.

54.   Payment of Professional Fee Claims.  As provided in Section 4.2(c)(ii) of the Plan, all Professional Fee Claimants seeking an award by the Bankruptcy Court of compensation for services rendered and/or reimbursement of expenses incurred before the Effective Date under section 503 of the Bankruptcy Code:   (i) shall file their respective final applications for allowance of compensation for services rendered and reimbursement of expenses no later than the Fee Claim Deadline and (ii) as provided in Section 4.2(b) of the Plan, Professionals have agreed to defer final payment on account of their Professional Fee Claims until after the Secured Creditor has been paid in full.

55.   Payment of Priority Tax Claims.   Pursuant to and in accordance with Section 4.3 of the Plan, each holder of an Allowed Priority Tax Claim shall receive:  "(i) payment in full in Cash, payable in equal Cash installments made on an annual basis, commencing on the Effective Date, in accordance with section 1129(a)(9)(C) of the Bankruptcy Code, over a period not to exceed five (5) years following the Petition Date, plus statutory interest on any outstanding

18

balance from the Effective Date, calculated at the prevailing rate under applicable nonbankruptcy law for each taxing authority and to the extent provided for and by section 511 of the Bankruptcy Code, and in a manner not less favorable than the most favored nonpriority General Unsecured Claim; or (ii) such other treatment as may be agreed upon such holder and the Debtor or Liquidation Trustee."

56.    <u>Payment of Trustee and Other Statutory Fees</u>.    The Debtor or the Liquidation Trustee, as applicable, shall pay all fees payable pursuant to section 1930 of title 28 of the United States Code, in accordance with the terms of the Plan, until such time as the Bankruptcy Court enters an order (a) dismissing the Chapter 11 Case, (b) converting the Chapter 11 Case to a case under chapter 7 of the Bankruptcy Code, or (c) approving a final decree closing the Chapter 11 Case.

57.    <u>Incorporation by Reference</u>.    The Plan is incorporated in full herein by reference.  Failure specifically to include or refer to particular sections or provisions of the Plan or any related agreement in this Confirmation Order shall not diminish the effectiveness of such sections or provisions nor constitute a waiver thereof, it being the intent of the Bankruptcy Court that the Plan be confirmed and such related agreements be approved in their entirety.

58.    <u>Inconsistencies</u>.    To the extent that this Confirmation Order and/or Plan is inconsistent with the Disclosure Statement or any other agreement entered into between the Debtor and any third party, the Plan controls the Disclosure Statement and any such agreements, and the Confirmation Order controls the Plan; *provided, however*, that to the extent the Confirmation Order and/or Plan conflict with the Liquidation Trust Agreement, the Liquidation Trust Agreement shall control.

59.    <u>Non-Severability</u>.  The provisions of the Plan and the Confirmation Order, including the findings of fact and conclusions of law, are non-severable and mutually dependent.

60.    <u>Reference</u>.  The failure specifically to include or reference any particular provision of the Plan or any related document or agreement in this Confirmation Order shall not diminish or impair the efficacy of such provision or related document or agreement, it being the intent of the Bankruptcy Court that the Plan is confirmed in its entirety, the Plan and such related documents or agreements are approved in their entirety, and the Plan is incorporated herein by reference.

61.    <u>Final Order; Authorization to Consummate Plan</u>.  This Confirmation Order is a Final Order and the period in which an appeal must be filed shall commence upon the entry hereof.  Notwithstanding Bankruptcy Rule 3020(e), this Confirmation Order shall take effect immediately upon its entry and the Debtor is authorized to consummate the Plan immediately after entry of this Confirmation Order and the satisfaction or waiver of all other conditions to the Effective Date of the Plan, in accordance with the terms of the Plan.

62.    <u>Substantial Consummation</u>.  The substantial consummation of the Plan, within the meaning of sections 1101 and 1127(b) of the Bankruptcy Code, is deemed to occur on the Effective Date.

63.    <u>Notice of Entry of Confirmation Order</u>.  No later than five business days following the date of entry of this Confirmation Order, the Debtor shall serve notice of the entry of this Confirmation Order pursuant to Bankruptcy Rules 2002(f)(7), 2002(k) and 3020(c) on all holders of Claims and Interests, the U.S. Trustee, and the parties named on the Core/2002 Service List (as defined in the Solicitation Affidavit) maintained in the Chapter 11 Case, by

causing notice substantially in the form attached hereto as Exhibit "B" to be delivered to such parties by first-class mail, postage prepaid.

64.    <u>Notice of Effective Date</u>.    Within five business days following the occurrence of the Effective Date, the Debtor shall file notice of the Effective Date with the Court and serve a copy of such notice on the parties named on the Core/2002 Service List maintained in the Chapter 11 Case.

65.    <u>Enforceable Upon Effective Date</u>.    Pursuant to section 1142(a) of the Bankruptcy Code and the provisions of this Confirmation Order, upon the occurrence of the Effective Date, the Plan shall apply and be enforceable notwithstanding any otherwise applicable nonbankruptcy law.

66.    <u>Continuation of Injunction and Stay</u>.    Unless otherwise provided herein, all injunctions or stays provided for in the Chapter 11 Case pursuant to sections 105 and 362(a) of the Bankruptcy Code, or otherwise, and in existence on the Confirmation Date, shall remain in full force and effect until the Chapter 11 Case is closed, and at such time shall be dissolved and of no further force or effect, subject to the provisions of the Plan and the Confirmation Order, or a combination thereof.

67.    <u>Retention of Jurisdiction</u>.    Notwithstanding the entry of this Confirmation Order or the occurrence of the Effective Date, pursuant to sections 105 and 1142 of the Bankruptcy Code, the Bankruptcy Court shall retain exclusive jurisdiction over all matters arising out of, and related to, the Chapter 11 Case to the fullest extent as is legally permissible.

DATED:    New York, New York
        March 20, 2017

                                    /S/ Shelley C. Chapman
                                    HONORABLE SHELLEY C. CHAPMAN
                                    UNITED STATES BANKRUPTCY JUDGE